

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 4/10/08

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

RECEIVED APR 10 2008 CHAMBERS OF ANDREW J. PECK

Blanche Greenfield
Phone: 212-788-0872
Fax: 212-788-8877
E-mail: bgreenfi@law.nyc.gov

**BY FAX**

April 10, 2008

**MEMO ENDORSED**

*[handwritten endorsement]: Counsel are to appear before me for a conf., 4/11/08, at 10 AM to discuss this motion & to consider whether the Fayer should be corrected.*

BY FACSIMILE
Magistrate Judge Andrew J. Peck
Southern District of New York
500 Pearl Street
New York, NY 10007
(212) 805-0036

SO ORDERED:
[signature]
Hon. Andrew Jay Peck
United States Magistrate Judge

Re: <u>Teachers4Action et al., v. Bloomberg, et al.,</u>
    08 Civ. 0548 (VM) (AJP)

Dear Magistrate Judge Peck,

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for City defendants in the above captioned action. I write to advise the court of a course of action taken by plaintiffs' counsel in this matter that we believe to be improper and further, appears to violate this court's order which stayed all discovery.

    As the Court is aware, by memo endorsed order dated March 25, 2008 your Honor directed that "discovery remains stayed as previously ordered." Your Honor also noted that plaintiffs' right in the administrative hearings could be protected in state court. To date, none of the named plaintiffs identified in the Amended Complaint have moved in state court in connection with their pending administrative proceedings. Rather, it appears as set forth herein that plaintiffs have attempted to subvert and make an end run around your Honor's stay of discovery by serving a third party subpoena for documents concerning Teachers4Action under the guise of a legal proceeding that is not only unrelated to the documents sought in the subpoena but also not authorized by the presiding Justice.

On April 7, 2008, the arbitration on the disciplinary charges against one of the individual plaintiffs herein, Sidney Rubinfeld, was scheduled to proceed before arbitrator Martin Scheinman. Mr. Rubinfeld was present at the hearing as was plaintiffs' counsel herein, Edward Fagan. Mr. Fagan did not however enter an appearance on behalf of Mr. Rubinfeld as counsel in the disciplinary matter. Rather, Mr. Fagan's attendance at the arbitration was for the stated purpose of fielding any questions that might arise about the pending federal action. At the arbitration, Mr. Rubinfeld submitted a letter to arbitrator Scheinman that he apparently filed with the disciplinary committee wherein he accused arbitrator Scheinman, among other things, of bias. Arbitrator Scheinman was asked to recuse himself from the proceeding. When arbitrator Scheinman inquired of Mr. Rubinfeld as to the basis of his claim of bias, Mr. Fagan responded that since the issue of arbitrator bias was the subject of the federal action and that all discovery had been stayed, Mr. Rubinfeld should not answer. When the arbitrator continued to question Mr. Rubinfeld about his claim of bias, Mr. Rubinfeld would not answer other than to say that he was not represented by counsel in the disciplinary matter and that he can't answer.

At that point, Theresa Europe, counsel for the Department of Education ("DOE"), read into the record two e-mails that were sent to her office on Friday April 4, 2008. A copy of the e-mails are annexed hereto as Exhibit "A." The letters, sent by Teachers4Action to its members, describes a "campaign" "to shut down the arbitrators" and to have the plaintiffs in the action pending before your Honor "establish a strong, intimidating presence" at the hearings. The letter advised the plaintiffs to file ethics complaints against not only the arbitrators hearing the disciplinary cases against members of Teachers4Action but also the Department of Education attorneys. Id.

Almost immediately after Ms. Europe read the letters into the record, Mr. Fagan attempted to serve Ms. Europe with a hand written subpoena. At the conclusion of the arbitration session, the subpoena and a ten dollar bill were left on the table for Ms. Europe. A copy of the subpoena is annexed hereto as Exhibit "B." In the subpoena, directed to Ms. Europe, Mr. Fagan seeks production of "all documents related to the communications/emails/faxes received by you after April 3, 2008 and as read on the record at April 7, 2008.[1]"

The subpoena was issued under the caption of a proceeding filed under Index Number 103184/08 in New York Supreme Court by plaintiffs' counsel Edward D. Fagan and Elizabeth Silver Fagan against the E-Accountability Foundation and others for pre-action disclosure and emergency relief. A copy of the sworn petition is annexed hereto as Exhibit "C." Significantly, neither the Department of Education nor the City of New York are named as respondents in that proceeding. Moreover, the petition does not seek any relief as against the DOE or the City of New York. See Exhibit "C" at pages 12-13. The Order issued by Justice Tolub, dated March 17, 2008 annexed hereto as Exhibit "D," does not direct or otherwise authorize pre-action disclosure against the DOE or the City of New York pursuant to CPLR 3102(c).

---

[1] Among other defects, the subpoena does not comply with Civil Practice Law and Rules 2307(a).

2

By letter dated April 9, 2008, Mr. Fagan advised me that he had served a subpoena on Ms. Europe, a copy of which he did not provide to this office, and that he intended to proceed with Ms. Europe's deposition on Monday April 14, 2008[2]. A copy of the letter is annexed hereto as Exhibit "E."

In sum, Mr. Fagan, who did not enter an appearance on behalf of Mr. Rubinfeld in connection with the disciplinary proceeding was not entitled to seek discovery in that proceeding. In addition, the proceeding filed by Mr. Fagan in State Supreme Court for pre-action discovery, and under which caption the subpoena was issued, does not appear to form a basis for pre-action discovery against the DOE for the Teachers4action e-mails requested in the subpoena. Rather, the only judicial proceeding which could form a basis for counsel's request for the Teachers4Action e-mails in the possession of the DOE is the instant action before Your Honor and for which discovery has been stayed. Thus, we believe that counsel's actions are improper.

We wish to discuss this matter at a conference at the court's earliest convenience.

Respectfully,

Blanche Greenfield
Assistant Corporation Counsel

attachments
cc: Edward Fagan by e-mail with attachments
    Justice Walter B. Tolub
        By hand w/attachments

---

[2] While Mr. Fagan asserts in his letter that the e-mails read into the record on April 7, 2008 are privileged as attorney client and work product he fails to set forth any facts to support the assertion of those privileges.

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:  (212) 805-0036

Dated:  April 10, 2008                                 Total Number of Pages:  4

| TO | FAX NUMBER |
|---|---|
| Edward D. Fagan, Esq. | 646-304-6446 |
| Blanche Greenfield, Esq. | 212-788-8877 |
| | |

## TRANSCRIPTION:

**MEMO ENDORSED 4/10/08**

Counsel are to appear before me in Courtroom 20D tomorrow, **4/11/08, at 10 AM** to discuss this matter and to consider whether Mr. Fagan should be sanctioned.

Copy to:   Judge Victor Marrero