# EDWARD D. FAGAN ESQ.
Five Penn Plaza, 23rd Floor, NY, NY 10001, (646) 378-2225
Email: faganlawintl@aim.com (Official Email Address for Court Documents)
Email: faganlaw.teachers@gmail.com (Email Address for *Teachers4Action* Case)

*Via Fax (212) 805-6382 & Hand Delivery*
Honorable Victor Marrero USDJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers 660
New York, NY 10007

April 18, 2008

**MEMO ENDORSED**

Re: *Teachers4Action et al v. Bloomberg et al, 08-cv-548 (VM)(AJP)*

Honorable Judge:

I am counsel for Plaintiffs in the above referenced matter. I write to request an expedited Conference at the Court's earliest convenience the week of April 21 – 25, at which Conference certain emergent issues (as set forth in the accompanying Order to Show Cause and related to injunctive relief and potentially dispositive motions) can be addressed.[1]

This letter, the Request for the Rule 16 Conference and the Relief sought in the accompanying Order to Show Cause is addressed to Your Honor because, among other things, Plaintiffs' application relates to injunctive relief and issues related to potentially dispositive Motions.

### Procedural Status of the Case & Certain Related Issues

Amended Summonses were issued for Defendants United Federation of Teachers ("UFT"), Randi Weingarten ("Weingarten") and Betsy Combier ("Combier") on April 15th and Plaintiffs' Amended Complaint was served on them on April 16th. Affidavits of Service have been filed. With that, all presently named Defendants are before the Court.

The Court should note that Blanche Greenfield Esq., counsel for Defendants Michael Bloomberg, City of New York, Joel Klein and New York City Department of Education (hereinafter "NYC Defendants") are working cooperatively together and we are scheduled to meet next week to discuss certain issues related to Scheduling and Motion practice.

On April 9th NYS Supreme Court Justice Sheila Abdus-Salaam stayed (*Exhibit 1*) a 3020-a hearing of a Teachers4Action member because of her being left without counsel *(as I explained in my March 25th letter – See Exhibit 2)*. On April 15th Justice Abdus-Salaam extended the stay of 3020-a hearings to additional Teachers4Action plaintiffs. *(See Exhibit 3)*. In response to my March 25th letter, Magistrate Judge Peck suggested that any application for stay of 3020-a hearings should be made to the NYS Supreme Court based on Plaintiffs (i) being stripped of their counsel and (ii) being forced into 3020-a hearings without counsel. NYC Defendants have repeatedly stated that if Plaintiffs believe they were entitled to a Stay of 3020-a hearings, such

---

[1] From April 15 to the present, Plaintiffs discussed the issues presented in this application with counsel Blanche Greenfield Esq. and as a courtesy to her agreed to a brief delay in presenting these papers. However, due to events in the last two days and the urgent injunctive and other relief needed, Plaintiffs are compelled to move forward with this application today.

# EDWARD D. FAGAN ESQ.

*Hon. Victor Marrero USDJ – April 18, 2008 Letter – Page 2*
Re:   *Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*

---

applications should be made to the NYS Supreme Court. However, from April 9 to the present NYC Defendant DOE has refused to honor the Stays and is trying to force Plaintiffs into 3020-hearings without counsel. Justice Abdus-Salaam will hear that issue on April 24th.

Defendant DOE's actions are an attempt to deprive them of due process and then retaliate against them for attempting to exercise their constitutionally protected freedoms of speech, assembly and petition the Court for redress or grievances. Defendant DOE's allegedly wrongful acts have increased since April 7th and forced Plaintiffs to file the accompanying Order to Show Cause for Injunctive and Other Relief. Prior to making this application, Plaintiffs sought but were unable to resolve these issues with NYC Defendants counsel. Hence the need for this application.

### Need for Injunctive and Other Relief

The need for Injunctive relief has to do with NYC Defendants Interception and Use of Confidential and Privileged Emails since April 7, 2008.

The relief sought is set forth in the proposed Order to Show Cause includes (i) Sealing the April 3, 2008 Emails (hereinafter the "Intercepted, Confidential and Privileged Documents") that were intercepted from Plaintiff Florian Lewenstein in allegedly violated *18 USC §§ 2511 (1) (a), (c), (d), (e) and (2) (d)*; (ii) Enjoining Defendants from using the "Intercepted, Confidential and Privileged Documents" in this litigation or in any other Court, forum or proceeding; (iii) Enjoining Defendants from sharing, publishing, copying, reproducing and/or allowing the Intercepted, Confidential and Privileged Documents with any other defendant, person or entity; (iv) Compelling Defendants to produce all records related to the Intercepted, Confidential and Privileged Documents; (v) Compelling Defendants to produce phone records, phone logs, memoranda, emails, and other documents disclosing the identities of the persons or entities from which the Intercepted, Confidential and Privileged Documents were shared; (vi) Compelling Defendants to produce phone records, fax logs, memoranda, emails, and other documents confirming the identities of the persons or entities to which the Intercepted, Confidential and Privileged Documents were provided; and (vii) Granting Plaintiffs request for limited discovery of Defendants representatives related to the Intercepted, Confidential and Privileged Documents their receipt, the persons and/or entities from whom/which they were received and to whom/which they were provided.

The injunctive relief and other relief sought is necessary for among other reasons:
  a. to insure that electronic evidence that is lost in the normal course of business, is properly secured;
  b. to protect Plaintiffs from Defendant DOE's continued use of the Intercepted Confidential and Privileged Documents to relatiate against and intimidate Plaintiffs by making them unable to freely communicate with one another thereby depriving them of their freedoms of speech and association;
  c. to prevent NYC Defendants from using the Intercepted Confidential and Privileged Documents to interfere with Plaintiffs right to impartial, objective and unbiased Judge, Arbitrators or other triers of fact;
  d. to prevent NYC Defendants from concealing the identity of the person(s) or entities who/which electronically intercepted the email transmissions in violation of *18 USC §*

# EDWARD D. FAGAN ESQ.

*Hon. Victor Marrero USDJ – April 18, 2008 Letter – Page 3*
*Re:   Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*
-----------

2511 (1) (a), (c), (d), (e) and (2) (d) – whose identity and actions are critical elements Plaintiffs' complaint, may require joinder of additional parties or may be the basis for a partial summary judgment motion related to the liability on certain causes of action against the NYC Defendants, other Defendants and the as yet un-identified Interceptor.

Any delay in granting the requested relief, prejudices Plaintiffs' ability to discover the identity f the person(s) or entity(ies) involved and result in spoliation and/or loss of evidence.

### Alleged Violation of 18 USC §§ 2511

In pertinent part 18 USC §§ 2511 et seq states as follows:

*(1) Except as otherwise specifically provided in this chapter any person who*
  *(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;*
  *(c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral or electronic communication in violation of this subsection;*
  *(d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; or*
  *(e) (i) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication . . .*

*(2) (d) It shall not be unlawful . . . for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or any State.*

The April 3rd Emails were intercepted and are being used for the purpose of committing a tortious act to interfere with Plaintiffs' constitutional due process and other rights. Plaintiffs appear to have valid causes of action (i) against the individual(s) and/or entity(ies) who/which were involved in the original interception of the April 3rd Emails, (ii) against Defendant DOE fo its tortious use of the April 3rd Emails and (iii) against Defendant DOE for conspiring with the undisclosed Interceptor of the Emails.

### Authority for Entry of Confidentiality Order

CPLR 3103 (a) provides in pertinent part ,,*The court may at any time on its own initiative, or on motion of any party or of any person from whom discovery is sought, make a protective order . . to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts*".

The party seeking the confidentiality order should make an initial showing, by a person with knowledge that the data is entitled to and should be protected. *Jackson v. Dow Chem. Co., 214*

# EDWARD D. FAGAN ESQ.

*Hon. Victor Marrero USDJ – April 18, 2008 Letter – Page 4*
*Re:    Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*

A.D.2d 827, 827, 624 N.Y.S.2d 675, 676 (3d Dep't 1995); *Bristol, Litynski, Wojcik, P.C. v. Town of Queensbury*, 166 A.D.2d 772, 773, 562 N.Y.S.2d 976, 977 (3d Dep't 1990).

FRCP 26 (c) provides in pertinent part *"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs".*

As this Court recognized in its 2006 decision in *Viada v. Osaka Health Spa Inc.* 04 Civ. 2744 (VM)(KNF) at page 2 *"... a federal court's power to seal documents takes precedence over [Freedom of Information Act] rules that would otherwise allow those documents to be disclosed." City of Hartford v. Chase, 942 F.2d 130, 135 (2d Cir. 1991) (citations omitted).*

The April 3, 2008 Emails and all documents related to them must be sealed and Defendant DOI must be enjoined from further use of the April 3, 2008 Emails.

### Privilege Attached to April 3, 2008 Emails May Not Be Overcome

As explained in the accompanying Declaration of Florian Lewenstein, President of Plaintiff Teachers4Action and named Plaintiff, The April 3, 2008 Emails are from Plaintiffs to Plaintiffs and counsel and openly discuss, among other to (i) legal strategy, (ii) targeted defendants, (iii) theories of liability, (iv) the Courts to which claims will be made, (v) the timetable of Plaintiffs claims and (vi) other litigation strategies.

As this Court noted in 2005 at pp. 8 – 9 of its decision in *In Re: Natural Gas Commodities Litigation* 03 Civ. 6186 (VM):

> *Pursuant to Fed. R. Civ. P. 26 (b) (3), work product privilege may be overcome upon a showing that the party has substantial need for the requested materials in the preparation of the party's case and that the party is unable to obtain the substantial equivalent of the materials by other means without "undue hardship ... (w)here, as here, the requested documents contain "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative"... the required showing of substantial need is particularly stringent. See United States v. Aldman, 134 F.3d 1194, 1204 (2d Cir. 1998); Madanes v. Madanes, 199 F.R.D. 135, 150 (S.D.N.Y. 2001) ("Opinion work product enjoys a near absolute immunity and can be discovered only in very rare and extraordinary cases ... where weighty consideration of public policy and proper administration of justice would militate against nondiscovery.")*

Such is not the case with regard to the April 3, 2008 Emails.

Contrary to Defendants protestations and suggestions of improper suggestions about actions to be taken by Plaintiffs, the April 3, 2008 Emails do not encourage any type of activity that would cause the April 3, 2008 Emails to lose their privileged status. See *Specialty Minerals v. Pluess-Staufer AG*, 98 Civ. 7775 (VM) *(standards for fraud or crime exceptions to privilege).*

# EDWARD D. FAGAN ESQ.

Hon. Victor Marrero USDJ – April 18, 2008 Letter – Page 5
Re:   Teachers4Action et al v. Bloomberg et al. 08-CV-548 (VM)(AJP)
-------------

Plaintiffs have pointed these facts out to Defendant DOE and its counsel, provided them with a courtesy copy of Your Honor's above decisions and encouraged them to cease using the Intercepted, Confidential and Privileged Emails. Defendant DOE refused.

Over Plaintiffs objections, Defendant DOE has used the Intercepted, Confidential and Privileged emails in mulitiple different 3020-a hearings, provided copies to Arbitrators, filed copies in the New York Supreme Court and tried to file them with this Court. Defendant DOE must be enjoined to prevent them from continuing to use the Intercepted, Confidential and Privileged Emails in their campaign to intimidate Plaintiffs; to interfere with Plaintiffs ability to freely communicate with one another and their counsel and to further corrupt the 3020-a process thereby causing additional due process violations. Defendants must be stopped.

### Requested Relief Promotes *Twombly* Compliance & Reduces Unnecessary Motion Practice

Plaintiffs have already reported to the Court that they need to file a Second Amended Complaint to address (i) additional constitutional and due process issues related to the 3020-a hearings, (ii) interference with arbitrators, (iii) forcing Plaintiffs into 3020-a hearings without counsel and (iv) now issues related to the interception of electronic communications in violation of 18 USC 25 . Plaintiffs are mindful of the standards to be met in the Second Amended Complaint and therefore the limited discovery related to the Intercepted April 3, 2008 emails will insure that causes of action comply with standards set forth in *Bell Atlantic Corp. v Twombly 127 S. Ct. 1955 (2007)*.

Plaintiffs explained that their request for limited discovery related to the April 3rd Intercepted, Confidential and Privileged Emails was to help the parties avoid having to engage in expensive and lengthy discovery and to help the Court avoid unnecessary Motion practice. Defendant DOE refused and appears to be more interested in delays than in the efficient prosecution of this case.

### Conclusion

In view of Defendant DOE's refusal to cooperate with regard to the April 3rd Intercepted, Confidential and Privileged Emails, Plaintiffs are compelled to move forward and request this Court's expedited intervention. Plaintiffs submit that an expedited Rule 16 Conference at which Plaintiffs' Order to Show Cause for Injunctive and Other Relief could be addressed is the only way to prevent further irreparable harm to Plaintiffs. In view of the foregoing, Plaintiffs respectfully request that the Court schedule call such a Conference at its earliest convenience.

Thank you for the Court's consideration.

Respectfully submitted,

/s/ Edward D. Fagan

EDF/lsf
Attachments with hard copy of letter
Cc:   Honorable Andrew J. Peck USMJ – *Via Fax (212) 805-7933*
      Blanche Greenfield Esq. – For NYC Defendants – *Via Fax # (212) 788-0327*
      Charles Moerdler Esq. – For Defendants UFT, Weingarten & Combier – *Via Fax (212) ...*

**BY FAX**

**MEMO ENDORSED** 4/18/08

This "Judge shopping" must stop. Plaintiff's (and Plaintiff's counsel's) attempt to have random judges review Judge Marrero's rulings, etc., must stop. Any further such attempts will result in sanctions being imposed by ME.

SO ORDERED:
Hon. Andrew J. Peck
United States Magistrate Judge

copy faxed to counsel 4/18/08

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT

Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:  (212) 805-0036

**Dated:** April 18, 2008                **Total Number of Pages:** 6

| TO | FAX NUMBER |
|---|---|
| Edward D. Fagan, Esq. | 646-304-6446 |
| Blanche Greenfield, Esq. | 212-788-8877 |
|  |  |

# TRANSCRIPTION:

**MEMO ENDORSED 4/18/08**

The "judge shopping" must stop – this is the second time, and better be the last or sanctions will be imposed. I gave you permission to brief the privilege issue. The sooner you do so, the sooner it will be resolved - <u>by ME</u>.


**Copy to:**   Judge Victor Marrero