# EDWARD D. FAGAN ESQ.

Five Penn Plaza, 23rd Floor, NY, NY  10001, Tel. (646) 378-2225
Email: faganlawintl@aim.com (Official Email Address for Court Documents)
Email : faganlaw.teachers@gmail.com (Email Address for *Teachers4Action* Case)

*Via Fax (212) 805-6382 & Hand Delivery*                    *April 18, 2008*
Honorable Victor Marrero USDJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers 660
New York, NY  10007

   Re:    *Teachers4Action et al v. Bloomberg et al, 08-cv-548 (VM)(AJP)*

Honorable Judge:

I am counsel for Plaintiffs in the above referenced matter.    I write to request an expedited
Conference at the Court's earliest convenience the week of April 21 – 25, at which Conference
certain emergent issues (as set forth in the accompanying Order to Show Cause and related to
injunctive relief and potentially dispositive motions) can be addressed. [1]

This letter, the Request for the Rule 16 Conference and the Relief sought in the accompanying
Order to Show Cause is addressed to Your Honor because, among other things, Plaintiffs'
application relates to injunctive relief and issues related to potentially dispositive Motions.

## Procedural Status of the Case & Certain Related Issues

Amended Summonses were issued for Defendants United Federation of Teachers ("UFT"),
Randi Weingarten ("Weingarten") and Betsy Combier ("Combier") on April 15th and Plaintiffs'
Amended Complaint was served on them on April 16th.  Affidavits of Service have been filed.
With that, all presently named Defendants are before the Court.

The Court should note that Blanche Greenfield Esq., counsel for Defendants Michael
Bloomberg, City of New York, Joel Klein and New York City Department of Education
(hereinafter "NYC Defendants") are working cooperatively together and we are scheduled to
meet next week to discuss certain issues related to Scheduling and Motion practice.

On April 9th NYS Supreme Court Justice Sheila Abdus-Salaam stayed (*Exhibit 1*) a 3020-a
hearing of a Teachers4Action member because of her being left without counsel *(as I explained
in my March 25th letter – See Exhibit 2)*. On April 15th Justice Abdus-Salaam extended the stay
of 3020-a hearings to additional Teachers4Action plaintiffs. *(See Exhibit 3)*.   In response to my
March 25th letter, Magistrate Judge Peck suggested that any application for stay of 3020-a
hearings should be made to the NYS Supreme Court based on Plaintiffs (i) being stripped of their
counsel and (ii) being forced into 3020-a hearings without counsel.  NYC Defendants have
repeatedly stated that if Plaintiffs believe they were entitled to a Stay of 3020-a hearings, such

---

[1] From April 15 to the present, Plaintiffs discussed the issues presented in this application with counsel
Blanche Greenfield Esq. and as a courtesy to her agreed to a brief delay in presenting these papers.
However, due to events in the last two days and the urgent injunctive and other relief needed, Plaintiffs
are compelled to move forward with this application today.

# EDWARD D. FAGAN ESQ.

*Hon. Victor Marrero USDJ – April 18, 2008 Letter – Page 2*
*Re:    Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*
-------------

applications should be made to the NYS Supreme Court. However, from April 9 to the present, NYC Defendant DOE has refused to honor the Stays and is trying to force Plaintiffs into 3020-a hearings without counsel.    Justice Abdus-Salaam will hear that issue on April 24th .

Defendant DOE's actions are an attempt to deprive them of due process and then retaliate against them for attempting to exercise their constitutionally protected freedoms of speech, assembly and petition the Court for redress or grievances.    Defendant DOE's allegedly wrongful acts have increased since April 7th and forced Plaintiffs to file the accompanying Order to Show Cause for Injunctive and Other Relief.    Prior to making this application, Plaintiffs sought but were unable to resolve these issues with NYC Defendants counsel. Hence the need for this application.

## Need for Injunctive and Other Relief

The need for Injunctive relief has to do with NYC Defendants Interception and Use of Confidential and Privileged Emails since April 7, 2008.

The relief sought is set forth in the proposed Order to Show Cause includes (i) Sealing the April 3, 2008 Emails (hereinafter the "Intercepted, Confidential and Privileged Documents") that were intercepted from Plaintiff Florian Lewenstein in allegedly violated *18 USC §§ 2511 (1) (a), (c ), (d), (e) and (2) (d);* (ii) Enjoining Defendants from using the "Intercepted, Confidential and Privileged Documents" in this litigation or in any other Court, forum or proceeding; (iii) Enjoining Defendants from sharing, publishing, copying, reproducing and/or allowing the Intercepted, Confidential and Privileged Documents with any other defendant, person or entity; (iv) Compelling Defendants to produce all records related to the Intercepted, Confidential and Privileged Documents; (v) Compelling Defendants to produce phone records, phone logs, memoranda, emails, and other documents disclosing the identities of the persons or entities from which the Intercepted, Confidential and Privileged Documents were shared; (vi) Compelling Defendants to produce phone records, fax logs, memoranda, emails, and other documents confirming the identities of the persons or entities to which the Intercepted, Confidential and Privileged Documents were provided; and (vii) Granting Plaintiffs request for limited discovery of Defendants representatives related to the Intercepted, Confidential and Privileged Documents, their receipt, the persons and/or entities from whom/which they were received and to whom/which they were provided.

The injunctive relief and other relief sought is necessary for among other reasons:
   a.  to insure that electronic evidence that is lost in the normal course of business, is properly secured;
   b.  to protect Plaintiffs from Defendant DOE's continued use of the Intercepted Confidential and Privileged Documents to relatiate against and intimidate Plaintiffs by making them unable to freely communicate with one another thereby depriving them of their freedoms of speech and association;
   c.  to prevent NYC Defendants from using the Intercepted Confidential and Privileged Documents to interfere with Plaintiffs right to impartial, objective and unbiased Judge, Arbitrators or other triers of fact;
   d.  to prevent NYC Defendants from concealing the identity of the person(s) or entities who/which electronically intercepted the email transmissions in violation of *18 USC §*

# EDWARD D. FAGAN ESQ.

*Hon. Victor Marrero USDJ – April 18, 2008 Letter – Page 3*
*Re:    Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*
-------------

2511 (1) (a), (c ), (d), (e) and (2) (d) – whose identity and actions are critical elements to Plaintiffs complaint, may require joinder of additional parties or may be the basis for a partial summary judgment motion related to the liability on certain causes of action against the NYC Defendants, other Defendants and the as yet un-identified Interceptor.

Any delay in granting the requested relief, prejudices Plaintiffs' ability to discover the identity of the person(s) or entity(ies) involved and result in spoliation and/or loss of evidence.

## Alleged Violation of 18 USC §§ 2511

In pertinent part, 18 USC §§ 2511 et seq states as follows:

*(1) Except as otherwise specifically provided in this chapter any person who*
    *(a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication;*
    *(c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;*
    *(d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; or*
    *(e) (i) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication . . .*

*(2) (d) It shall not be unlawful . . . for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or any State.*

The April 3rd Emails were intercepted and are being used for the purpose of committing a tortious act to interfere with Plaintiffs' constitutional due process and other rights. Plaintiffs appear to have valid causes of action (i) against the individual(s) and/or entity(ies) who/which were involved in the original interception of the April 3rd Emails, (ii) against Defendant DOE for its tortious use of the April 3rd Emails and (iii) against Defendant DOE for conspiring with the undisclosed Interceptor of the Emails.

## Authority for Entry of Confidentiality Order

CPLR 3103 (a) provides in pertinent part „*The court may at any time on its own initiative, or on motion of any party or of any person from whom discovery is sought, make a protective order . . . to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts*".

The party seeking the confidentiality order should make an initial showing, by a person with knowledge that the data is entitled to and should be protected. *Jackson v. Dow Chem. Co., 214*

# EDWARD D. FAGAN ESQ.

Hon. Victor Marrero USDJ – April 18, 2008 Letter – Page 4
Re:     *Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*
-------------

*A.D.2d 827, 827, 624 N.Y.S.2d 675, 676 (3d Dep't 1995); Bristol, Litynski, Wojcik, P.C. v. Town of Queensbury, 166 A.D.2d 772, 773, 562 N.Y.S.2d 976, 977 (3d Dep't 1990).*

FRCP 26 (c) provides in pertinent part *"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs".*

As this Court recognized in its 2006 decision in *Viada v. Osaka Health Spa Inc. 04 Civ. 2744 (VM)(KNF)* at page 2 *". . . a federal court's power to seal documents takes precedence over [Freedom of Information Act] rules that would otherwise allow those documents to be disclosed." City of Hartford v. Chase, 942 F.2d 130, 135 (2d Cir. 1991) (citations omitted).*

The April 3, 2008 Emails and all documents related to them must be sealed and Defendant DOE must be enjoined from further use of the April 3, 2008 Emails.

### Privilege Attached to April 3, 2008 Emails May Not Be Overcome

As explained in the accompanying Declaration of Florian Lewenstein, President of Plaintiff Teachers4Action and named Plaintiff, The April 3, 2008 Emails are from Plaintiffs to Plaintiffs and counsel and openly discuss, among other to (i) legal strategy, (ii) targeted defendants, (iii) theories of liability, (iv) the Courts to which claims will be made, (v) the timetable of Plaintiffs claims and (vi) other litigation strategies.

As this Court noted in 2005 at pp. 8 – 9 of its decision in *In Re: Natural Gas Commodities Litigation 03 Civ. 6186 (VM)*:

> *Pursuant to Fed. R. Civ. P. 26 (b) (3), work product privilege may be overcome upon a showing that the party has substantial need for the requested materials in the preparation of the party's case and that the party is unable to obtain the substantial equivalent of the materials by other means without "undue hardship . . . (w)here, as here, the requested documents contain "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative" . . . the required showing of substantial need is particularly stringent. See United States v. Aldman, 134 F.3d 1194, 1204 (2d Cir. 1998); Madanes v. Madanes, 199 F.R.D. 135, 150 (S.D.N.Y. 2001) ("Opinion work product enjoys a near absolute immunity and can be discovered only in very rare and extraordinary cases . . . where weighty consideration of public policy and proper administration of justice would militate against nondiscovery.")*

Such is not the case with regard to the April 3, 2008 Emails.

Contrary to Defendants protestations and suggestions of improper suggestions about actions to be taken by Plaintiffs, the April 3, 2008 Emails do not encourage any type of activity that would cause the April 3, 2008 Emails to lose their privileged status. See *Specialty Minerals v. Pluess-Staufer AG, 98 Civ 7775 (VM) (standards for fraud or crime exceptions to privilege).*

# EDWARD D. FAGAN ESQ.

*Hon. Victor Marrero USDJ – April 18, 2008 Letter – Page 5*
*Re:     Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*
------------

Plaintiffs have pointed these facts out to Defendant DOE and its counsel, provided them with a courtesy copy of Your Honor's above decisions and encouraged them to cease using the Intercepted, Confidential and Privileged Emails. Defendant DOE refused.

Over Plaintiffs objections, Defendant DOE has used the Intercepted, Confidential and Privileged emails in mulitiple different 3020-a hearings, provided copies to Arbitrators, filed copies in the New York Supreme Court and tried to file them with this Court. Defendant DOE must be enjoined to prevent them from continuing to use the Intercepted, Confidential and Privileged Emails in their campaign to intimidate Plaintiffs; to interfere with Plaintiffs ability to freely communicate with one another and their counsel and to further corrupt the 3020-a process thereby causing additional due process violations.   Defendants must be stopped.

**Requested Relief Promotes *Twombly* Compliance & Reduces Unnecessary Motion Practice**
Plaintiffs have already reported to the Court that they need to file a Second Amended Complaint to address (i) additional constitutional and due process issues related to the 3020-a hearings, (ii) interference with arbitrators, (iii) forcing Plaintiffs into 3020-a hearings without counsel and (iv) now issues related to the interception of electronic communications in violation of 18 USC 25 11. Plaintiffs are mindful of the standards to be met in the Second Amended Complaint and therefore the limited discovery related to the Intercepted April 3, 2008 emails will insure that causes of action comply with standards set forth in *Bell Atlantic Corp. v Twombly 127 S. Ct. 1955 (2007)*.

Plaintiffs explained that their request for limited discovery related to the April 3rd Intercepted, Confidential and Privileged Emails was to help the parties avoid having to engage in expensive and lengthy discovery and to help the Court avoid unnecessary Motion practice. Defendant DOE refused and appears to be more interested in delays than in the efficient prosecution of this case.

**Conclusion**
In view of Defendant DOE's refusal to cooperate with regard to the April 3rd Intercepted, Confidential and Privileged Emails, Plaintiffs are compelled to move forward and request this Court's expedited intervention.   Plaintiffs submit that an expedited Rule 16 Conference at which Plaintiffs' Order to Show Cause for Injunctive and Other Relief could be addressed is the only way to prevent further irreparable harm to Plaintiffs.   In view of the foregoing, Plaintiffs respectfully request that the Court schedule call such a Conference at its earliest convenience.

Thank you for the Court's consideration.

Respectfully submitted,

Edward D. Fagan

EDF/lsf
Attachments with hard copy of letter
Cc:    Honorable Andrew J. Peck USMJ – *Via Fax (212) 805-7933*
       Blanche Greenfield Esq. – For NYC Defendants - *Via Fax # (212) 788-0327*
       Charles Moerdler Esq. – For Defendants UFT, Weingarten & Combier – *Via Fax (212) 806-6006*

**HON. SHEILA ABDUS-SALAAM**
NEW YORK STATE SUPREME COURT
NEW YORK COUNTY

At I.A.S. Part 13 of the
Supreme Court of the State of New
York, held in and for County of
New York at the County
House, on the 15th day of
April 2008

Present:
**SHEILA ABDUS-SALAA**
Justice

----------------------------------------

TEACHERS4ACTION, ON BEHALF OF
    DAVID BERKOWITZ
    ROSELYNE GISORS,
    LISA HAYES
    SIDNEY RUBINFELD,
    PAUL SANTUCCI,
    MICHAEL WESTBAY, and
    MAURICIO ZAPATA

                **PETITIONERS**

V.

NEW YORK CITY DEPARTMENT OF EDUCATION,
                **RESPONDENT**

----------------------------------------

INDEX NO.

NEW YORK
COUNTY CLERKS OFFICE

APR 14 2008

NOT COMPARED
WITH COPY FILE

**ORDER TO
SHOW CAUSE**

Index No. 2008
105304/0

**UPON** reading and filing the annexed April 14, 2008 Verified Petitions and the annexed exhibits thereto, and upon all the pleadings and proceedings heretofore had:

    **IT IS HEREBY ORDERED** that Respondent or its attorney show cause before me or one of the Judges of this Court at IAS Part 13, Room 305 to be held at the courthouse located at 71 Thomas Street, New York, New York on April 24, 2008 at NOON or as soon thereafter as counsel can be heard, why an Order should not be made:

    Staying Petitioners' Education Law '3020-a arbitration hearing pending the determination of this application in which the Petitioners are respectfully requesting that the NYC Department of Education be enjoined from proceeding with the 3020-a hearings for the Petitioners until they are represented by competent counsel paid for or arranged by the United Federation of Teachers (which has been the past practice for many years).

# Exhibit 1

~~THE WITHIN RELIEF HAS NEVER BEEN PREVIOUSLY REQUESTED BY~~

~~PETITIONERS to this or any other Court.[1]~~

SUFFICIENT CAUSE THEREFORE BEING ALLEGED, let *personal* service pursuant to the

CPLR of a copy of this Order together with the papers upon which it is granted ~~along with service of~~

~~the complaint~~ upon the Respondents on or before ~~5/1/1~~ on the 15th of April 2008 be deemed good

and sufficient service and. it is further ordered that *if necessary a briefing*

*schedule* will be *imposed* ~~at the~~ *the* April 24th ~~return~~

*date.* ~~at are to serve any opposition papers to this Petition and file and serve with the IAS Part 13 of the~~

~~Court. and to the Petitioners on or before April ___ 2008.~~

~~Reply papers. If any, are to be served and filed with Part 13 of the Court on or before~~

~~April ___ 2008.~~

Oral Argument directed:

*SA-S*

Hon. Sheila Abdus-Salaam. J.S.C

ENTER:

*SA-S*

~~Hon. Sheila Abdus-Salaam~~    ~~J.S.C.~~
~~Justice of the Supreme Court of New York~~

## HON. SHEILA ABDUS-SALAAM

[1]    As set forth in the Petition. Teachers4Action member Gloria Chavez applied for. Respondents objected to and on April 9, 2008. this Court has granted a temporary stay until April 24, 2008. which is the same relief Petitioners seek. A request for a Conference at which potential injunctive relief related to the 3020-a hearings was made in the action entitled Teachers4Action et al v. Bloomberg et al 08-cv-548 (VM) and Petitioners were directed to make their application to NY State Court. Continuing the 3020-a hearings without counsel prejudices the 3020-a hearings themselves. Petitioners merely request a stay until appropriate substitute counsel is appointed and allowed to prepare to defend Petitioners in said 3020-a hearings. The Petitioner does not request permanent injunction of 3020-a hearings.

# EDWARD D. FAGAN ESQ.

**Five Penn Plaza, 23rd Floor, NY, NY 10001, Tel. (646) 378-2225**
Email: faganlawintl@aim.com (Official Email Address for Court Documents)
Email : faganlaw.teachers@gmail.com (Email Address for *Teachers4Action* Case)

*March 25, 2008*

*Via Fax (212) 805-6382*
Honorable Victor Marrero USDJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers 660
New York, NY 10007

Re:   *Teachers4Action et al v. Bloomberg et al, 08-cv-548 (VM)(AJP)*

Honorable Judge:

I am counsel for Plaintiffs in the above referenced matter.   Plaintiffs' Amended Complaint has been filed and served on Blanche Greenfield Esq., counsel for Defendants Michael Bloomberg, City of New York, Joel Klein and New York City Department of Education (hereinafter "NYC Defendants"). [1]

NYC Defendants' counsel Greenfield and I are working cooperatively together to prepare a Proposed Scheduling Order at the Court's Initial Conference, whenever it can be scheduled.

This letter is written because, notwithstanding the cooperation between NYC Defendants' counsel and me, in the last days, certain retaliatory actions have been taken by NYC Defendants, that we respectfully submit require the Court's emergent attention.

Briefly, the retaliatory actions have now taken the form of scheduling and attempting to move Administrative Hearings ("The State Hearings") forward against Plaintiffs in this action.   The Plaintiffs are now being forced to defend themselves in The State Hearings before arbitrators who we submit are conflicted, biased or have been improperly designated.   In The State Hearings, the punishments that Plaintiffs face include ruinous fines, defamatory comments in their files and possible termination.

As if that were not enough, because of their participation as Plaintiffs in this lawsuit, Plaintiffs have been stripped of their appointed counsel [2] in The State Hearings.  In the last few days, Plaintiffs appointed counsel started to send letters announcing withdrawal as their counsel.  This withdrawal by appointed counsel in The State Hearings, was unilateral, without Plaintiffs' consent and without prior notice, approval or appropriate Court Order.  Plaintiffs submit it is a further violation of their rights.

---

[1] Amended Summonses for service of the Amended Complaint on the additional Defendants named in the Amended Complaint are being submitted separately.

[2] Appointed Counsel in The State Hearings is provided by New York State United Teachers, the parent to Defendant United Federation of Teachers, and is paid for by Defendant United Federation of Teachers.  Counsel of record for the plaintiffs (designated as respondents in The State Hearings) is James Sandner Esq.


Exhibit 2

# EDWARD D. FAGAN ESQ.

*Hon. Victor Marrero USDJ – March 25, 2008 Letter – Page 2*
*Re:   Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*

---------------

Plaintiffs are being forced to defend themselves in The State Hearings, without counsel, and with Arbitrators who Plaintiffs submit are conflicted, biased or improperly designated.

Plaintiffs submit that The State Hearings, as certain Defendants, now seek to have them move forward, violate their due process and other constitutionally protected rights and merit the Court's emergent attention.

This morning Blanche Greenfield Esq. (counsel for the New York City Defendants) and I are conducting our Rule 26 Conference. The issue of emergent relief and the need to get back into Court on an expedited basis – pending the Court's availability – has already been raised.

The issue of Emergent Relief related to The State Hearings is raised in this letter because (despite objections) hearings are about to be started today against Plaintiffs (Paul Santucci and Gloria Chavez) and other hearings are scheduled for later this week and next week.

Plaintiffs respectfully submit that a Rule 16 Conference at which Plaintiffs' Request for Emergent Relief and Preliminary Injunction could be address by the Court in a way to prevent further irreparable harm to Plaintiffs.

In view of the foregoing, Plaintiffs respectfully request that the Court call such a Conference at its earliest convenience.

Thank you for the Court's consideration.

Respectfully submitted,

*[signature]*

Edward D. Fagan

Cc:     *Via Fax (212) 805-7933*
        Honorable Andrew J. Peck USMJ
        United States District Court
        Southern District of New York
        500 Pearl Street, Chambers
        New York, NY   10007

        Blanche Greenfield Esq. –      Counsel for NYC Defendants - Via Fax
        Charles Moerdler Esq. –        Counsel for Defendants Weingarten & United Federation
                                       of Teachers – Via Fax

        James Sandner Esq.   -         NYSUT – Via Fax

The parties are directed to address the matter set forth above to Magistrate Judge *Andrew Peck* to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement.

**SO ORDERED.**

3-25-08
Date

*[signature]*
**VICTOR MARRERO, U.S.D.J.**

**HON. SHEILA ABDUS-SALAAM**

NEW YORK STATE SUPREME COURT
NEW YORK COUNTY

--------------------------------------------------

TEACHERS4ACTION, ON BEHALF OF
    DAVID BERKOWITZ
    ROSELYNE GISORS,
    LISA HAYES
    SIDNEY RUBINFELD,
    PAUL SANTUCCI,
    MICHAEL WESTBAY, and
    MAURICIO ZAPATA

                       **PETITIONERS**

V.

NEW YORK CITY DEPARTMENT OF EDUCATION.
                    **RESPONDENT**

--------------------------------------------------

At I.A.S. Part 13 of the Supreme Court of the State of New York, held in and for the county of New York, at the Court House, on the 19th day of April 2008

INDEX NO.

Present: SHEILA ABDUS-SALA

Hon. Justice

NEW YORK
COUNTY CLERK'S OFFICE

APR 14 2008

NOT COMPARED
WITH COPY FILE

**ORDER TO
SHOW CAUSE**

Index No. 105304/0

     **UPON** reading and filing the annexed April 14. 2008 Verified Petitions and the annexed exhibits thereto. and upon all the pleadings and proceedings heretofore had:

     **IT IS HEREBY ORDERED** that Respondent or its attorney show cause before me or one of the Justices of this Court at IAS Part 13. Room 305 to be held at the courthouse located at 71 Thomas Street. New York. New York on April 24. 2008 at Noon or as soon thereafter as counsel can be heard. why an Order should not be made:

     Staying Petitioners' Education Law '3020-a arbitration hearing pending the determination of this application in which the Petitioners are respectfully requesting that the NYC Department of Education be enjoined from proceeding with the 3020-a hearings for the Petitioners until they are represented by competent counsel paid for or arranged by the United Federation of Teachers (which has been the past practice for many years).

# Exhibit 3

~~THE WITHIN RELIEF HAS NEVER BEEN PREVIOUSLY REQUESTED BY~~

~~PETITIONERS to this or any other Court.~~

SUFFICIENT CAUSE THEREFORE BEING ALLEGED, let *issued* service pursuant to the

CPLR of a copy of this Order together with the papers upon which it is granted ~~along with service of~~

~~the complaint,~~ upon the Respondents on or before ~~5/21/1~~ on the 15th of April 2008 be deemed good

and sufficient service and, it is further ordered that *if necessary a briefing schedule will be imposed* ~~the attorneys for the Department of Education~~ at the April 24th return date ~~at~~ ~~are to serve any opposition papers to this Petition, and file and serve with the IAS Part 13 of the~~ ~~Court, and to the Petitioners on or before April ___, 2008.~~

~~Reply papers, if any, are to be served and filed with Part 13 of the Court on or before~~ ~~April ___, 2008.~~

Oral Argument directed:

SA-S

Hon. Sheila Abdus-Salaam, J.S.C

ENTER:

SA-S

~~Hon. Sheila Abdus-Salaam~~  J.S.C.
~~Justice of the Supreme Court of New York~~

**HON. SHEILA ABDUS-SALAAM**

As set forth in the Petition, Teachers4Action member Gloria Chavez applied for. Respondents objected to and on April 9, 2008, this Court has granted a temporary stay until April 24, 2008, which is the same relief Petitioners seek. A request for a Conference at which potential injunctive relief related to the 3020-a hearings was made in the action entitled Teachers4Action et al v. Bloomberg et al 08-cv-548 (VM) and Petitioners were directed to make their application to NY State Court. Continuing the 3020-a hearings without substitute counsel prejudices the 3020-a hearings themselves. Petitioners merely request a stay until appropriate substitute counsel is appointed and allowed to prepare to defend Petitioners in said 3020-a hearings. The Petitioner does not request permanent injunction of 3020-a hearings.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

Teachers4Action et al,                    :

                  **Plaintiffs**    :    CIVIL ACTION #

                                  :    08-CV-548 (VM)

    -  vs -                                   :

                                    :

Michael Bloomberg, et al,                :

              **Defendants.**  :

------------------------------------------------------------X

=================================================================

## ORDER TO SHOW CAUSE FOR INJUNCTIVE AND OTHER RELIEF

=================================================================

**THIS MATTER HAVING COME BEFORE THE COURT** upon the annexed April

15, 2008 Affidavit of Florian Lewenstein, setting forth the need for emergent relief and for good

cause having been shown:

Let Defendants Joel Klein ("Klein") and Department of Education ("DOE") or its/their

counsel show cause before the Honorable Victor Marrero USDJ, located at United States District

Court, for the Southern District of New York, 500 Pearl Street, Courtroom 20-B, New York,

New York 10007 at a date and time to be set by this Court, so that counsel can be heard, why

Plaintiffs should not be entitled to an Order, including the following relief:

1. Enjoining Defendants Klein and DOE from publication, distribution and use of the April

   3, 2008 Emails (hereinafter the "Intercepted, Confidential and Privileged Documents")

   that were intercepted in violation of, among other things,

1

a. 18 U.S.C. §§ 2511 (1) (a) - *(intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication);*

b. 18 USC § 2511 (1) (c) *(intentionally disclosing, or endeavoring to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection)* ;

c. 18 USC § 2511 (1) (d) *(intentionally using, or endeavoring to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection)* ;

d. 18 U.S.C. §§ 2511 (1) (e) (i) – *(intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication)*

e. 18 USC § 2511 (2) (d) *(unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception (where) such*

2

*communication is intercepted for the purpose of committing . . . (a) tortious act in violation of the Constitution or laws of the United States or of any State) ;*

2.  Enjoining Defendants Klein and DOE from publication, distribution and use of the "Intercepted, Confidential and Privileged Documents" in this litigation or in any other Court, forum or proceeding in violation of 18 U.S.C. §§ 2511 (1) (a), (c), (d), (e) (i) and (2) (d);

3.  Enjoining Defendants Klein and DOE from sharing, publishing, copying, reproducing and/or allowing the Intercepted, Confidential and Privileged Documents to be shared with any other defendant, person or entity;

4.  Compelling Defendants Klein and DOE to produce all records related to the Intercepted, Confidential and Privileged Documents;

5.  Compelling Defendants Klein and DOE to produce phone records, phone logs, fax logs, memoranda, emails, and other documents disclosing the identities of the persons or entities from which the Intercepted, Confidential and Privileged Documents were shared;

6.  Compelling Defendants Klein and DOE to produce phone records, phone logs, fax logs, memoranda, emails, and other documents confirming the identities of the persons or entities to which the Intercepted, Confidential and Privileged Documents were provided; and

7. Granting Plaintiffs request for limited discovery of Defendants Klein and DOE representatives related to the Intercepted, Confidential and Privileged Documents, their receipt, the persons and/or entities from whom/which they were received and to whom/which they were provided.

**SUFFICIENT CAUSE** being alleged therefore:

**IT IS FURTHER ORDERED,** that Defendants NYC, Bloomberg, Klein and DOE shall serve any papers in opposition to this Order to Show Cause, upon Plaintiff at 5 Penn Plaza, 23rd Floor, New York, NY  10001 on or before 5 pm April ____, 2008; and

**IT IS FURTHER ORDERED**, that Plaintiffs shall serve any reply papers in support of this Order to Show Cause, upon Defendants at their below listed addresses on or before 5 pm April _____ , 2008; and

**IT IS FURTHER ORDERED** that service of this Order and supporting papers shall be made on or before April _____, 2008 upon Defendants counsel Blanche Greenfield Esq., NYC Law Department, 100 Church Street, 4th Floor, NY, NY and all parties in this action.

**ORDERED**:

Dated: _____          _____
                                                Hon. Victor Marrero, USDJ

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
Teachers4Action et al,                              :
                       **Plaintiffs**  :     **CIVIL ACTION #**
                                       :     **08-CV-548 (VM)**

   -  **vs -**                          :

Michael Bloomberg, et al,                          :
                        **Defendants.**  :
---------------------------------------------------------------X

=====================================================

## DECLARATION OF FLORIAN LEWENSTEIN IN SUPPORT OF ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, SEALING AND OTHER RELIEF

=====================================================

Florian Lewenstein, hereby declares and says:

### Introduction

1. I am a Plaintiff in this action and I make this Declaration in Support of Plaintiffs' Motion

   for an Order:

    a. Enjoining Defendants Klein and DOE from publication, distribution and use of

       the April 3, 2008 Emails (hereinafter the "Intercepted, Confidential and Privileged

       Documents") that were intercepted in violation of, among other things,

          i. 18 U.S.C. §§ 2511 (1) (b) (*intentional use, endeavor to use, or procuring*

             *other person to use or endeavor to use any electronic, mechanical, or*

             *other device to intercept any oral communication*) ;

          ii. 18 USC § 2511 (1) (c) (*intentionally disclosing, or endeavoring to*

             *disclose, to any other person the contents of any wire, oral, or electronic*

             *communication, knowing or having reason to know that the information*

*was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection)* ;

iii.   18 USC § 2511 (1) (d) *(intentionally using, or endeavoring to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection)* ; and

iv.   18 USC § 2511 (2) (d) *(unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception (where) such communication is intercepted for the purpose of committing . . . (a) tortious act in violation of the Constitution or laws of the United States or of any State)* ;

b.   Sealing the "Intercepted, Confidential and Privileged Documents" that were intercepted from me and which are protected by Attorney Client Privilege, Attorney Work Product, and 18 U.S.C. §§ 2511 (1) (b) (c) (d) and (2) (d);

c.   Enjoining Defendants from using the "Intercepted, Confidential and Privileged Documents" in this litigation or in any other Court, forum or proceeding;

d.   Enjoining Defendants from sharing, publishing, copying, reproducing and/or allowing the Intercepted, Confidential and Privileged Documents to be shared with any other defendant, person or entity;

e.   Compelling Defendants to produce all records related to the Intercepted, Confidential and Privileged Documents;

    f.   Compelling Defendants to produce phone records, phone logs, fax logs, memoranda, emails, and other documents disclosing the identities of the persons or entities from which the Intercepted, Confidential and Privileged Documents were shared;

    g.   Compelling Defendants to produce phone records, fax logs, memoranda, emails, and other documents confirming the identities of the persons or entities to which the Intercepted, Confidential and Privileged Documents were provided; and

    h.   Granting Plaintiffs request for limited discovery of Defendants representatives related to the Intercepted, Confidential and Privileged Documents, their receipt, the persons and/or entities from whom/which they were received and to whom/which they were provided.

2.  With this application, Plaintiff is submitting the Intercepted, Confidential and Privileged Document – for the Court's *in camera* inspection. *See Exhibit 1.* [1]

---

[1] By letter of April 10, 2008, Defendants Michael Bloomberg ("Bloomberg"), City of New York ("City"), Joel Klein ("Klein") and New York City Department of Education ("DOE") provided a copy of the document to the Hon. Andrew J. Peck USMJ for the Court's consideration. At the April 11, 2008 Hearing, Plaintiffs informed the Court that they would be making an application for relief related to the Intercepted, Privileged and Confidential Document. Plaintiffs believe this application belongs before the Hon. Victor Marrero because of the nature of injunctive and other relief sought and certain other issues related to the manner in which the Magistrate Judge has (i) addressed certain aspects and/or pre-judged Plaintiffs' prior requests, (ii) misconstrued the nature of relief requested, (iii) misunderstood the causes of action of the Amended Complaint, and (iv) other issues that have affected this case since its filing on January 21, 2008 and which suggest potential bias and/or prejudice by Magistrate Judge Peck, for which a Declaration of Bias is being prepared. However, those issues can and will be fully presented to the Court in a separate filing after the April 11, 2008 Conference transcript is available.

- - - - - - - - - - - -

### Relevant Facts

3.  I am the president of Plaintiff Teachers4Action and I am the author of the April 3, 2008 Emails, intercepted and being used – without permission, authority or color of law – by Defendant DOE, in this case, in the 3020-a administrative hearings, and as a means to frighten, intimidate and interfere with our constitutional rights.

4.  Defendant DOE is also using the Intercepted, Confidential and Privileged Documents, among other things, in an attempt to retaliate against us and interfere with our freedom of speech.

5.  Since April 7, 2008, Plaintiffs have tried to stop Defendants from using the Intercepted, Confidential and Privileged Documents, against Plaintiffs in this action, in NYS Courts, in administrative hearings and as a means to further interfere with our rights.

6.  Defendants have refused to comply with our requests and the Intercepted, Confidential and Privileged Documents are being used against us and are causing, and threaten to continue to cause, irreparable harm, injury and prejudice.

7.  I am a New York City public school teacher in my eleventh year of service.

8.  I have attended Court at every session and have assisted counsel in the prior letter submissions describing the acts by Defendants. Defendant DOE's actions have now risen – or stooped to a new low – in which Defendant DOE and other persons whose identities are hidden from us are using the Intercepted, Confidential and Privileged Documents to interfere in our due process rights, our constitutional freedoms, our livelihoods and our claims in this case.

- - - - - - - - - - - -

### April 3, 2008 Email is Absolutely Protected

9.  The Intercepted, Confidential and Privileged Documents were written by me and sent to my private email account, with blind copies to counsel and the Plaintiffs in this action. To the best of my knowledge, the privilege attached to the Intercepted, Confidential and Privileged Documents was not broken.

10. The Intercepted, Confidential and Privileged Documents disclosed a strategy that I proposed to and discussed with counsel, thus rendering it Attorney Work Product.

11. The use of the Intercepted, Confidential and Privileged Documents by Defendant DOE to interfere in our due process rights, our constitutional freedoms, our livelihoods and our claims in this case constitutes a violation of 18 U.S.C. § 2511 (1) (b) (c) (d) and (2) (d).

12. The Intercepted, Confidential and Privileged Documents (i) relate to this action, (ii) discuss legal strategies for this action and other actions in State Courts and administrative hearings, (iii) enumerate other confidential strategies, (iv) disclose targeted parties and actions to be taken, (v) the basis for some of our strategies and (vi) contain other confidential and privileged information related to our claims, defenses and strategies.

13. To my knowledge, at no time did Plaintiffs ever waive the Confidential or Privileged nature or the Intercepted, Confidential and Privileged Documents between myself, Plaintiffs and counsel.

14. Since this case began, Defendant DOE's retaliation against us has taken many forms; however, the interception and unauthorized use of our Intercepted, Confidential and Privileged Documents is perhaps the most outrageous.

15. The fact that the Defendant DOE and its representatives had the Intercepted, Confidential and Privileged Documents was discovered on April 7, 2008 at an administrative hearing involving one of our Teachers4Action members, plaintiff Sidney Rubinfeld.

---

16. At that hearing, Defendant DOE Senior Counsel Theresa Europe disclosed that she was in possession of two Emails that she claimed had been sent to her by an "anonymous fax".[2] *See Exhibits 1 & 2 – Submitted for the Court's in camera inspection only (hereinafter "Intercepted, Confidential and Privileged Documents").*

17. Plaintiffs immediately objected to Defendant DOE's possession and use of the Intercepted, Confidential and Privileged Documents. Defendant DOE and the arbitrator were noticed that any use of the Intercepted, Confidential and Privileged Documents would be in violation of a NYS Supreme Court Order in a related matter, Edward Fagan et al vs. E-Accountability Foundation, Inc. et al. Defendant DOE and the arbitrator refused to cease and desist, and the Intercepted, Confidential and Privileged Documents were read into the record and marked as exhibits.

18. I have been informed that in the last week, and over Plaintiffs objections, Defendant DOE has used and continues to use the Intercepted, Confidential and Privileged Documents in the 3020-a administrative hearings of Plaintiffs (Gloria Chavez, Paul Santucci, Michael Westbay, Mauricio Zapata and others), and in other ways, to try to interfere with our claims and rights.

19. The Intercepted, Confidential and Privileged Documents were illegally obtained and are being unlawfully used to interfere with our rights and our cases.

20. Despite repeated requests to identify the source of the Intercepted, Confidential and Privileged Documents, to whom copies of the Intercepted, Confidential and Privileged Documents were provided, and to preserve all information related to the Intercepted,

---

[2]  As the Court knows, there is no such thing as anonymous faxes these days – they can always be traced. Also, if the transmission was truly anonymous, then Ms. Europe may not have been the intended recipient and as such she unlawfully intercepted the transmission. No matter what, there are violations of the CPLR and other rules which I shall leave to be addressed by our counsel Mr. Fagan.

Confidential and Privileged Documents, Defendant DOE has refused and continues to refuse to cooperate and to disclose this information.

21. Defendant DOE has notes and/or other documents that would identify the source of the Intercepted, Confidential and Privileged Documents, to whom copies of the Intercepted, Confidential and Privileged Documents were provided and to preserve all information related to the Intercepted, Confidential and Privileged Documents. However, they have refused to cooperate and refused to disclose this information.

22. I had an opportunity to review the copies of the Intercepted, Confidential and Privileged Documents that Defendant DOE has and which they are using without permission or authorization. The Intercepted, Confidential and Privileged Documents in Defendant DOE's possession are not the original April 3, 2008 Emails and have been altered.

23. The redactions and alterations were performed by Defendant DOE to prevent Plaintiffs from being able to discover (i) the identity of person(s) who intercepted the Intercepted, Confidential and Privileged Documents, (ii) the identity of person(s) who did the redactions, and/or (iii) the identity of the persons to whom the Intercepted, Confidential and Privileged Documents were distributed.

24. I am a computer engineer with many years of experience. I can state that the Intercepted, Confidential and Privileged Documents that Defendant DOE (i) continues to use in retaliation against Teachers4Action and its members, (ii) continues to distribute are/were not the originals that I sent.

25. Someone or some entity with an AOL email account forwarded the Intercepted, Confidential and Privileged Documents to Defendant DOE, or to a third party who forwarded the Intercepted, Confidential and Privileged Documents to Defendant DOE.

26. Plaintiffs have a claim against whomever or whichever entity it is that forwarded the

Intercepted, Confidential and Privileged Documents to Defendant DOE.

27. Based on the actions of Defendant DOE to date, Plaintiffs have a reasonable belief that if

the relief sought is not granted evidence and/or documents will be destroyed, altered and

concealed so as to interfere with our ability to obtain the information related to (i) the

identity of the person(s) who intercepted the Intercepted, Confidential and Privileged

Documents, (ii) the identity of the person(s) who did the redactions, and/or (iii) the

identity of the persons to whom the Intercepted, Confidential and Privileged Documents

were distributed.


## Need for Injunctive Relief Including Entry of Confidentiality Order

28. Injunctive and other relief, including the entry of a Confidentiality Order, should be

granted because Defendant DOE remains unrestrained and continues to use the

Intercepted, Confidential and Privileged Documents without authorization or permission.

29. The Intercepted, Confidential and Privileged Documents are being used against us and

other members of Teachers4Action.


## Defendant DOE Intercepted / Is Attempting to Use the April 3, 2008 Emails Improperly

30. Defendant DOE (i) was not intended to be a recipient of the April 3, 2008 Emails, (ii)

was not copied on the April 3, 2008 Emails and (iii) should not have the April 3, 2008

Emails in its possession.

31. As noted above, Defendant DOE Senior Counsel Theresa Europe claims that the

documents were sent to her anonymously, by fax.

32. One of the allegations that Plaintiffs have made against Defendant DOE was that they have retaliated against Plaintiffs.

33. The Interception of the April 3, 2008 Emails appears to be a violation of US statute 18 U.S.C. § 2511 (1) (b) (c) (d) and (2) (d) over which this Court has additional jurisdiction related to interception of electronic transmission via wire and email.

34. I am told that such an act could be the basis for an additional cause of action against Defendants DOE and unidentified persons or entities who/which intercepted and distributed the emails on or after April 3, 2008.

35. Defendant DOE has continued to use the Intercepted, Confidential and Privileged Documents at every opportunity over the objections of Plaintiffs.

36. On April 7, 2008, Defendant DOE Senior Counsel Theresa Europe failed to disclose or present the full document and specifically the Fax Cover Sheet.

37. On April 11, 2008, for the first time, Defendant DOE Senior Counsel Theresa Europe admitted that the 2 pages were in fact accompanied by a Fax Cover Page. Plaintiffs requested the immediate production of the Fax Cover Page and the fax log showing when the document was received so that Plaintiffs can track down the senders and take the appropriate actions against the sender.

38. NYC Corporation Counsel Blanche Greenfield provided a copy to Magistrate Judge Peck at his request, and he allowed Counsel Edward Fagan and myself to view it. The alleged fax cover sheet, if in fact it was the fax cover sheet in question, was clearly redacted, as there was no fax legend, even a blank legend, at the top of the page.

39. NYC Corporation Counsel Blanche Greenfield angrily informed Teachers4Action Counsel Edward Fagan after the hearing with Magistrate Judge Peck on April 11, 2008 that there was no way Defendant DOE would provide the requested fax log.

40. On April 11, 2008 Magistrate Judge Peck indicated that he would not file the 2 page emails and that they would be kept in chambers pending Plaintiffs submission of whatever Motion they intended to file related to the Intercepted, Confidential and Privileged Documents.

41. I have been informed that on April 14, 2008, Defendant DOE used the Intercepted, Confidential and Privileged Emails at a 3020-a Pre-Hearing Conference with another Teachers4Action Plaintiff, Lisa Hayes.

42. Again, the Plaintiff objected to the use of the Intercepted, Confidential and Privileged Documents.

43. Plaintiff also explained how the Intercepted, Confidential and Privileged Documents were in fact not the best evidence, were not the originals, and had been altered, which on their face is clear that they were altered and/or redacted.

44. Defendant DOE was directed to produce the originals, which Defendant DOE Counsel stated she did not have, because those documents were in the possession of NYC Office of Corporation Counsel.

45. On April 14, 2008, certain Plaintiffs moved in the NY Supreme Court for a temporary stay of the ongoing 3020-a hearings and the type of relief that we believed belonged before this Court and which was outlined in our letter requesting an expedited Rule 16 Conference.

46. I have been informed that in response to Plaintiffs application for a stay, Defendant DOE used the Intercepted, Confidential and Privileged Documents in retaliation for Plaintiffs doing that which Judge Peck and every Arbitrator told us to do – apply for relief in the NY State Supreme Court.

- - - - - - - - - - - - -

47. Again Defendant DOE did not provide the complete document, did not provide the fax cover sheet, did not provide a clean copy showing the fax legend, did not provide a copy of the document exactly as they received it and continues to attempt to conceal the sender's identity so that they can run Plaintiffs around from Court to Court on issues that should be straightforward and simple.

48. Defendant DOE is using the Intercepted, Confidential and Privileged Documents as a means to inappropriately influence arbitrators, frighten Plaintiffs, and prevent them from freely and openly communicating with one another and their counsel.

49. Defendant DOE is using the Intercepted, Confidential and Privileged Documents as a means to retaliate against Teachers4Action members who are attempting to assert their due process rights.

50. Defendant DOE is using the Intercepted, Confidential and Privileged Documents to silence Teachers4Action, because they claim that the intercepted information relates to some sinister plot or coordinated action by Teachers4Action that is criminal and/or fraudulent.

51. Plaintiffs have done nothing more than stand up for their due process rights and attempt to point out the acts of Retaliation, efforts to interfere with their free speech and to protect themselves from the ongoing campaign against themselves.[3]

52. Since the preparation and filing of the Amended Complaint, additional facts relevant to our causes of action have arisen or come to our attention, including various acts of

---

[3] It should be noted that Plaintiffs' complaints against the 3020-a arbitrators for improper conduct in relation to forcing Plaintiffs to defend themselves in hearings after the arbitrators allowed Plaintiffs to be stripped of their counsel and deprived of procedural / due process safeguards were based upon advice of counsel other than Mr. Fagan on whose behalf Plaintiffs and Mr. Fagan were and continue to be entitled to rely as Plaintiffs defend themselves and litigate the constitutional issues in this Court.

- - - - - - - - - - - -

*Teachers4Action et al vs. Bloomberg et al – 08-cv-548 (VM)*                    *Page 11*

retaliation, attempts to interfere with our free speech, interference with our constitutional

rights and subjecting us to dangerous conditions and further violations of our rights.

53. Plaintiffs need the requested information so that they can prepare an Amended Complaint

to include these facts and parties.

54. The limited disclosure will help Plaintiffs and the Court avoid burdensome and

unnecessary Motion practice.

55. The limited disclosure might also put Plaintiffs into the position to present the Court with

irrefutable evidence of certain of the causes of action in Plaintiffs' complaint.

56. Plaintiffs have a reason to believe that the limited disclosure will allow the Court to be in

a position to make expedited decisions – that would avoid months and years of expensive

litigation – and will resolve certain liability issues in the case such as:

    a. That NYS Education Law 3020 is unconstitutional and discriminates against

       Plaintiffs, by allowing Defendants Bloomberg, NYC, Klein, DOE, Weingarten

       and UFT to change the due process rights to which NYC teachers are entitled on

       issues related to disciplinary hearings and their teaching certification;

    b. Defendants DOE and UFT violated Plaintiffs rights by entering into a Collective

       Bargaining Agreement that deprives Plaintiffs and other NYC teachers of their

       due process rights; and

    c. Defendant UFT violated its duty of fair representation.

57. Plaintiffs believe that it is in the Court's best interests and the interests of justice to insure

that these matters are resolved expeditiously and justly.

58. Plaintiffs are teachers in very precarious positions and subjected to hostile work

environment and retaliation on a daily basis.

59. Defendants are among the most powerful institutions, politicians and unions in the country. They have virtually unlimited resources, teams of hundreds of lawyers and all the time in the world.

60. Defendants have locked away Plaintiffs and other teachers in Rubber Rooms, charged us with alleged incompetence and/or misconduct, and are retaliating against us for one reason and one reason only – Plaintiffs dared to stand up for and insist upon our rights.

61. The response has been that:

    a.  Plaintiffs have been targeted;

    b.  Plaintiffs have been retaliated against;

    c.  Plaintiffs have been deprived of our rights to free speech;

    d.  Plaintiffs have been deprived of our right to congregate and communicate with each other;

    e.  Plaintiffs have been deprived of our right to witnesses and to prepare our defenses;

    f.  Plaintiffs have been forced into hazardous and hostile work environments;

    g.  Plaintiffs have not been allowed the use of computers, fax machines and Cell Phones; and

    h.  Now communications with between our counsel and us have been intercepted and are being used against us.

## Conclusion

62. In view of the foregoing and on behalf of the other Plaintiffs and members for Teachers4Action, I pray this Honorable Court recognize and grant the relief sought in our Order to Show Cause.

- - - - - - - - - - - - - -

*Teachers4Action et al vs. Bloomberg et al – 08-cv-548 (VM)*

Dated:  April 15, 2008

_____
Florian Lewenstein

## DECLARATION UNDER 28 USC § 1746

I declare, verify, certify and state under the penalty of perjury that the facts and statements contained above are true and accurate to the best of my knowledge information and belief.

Dated: April 15, 2008

_____
Florian Lewenstein

Confidential

Redacted

Document