UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
Teachers4Action et al,
                                    Plaintiffs    :   CIVIL ACTION #
                                                   :   08-CV-548 (VM)

- vs -

Michael Bloomberg, et al,
                                    Defendants.
---------------------------------------------------------------X

**NOTICE OF FILING OF CERTIFICATE OF COUNSEL
RELATED TO LEWENSTEIN DECLARATION OF BIAS PURSUANT TO 28 USC § 144**

Edward D. Fagan, hereby declares and says:

1. I am Plaintiffs' counsel of record in the above referenced matter.

2. In accordance with 28 USC § 144, I hereby certify that the attached April 21, 2008 Declaration of Bias by Florian Lewenstein is being submitted in good faith.

3. Plaintiffs have not consented the case being assigned Magistrate Judge Peck for trial and/or all purposes.

4. I believe the case should be assigned to a different Magistrate Judge to assist the Hon. Victor Marrero, presiding District Judge in this case, and my clients and I will be prepared to provide additional evidence, if necessary, including copies of transcripts and other evidence that is or should be part of the record to justify reassignment pursuant to 28 USC §§ 144, 455 (a) and (b) (1).

5. No prior Declaration of Bias was filed by Plaintiffs or me against Magistrate Judge Peck.

Dated: April 21, 2008

                                                                            Edward D. Fagan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
Teachers4Action et al,
                                   Plaintiffs     :     CIVIL ACTION #
                                                    :     08-CV-548 (VM)
  - vs -
 
Michael Bloomberg, et al,
                                 Defendants.  :
------------------------------------------------------------------X

================================================================
**AFFIDAVIT OF BIAS PURSUANT TO 28 U.S.C. § 144**
================================================================

Florian Lewenstein, hereby declares and says:

### Introduction

1. I am a Plaintiff in the above referenced matter and I make this Declaration of Bias with regard to the actions of Magistrate Judge Andrew Peck and in support of Plaintiffs request for a hearing on this issue.

### Emergent Relief Still Needed by District Judge

2. While the issues related to Magistrate Judge Peck's apparent bias and prejudice are addressed, Plaintiffs respectfully request (i) that District Judge Marrero consider the relief requested in Plaintiffs' proposed Order to Show Cause and (ii) convene a Conference so that the parties can finally appear before the District Judge assigned to our case.

3. If emergent relief is not granted, electronically stored evidence will be lost.

### Facts Related to Declaration of Bias

4. I was present at the January 28, February 8 and April 11, 2008 Conferences before Judge Peck.

5. I am familiar with the facts and causes of action in the original complaint and Amended Complaint.

6. I am also familiar with requests for relief in the March 25 and April 18, 2008 letters and with the need for emergent injunctive relief.

7. It is with reluctance that Plaintiffs believe that this Declaration of Bias is necessary. However, Magistrate Judge Peck's conduct, comments on the record and the manner in which the Court addressed our requests versus the requests of the lawyer for named Defendants Michael Bloomberg, City of New York, Joel Klein and New York City Department of Education (hereinafter "NYC Defendants") make it clear that Magistrate Judge Peck is unable to adjudicate our case fairly.

8. At our first Conference on January 28, 2008, when presented with our first request for emergent relief, Magistrate Judge Peck declined to take any action to help us and repeatedly referred to some of the causes of action in our original complaint and the way they were presented as "garbage" and "junk" and similar pejorative terms.

9. At the January 28, 2008 Conference, Magistrate Judge Peck also made a sarcastic reference to a NY Daily News article about our case, labeling it "grandstanding."

10. At the January 28, 2008 Conference, Magistrate Judge Peck also specifically recognized that in the event Plaintiffs sought future injunctive relief, that request could be heard by the assigned District Judge the Hon. Victor Marrero

11. At the Conference on February 8, 2008, Magistrate Judge Peck inappropriately chastised our counsel, suggested that he was wasting the Court's time by not previously notifying Magistrate Judge Peck's chambers of the delay in completing the Amended Complaint – despite the fact, as counsel informed me in advance of the hearing, that he did in fact call

Chambers two days before the scheduled conference and explained the delay and suggested that the Conference be delayed, only to be informed by the Court's chambers that Magistrate Judge Peck "does not like delays" and that they should appear anyway.

12. At the February 8, 2008 Conference, Magistrate Judge Peck also refused to consider any emergent relief and proceeded to again chastise our counsel for having the plaintiffs for whom emergent relief was necessary attend the Court session, when in fact plaintiffs appeared of their own will because of the importance and urgency of the issues.

13. On March 25, 2008, our counsel wrote the District Judge Marrero and requested a Rule 16 Conference at which Plaintiffs could address certain emergent relief for which they believed the District Judge's consideration was warranted.

14. District Judge Marrero assigned the issues to Magistrate Judge Peck.

15. Rather than considering the relief requested and convening the Conference, Magistrate Judge Peck responded with what can only be seen as a reflexive and personal reaction against Plaintiffs and their counsel.

16. On March 25, 2008, Magistrate Judge Peck entered an Order:
    a. Suggesting that Plaintiffs were attempting to do "an end run around him" when they wrote Judge Marrero, the District Judge assigned to the case, in spite of the fact that he had stated at the January 28, 2008 conference that Plaintiffs have that right, and in spite of the fact, as counsel has informed me, that such requests should rightfully be addressed to the District Judge, and Magistrate Judge Peck was afforded the courtesy of a copy;
    b. Denying the request for emergent relief, when in fact what was requested was a Rule 16 Conference; and

3

    c. Completely mischaracterizing the nature of Plaintiffs Causes of Action as being about the "Rubber Rooms," when in fact he had accurately characterized our case as a "due process" case at the January 28, 2008 conference.

17. On April 10, 2008, counsel for the NYC Defendants wrote Magistrate Judge Peck regarding certain Intercepted Email about which they sought, but requested no specific, relief.

18. Magistrate Judge Peck's response, without properly examining the annexed documents, was to immediately enter an Order calling an immediate Conference, on less than 24 hours notice and without allowing Plaintiffs an opportunity to submit any type of response, and at which time he was going to consider sanctions against Plaintiffs counsel.

19. At the April 11, 2008 Conference Magistrate Judge Peck made further inappropriate comments such as referring to the Amended Complaint as "ridiculously thick," and that our counsel should consider "the advice he was giving his clients".

20. At the April 11, 2008 Conference Magistrate Judge Peck inappropriately, and without just cause, issued an order as the "supervising judge," staying a valid subpoena in a NYS Supreme Court action that would allow Plaintiffs to identify the party or entity that had intercepted or forwarded the confidential Emails in question that are being used to interfere with Teachers4Action's litigation and legal strategy, thus providing an opportunity for Defendants to alter and / or destroy the evidence that Plaintiffs need.

21. During the April 11, 2008 Conference our counsel explained that he would be making an appropriate application during the week of April 14 – 18.

22. Based on the events from April 10 to April 17, 2008 Plaintiffs concluded that the nature of relief needed was preliminary injunctive and other relief that was properly directed to the District Judge Marrero.

23. On April 18, 2008 Plaintiffs counsel wrote to District Judge Marrero, and hand delivered to both District Judge Marrero and Magistrate Judge Peck, a letter request, letter brief, proposed Order to Show Cause and my supporting Declaration.

24. District Judge Marrero assigned the matter to Magistrate Judge Peck.

25. Once again, Magistrate Judge Peck's response was personal and inappropriate, suggesting that Plaintiffs were "judge shopping," that he would consider imposition of "sanctions" against our counsel, and that the matters would be decided "BY ME"! (meaning Judge Peck) if and when Plaintiffs properly submitted their papers.

26. Once again, Magistrate Judge Peck's reflexive reaction was inconsistent with the facts and demonstrated his bias and prejudice.

27. Magistrate Judge Peck's April 18, 2008 Order also showed that he had not even read the submitted papers, for if he had, he would have seen the Order to Show Cause and the accompanying and supporting papers.

28. Magistrate Judge Peck's April 18, 2008 Order also demonstrated his bias and prejudice against Plaintiffs and / or Plaintiffs counsel in favor of counsel for a party who I have been informed has not even entered its / their appearance in the case – to wit: The NYC Defendants.

29. When we requested a Conference through our counsel on March 25 and April 18, to discuss what we considered the need for emergent relief, Magistrate Judge Peck refused to consider our request and refused to call a Conference.

30. When counsel for the NYC Defendants, whose appearance had not been entered, suggested that plaintiffs and plaintiffs counsel were doing something inappropriate, but did not even request a Conference, Magistrate Judge Peck immediately called a Conference and chastised our counsel, belittled our causes of action as set forth in the Amended Complaint, and threatened sanctions against our counsel.

31. Magistrate Judge Peck's conduct demonstrates bias and prejudice and is hurting our case.

32. Plaintiffs' request that Magistrate Judge Peck recuse himself pursuant to 28 USC § 144 or an expedited evidentiary hearing be held to resolve any issues of Magistrate Judge Peck's apparent bias and prejudice so that our claims do not suffer further.

## Conclusion

33. In the interim, while the issues related to Magistrate Judge Peck's apparent bias and prejudice are addressed, Plaintiffs respectfully request (i) that District Judge Marrero consider the relief requested in Plaintiffs' proposed Order to Show Cause and (ii) convene a Conference so that the parties can finally appear before the District Judge assigned to our case.

34. If emergent relief is not granted, documentary evidence and electronically stored evidence will be altered, destroyed and / or lost.

35. In view of the foregoing, Plaintiffs request that Magistrate Judge Peck recuse himself pursuant to 28 USC § 144 and 455.

Dated: April 21, 2008

Florian Lewenstein

## DECLARATION UNDER 28 USC § 1746

I declare, verify, certify and state under the penalty of perjury that the facts and statements contained above are true and accurate to the best of my knowledge information and belief.

Dated: April 21, 2008

_____
Florian Lewenstein