USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-30-08

```
UNITED STATES DISTRICT COURTS
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TEACHERS4ACTION, et al.,            :
                                    :
                    Plaintiffs,     :   08 Civ 548
                                    :
    - against -                     :   DECISION AND ORDER
                                    :
MICHAEL C. BLOOMBERG, et al.,       :
                                    :
                    Defendants.     :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiffs Teachers4Action ("Teachers4Action"), on behalf of itself and its members, and Florian Lewenstein ("Lewenstein") (collectively "Plaintiffs") brought this action alleging violations of federal and state constitutional, statutory and collective bargaining contract rights by defendants City of New York (the "City") and the United Federation of Teachers (the "UFT"), as well as by various individual officials of the City, its Department of Education ("DOE") and the UFT. Recognizing the need for prompt and thorough case management in view of the action's multiple parties, complexity of issues and the extraordinary relief demanded, the Court referred the case to designated Magistrate Judge Andrew J. Peck for supervision of pretrial proceedings.

By Affidavit dated April 21, 2008 setting forth a Declaration of Bias ("Lewenstein's Affidavit"), Lewenstein seeks an order pursuant to 28 U.S.C. §§ 144 and 455(a) directing recusal of Magistrate Judge Peck and reassignment of

this action to a different Magistrate Judge. Lewenstein charges that Magistrate Judge Peck has engaged in conduct and made comments demonstrating personal bias or prejudice toward Plaintiffs and their attorney, Edward D. Fagan ("Fagan"). Fagan has submitted a Certificate of Counsel Related to Lewenstein's Affidavit, dated April 21, 2008 ("Fagan's Certificate"). In response to this application, the Court held a hearing on April 29, 2008 at which Plaintiffs stated the grounds for their request. The Court has also reviewed and considered Lewenstein's Affidavit, Fagan's Certificate, all correspondence and transcripts of the proceedings before Magistrate Judge Peck on the record of this matter, and Magistrate Judge Peck's pertinent rulings. On the basis of the hearing and this Court's review of the entire record, the Court is not persuaded that sufficient cause exists to warrant Magistrate Judge Peck's disqualification.

A charge of personal bias or prejudice in general presupposes the existence of a mental attitude manifesting a predisposition in favor or against a particular person or thing. As applied to a judge, the concept suggests that the judge has a wrongful or inappropriate inclination or preconceived opinion toward a person or matter that improperly sways judgment and renders the judge incapable of performing official duties fairly and impartially. The most critical

-2-

element of these principles is that the judge comes to the matter at hand already possessing the particular disqualifying leaning, as may be demonstrated by a clear record of expressions or other actions consistent with the improper disposition.  Disqualifying bias or prejudice may also arise during the course of judicial proceedings if the judge exhibits such extreme favoritism or hostility towards a party or counsel as to make fair judgment impossible.  See Litekey v. United States, 510 U.S. 540, 555 (1994) (declaring that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.")

In passing upon allegations of bias or partiality, it is essential to note that there is one form of professional predisposition all judges share that may be classified as a kind of bias: expressions of dissatisfaction with deficient lawyering, overbearing advocacy and deceptions that stretch judicial patience to its outer boundaries.  These practices often arouse manifestations of frustration, annoyance and even anger on the part of judges.  But, even if short-tempered, such reactions alone are not sufficient to disqualify a judge

from a case because they are not necessarily wrongful or inappropriate, indeed, at times they may be called for or understandable. Were it otherwise, every sitting judge would be subject to recusal at any showing of justified distemper for this form of professional bias. Also excepted from the scope of valid grounds for disqualifying bias are mere judicial rulings, where there is no sufficient showing of other pertinent circumstances. See id. at 555.

As suggested above, the presence of improper bias or prejudice in a judge's conduct should be distinguished from an expression of anger or frustration about a person or thing at a given moment. An essential distinction is that ordinarily frustration or anger are spontaneous reactions, often provoked by some objectively discernible cause, and do not necessarily derive from a pre-existing mental state. In this category would fall expressions of dissatisfaction, frustration or anger that stem from the judge's response to what he or she regards as poor or excessive performance of counsel or inappropriate behavior of parties. As to such judicial action, the Supreme Court has said:

> Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration-even a stern and short-tempered judge's ordinary efforts at courtroom administration-remain immune.

Id. at 555-56 (emphasis in original).

Applying these principles, the Court does not regard Magistrate Judge Peck's conduct in this case as exhibiting disqualifying personal bias or prejudice toward Plaintiffs or their counsel. There is no evidence that Magistrate Judge Peck had any favorable or unfavorable predisposition in this case based on any prior relationship with any of the parties, or knowledge of the case from an extrajudicial source, that would support a finding of disqualifying bias. What the Court perceives in the incidents Plaintiffs rely upon to charge improper favoritism or antagonism, are expressions of annoyance, frustration or anger grounded largely on the Magistrate Judge's dissatisfaction with certain actions of Plaintiffs' counsel. For instance, at the first conference with the parties that Magistrate Judge Peck scheduled, he identified certain apparent deficiencies in Plaintiffs' pleadings, weaknesses that this Court itself had spotted when it reviewed the complaint and decided to refer the case to the Magistrate Judge for pretrial supervision. Specifically, the complaint identified as plaintiffs only Teachers4Action and Lewenstein, as its treasurer and spokesperson. Other plaintiffs were included anonymously as John Doe and Jane Doe Teachers 1-50, even though the complaint asserted individual claims of employment discrimination. None of these

discrimination claims had been preceded by proceedings before the appropriate state or federal administrative agency, as required by statute. The complaint named as defendants the City and DOE but not the UFT, although the presence of the UFT as a necessary party seemed clear. It asserted claims under the Racketeering Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 et. seq., that did not adequately articulate the elements prerequisite to state a sufficient RICO action. At the conference, Plaintiffs sought an order from Magistrate Judge Peck to enjoin a state court from conducting a hearing in an action on a related matter that was scheduled for the following day. On the record, Fagan conceded Magistrate Judge Peck's observation that no legal authority existed to support a grant of such extraordinary relief.

To address these and other flaws, Magistrate Judge Peck granted Plaintiffs leave to file an amended complaint by a date certain. Plaintiffs failed to meet the deadlines after several extensions. In offering guidance on how to correct the failings of the complaint, Magistrate Judge Peck described the excessive or flawed original pleadings as containing unnecessary "junk" and "garbage." While his choice of those words may seem infelicitous or unmellifluous, and an author who may feel pride in the draftsmanship that went into the

pleadings may take issue with the unflattering characterization, the Court does not perceive in such expressions in their proper context a display of the egregious animosity necessary to satisfy the standard applicable to a claim of personal bias or prejudice.  Nor do the other instances Plaintiffs cite as examples of bias rise to that extreme.

    The Court is mindful that this litigation is complicated and has raised numerous challenging issues difficult not only for the parties and counsel, but also for the Court.  Not the least of these complexities have entailed delays attendant to Plaintiffs' framing of the claims embodied in their complaint and identifying all plaintiffs and defendants involved, as well as Plaintiffs' bringing directly to this Court matters that Magistrate Judge Peck reasonably perceived as being encompassed within the scope of the pretrial proceedings referred to him.  Viewing the record in its total context, the Court finds that Magistrate Judge Peck's conduct falls well within the proper bounds of judicial conduct and consistent with the interests of judicial economy and the administration of justice.  Accordingly, Plaintiffs' motion is DENIED.

**ORDER**

For the reasons stated above, it is hereby

**ORDERED** that the application of plaintiff Florian Lewenstein (Docket No. 29) for an order pursuant 28 U.S.C. § 144 requiring recusal of Magistrate Judge from his designation of this action is DENIED.

**SO ORDERED.**

Dated:   New York, New York
         30 April 2008

_____
VICTOR MARRERO
U.S.D.J.