## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

Teachers4Action et al,

                             **Plaintiffs**  :    **CIVIL ACTION #**
                                            :    **08-CV-548 (VM)**

    -  **vs -**

Michael Bloomberg, et al,

                          **Defendants.**  :

------------------------------------------------------------------X

## MOTION FOR PERMISSION TO SERVE LIMITED DISCOVERY REQUESTS

**PLEASE TAKE NOTICE** that, in accordance with FRCP 26 (d) and as per the

Court's May 1, 2008 Order, Plaintiffs will move this Court, before the Honorable Andrew J.

Peck USMJ, located at United States District Court, for the Southern District of New York, 500

Pearl Street, Courtroom 20-D, New York, New York 10007 at a date and time to be determined

by the Court, for relief against Defendants Michael Bloomberg ("Bloomberg"), City of New

York City ("NYC"), Joel Klein ("Klein") and New York City Department of Education ("DOE")

(hereinafter collectively referred to as "NYC Defendants") , and Defendants United Federation

of Teachers ("UFT"), Randi Weingarten ("Weingarten") and Betsy Combier ("Combier")

permitting Plaintiffs to serve limited Requests for Production of Documents and Interrogatories.

**PLEASE TAKE FURTHER NOTICE** that in support of Plaintiffs Motion, they

will rely upon the attached Declaration of Florian Lewenstein, with the accompanying proposed

limited sets of interrogatories and requests for production of documents, and the accompanying

letter memorandum of Edward D. Fagan in support of Plaintiffs' Motion.

1

**PLEASE TAKE FURTHER NOTICE** that responsive papers should be served in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 3 E of the Court's Individual Rules, Plaintiffs request an Oral Argument on this Motion.

Dated: May 13, 2008
       New York, NY

Edward D. Fagan Esq.
5 Penn Plaza, 23rd Floor
New York, NY  10001
(646) 378-2225
Plaintiffs' Counsel

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was served electronically and by first class mail postage prepaid to:

Charles Moerdler Esq., Stroock, Stroock & Lavan
180 Maiden Lane, New York, NY 10038, Via Fax # 212-806-6006
Attorneys for Defendants UFT, Weingarten and Combier

Blanche Greenfield Esq., Office of Corporation Counsel
100 Church Street, 4th Floor, New York, NY 10007, Via Fax # 212-788-8877
Attorneys for NYC Defendants Bloomberg, NYC, Klein and NYC Department of Education

Dated: May 13, 2008
    New York, NY

Edward D. Fagan

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

Teachers4Action et al,

                              Plaintiffs     :          **CIVIL ACTION #**
                                             :          **08-CV-548 (VM)**

     -    vs -

Michael Bloomberg, et al,

                              Defendants.  :

------------------------------------------------------------X

=================================================================

### Declaration of Florian Lewenstein
### in Support of Plaintiffs' Motion for Permission to Serve Limited Discovery

=================================================================

FLorian Lewenstein hereby declares and says:

1. I am a Plaintiff in this action, I am the President of Teachers4Action, and I make this Declaration in Support of Plaintiffs' Motion for Permission to Serve Limited Discovery.

2. Plaintiffs are mindful of the Court's prior Orders and are grateful to the Court for its willingness to consider our request to serve limited discovery on Defendants Michael Bloomberg ("Bloomberg"), City of New York City ("NYC"), Joel Klein ("Klein") and New York City Department of Education ("DOE") (hereinafter collectively referred to as "NYC Defendants") , and Defendants United Federation of Teachers ("UFT"), Randi Weingarten ("Weingarten") and Betsy Combier ("Combier").

3. With this Declaration I am attaching the proposed discovery which Plaintiffs request the Court grant permission to be served, pursuant to FRCP 26 (d).

4. For ease of reference, the proposed discovery consists of the following:

   a. As to NYC Defendants –

      i. Sixteen (16) Interrogatories; and

1

        ii.  Eleven (11) Requests for Production of Documents;

    b.  As to Defendants UFT, Weingarten and Combier:

        i.  Eighteen (18) Interrogatories; and

        ii.  Seventeen (17) Requests for Production of Documents.

5. The limited Document Requests and Interrogatories were specifically drafted to help focus the factual issues upon which Plaintiffs have predicated their claims for, among other things (i) due process violations related to the 3020-a hearings and Article 21-g of the Collective Bargaining Agreement, (ii) harassment, (iii) retaliation, (iv) discrimination, (v) hostile work environment, (vi) constructive discharge, (vii) breach of duty of fair representation and for other relief.

6. Plaintiffs submit that production of the documents requested and responses to the limited interrogatories at this time will help reduce or at a minimum focus the issues in future Motions so that the Court can expeditiously rule upon the upcoming motions to dismiss by Defendants and the motions for partial Summary Judgment which Plaintiffs believe may be dispositive of some of the claims such as, among other things:

    a.  Due Process Violations related to the conduct of the 3020-a hearings;

    b.  1st, 5th & 14th Amendment claims related to Article 21-g and Education Law 3020 and 3020-a as relates to the rights of pedagogue tenured teachers;

    c.  Discrimination, Retaliation and Harassment claims;

    d.  Hostile Work Environment claims related to the Rubber Rooms;

    e.  Breach of Duty of Fair Representation claims against Defendant UFT for its actions related to Article 21-g, the withdrawal of NYSUT counsel from representing Plaintiffs in the ongoing 3020-a hearings based on alleged

unwaiveable conflict and/or refusal to waive the conflict so that Plaintiffs could be represented by NYSUT counsel.

7. In drafting these requests, Plaintiffs have sought only documents or interrogatory responses on matters as to which it has knowledge from the Defendants themselves, or their representatives, based on statements made by one or more of the Defendants during one or more 3020-a hearings, or in one or more of the proceedings in Federal Court or in State Court, since this action was commenced on January 21, 2008.

8. While Plaintiffs will in the future request depositions of Defendants representatives, they do not at the present time seek permission to take such Depositions. By way of information, when the Court permits the taking of Depositions, Plaintiffs would first seek permission to conduct depositions of persons to be designated by Defendants with knowledge of very specific issues related to Plaintiffs claims. With this Declaration, I am also providing the Court with a copy of the two (2) Notices of Deposition for which the Plaintiffs anticipate seeking permission of the Court to conduct, after Defendants have responded to the limited requests for documents and Interrogatories.

9. In view of the foregoing and on behalf of the other Plaintiffs and members for Teachers4Action, I pray the Court grant Plaintiffs permission to serve these limited requests for Production of Documents and Interrogatories.

Dated: May 13, 2008

_____
Florian Lewenstein

3

## **DECLARATION UNDER 28 USC § 1746**

I declare, verify, certify and state under the penalty of perjury that the facts and statements contained above are true and accurate to the best of my knowledge information and belief.

Dated: May 13, 2008

_____
Florian Lewenstein

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

Teachers4Action et al,                    :

                  **Plaintiffs**    :    **CIVIL ACTION #**

                               :    **08-CV-548 (VM) (AJP)**

   -  **vs -**                              :

                               :

**Michael Bloomberg, et al,**                :

              **Defendants.**    :

-----------------------------------------------------------------X

====================================================

### PLAINTIFFS' LIMITED FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS BLOOMBERG, NYC, KLEIN & DOE

====================================================

TO:    Blanche Greenfield Esq.
         Office of Corporation Counsel
         100 Church Street, 4th Floor
         New York, NY 10007
         Via Fax # 212-788-8877
         Attorneys for NYC Defendants
               Bloomberg, NYC, Klein and NYC Department of Education

Cc:    Charles Moerdler Esq.
         Stroock, Stroock & Lavan
         180 Maiden Lane
         New York, NY 10038
         Via Fax # 212-806-6006
         Attorneys for Defendants UFT, Weingarten and Combier

      **PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal Rules of Civil Procedure as well as the Local Rules for the United States District Court for the Southern District of New York, plaintiffs hereby demand that defendants Michael Bloomberg ("Bloomberg"), New York City ("NYC"), Joel Klein ("Klein") and New York City Department of Education ("DOE") (hereinafter collective "NYC Defendants") answer and and/or respond, under oath, by producing the Requested Documents as set forth below.

      To the extent permitted by Rule 26 (e) of the Federal Rules of Civil Procedure, these Requests of Production of Documents shall be deemed to be continuing requests and the responses to them are to be supplemented upon acquisition or discovery of further additional and/or responsive documents.

# DEFINITIONS

A.    The term "you" or "your" shall refer to Bloomberg, NYC, Klein and/or DOE, as well as its/their present and former directors, offices, agents, employees and all persons acting or purporting to act on their behalf including all present or former directors, officers, agents, employees and all other persons exercising or purporting to exercise discretion, decisions, policy and/or in positions of authority through which to make such decisions and/or policies.

B.    The term "UFT" shall refer to Defendants United Federation of Teachers and/or Weingarten.

C.    The term "Weingarten" shall refer to Defendant Randi Weingarten.

D.    The term "Combier" shall refer to Defendant Betsy Combier.

E.    The term "NYSUT" shall refer to the New York State United Teachers.

F.    The term "Amended Complaint" shall refer to the plaintiffs' Amended Complaint dated February 22, 2008.

G.    The term "3020-a hearings" refers to administrative arbitration hearings pursuant to which Plaintiffs are subject to potential discipline.

H.    The term "Arbitrators" refers to the persons who are empanelled to conduct the 3020-a hearings.

I.    The term "Article 21-g" refers to the provisions in the Collective Bargaining Agreement pursuant to which the 3020-a hearings are being conducted.

J.    The term "Teachers4Action" or "Teachers4Action Plaintiffs" refer to the association of teachers and its member teachers in the above referenced case entitled Teachers4Action et al v Bloomberg et al 08-cv-548 (VM)(AJP).

K.    The term "pedagogue" shall refer to tenured teachers.

L.    The term "Relevant Period" shall mean January 2002 to present.

M.    The term "Rubber Room" shall refer to a location to which Plaintiffs have been assigned, also known as a "Temporary Reassignment Center".

N.    The term "document(s)" shall mean correspondence, letters, brochures, materials, communications, emails and all other documents and drafts thereof including those maintained and/or stored electronically.

O.    As used herein, the words "document" or "documents", "record" or "records" shall include any written, printed, typed, graphic matter of any kind or nature, including all drafts and/or copies thereof, however produced, reproduced, maintained and/or stored, including electronically generated and/or stored documents, now in the possession, custody or control of the present or former directors, officers, agents, representatives and/or employees of Defendants or any and all persons acting in its behalf, including documents at any time in the possession, custody or control of individuals or entities, or known by Defendants to exist or have existed.

P.    The words 'identify", "identity" and/or "identification" shall:

   a.   when used in reference to a natural person shall require a response with the full name and present and/or last known address, present and/or last known position and/or business affiliation of such person; and

   b.   when used in reference to a document or record shall require a response with the exact date, author, intended recipient, all persons or departments copied thereon and the exact type of document or record (such as a letter, memorandum, facsimile, telegram, wire, report, photograph, bond etc.) or if the above information is not available some other means by which the document or record and its present location and the name of its present custodian can be identified.  Note: If any such document or record was but is no longer in your possession, custody and/or control, or subject to your control, or is no longer in existence, state with specificity whether it is:

      1.   missing or lost;

      2.   has been destroyed;

      3.   has been transferred, voluntarily or involuntarily to others; or

      **4.** has otherwise been disposed of, and in each such instance explain the circumstances surrounding the authorization for such disposition, and state the exact and/or approximate date of such disposition.

## DOCUMENTS REQUESTED

**REQUEST # 1**    Documents related to the negotiations and alleged agreements
between Defendants DOE and UFT related to the changes to
Article 21-g, as they related to the conduct of 3020-a hearings and
the rights in such hearings of pedagogue teachers, such as
Plaintiffs.

**Response # 1**

**REQUEST # 2**    Document identified by Defendant DOE representative Theresa Europe at the May 5, 2008 3020-a hearing in the matter of Olga Batyreva, before Arbitrator Jack Tillem, in which Defendant DOE acknowledges that the language of the Collective Bargaining Agreement, and specifically Article 21-g of the Collective Bargaining Agreement, does not deprive pedagogue teachers, such as plaintiffs, of their right to a Three Person Panel of Arbitrators.

**Response # 2**

**REQUEST # 3**    Document identified by Defendant DOE representative Theresa
Europe at the May 5, 2008 3020-a hearing in the matter of Olga
Batyreva, before Arbitrator Jack Tillem, which Defendant DOE
claims to have received from Defendants UFT and/or Weingarten,
in which Defendant UFT and/or Weingarten allegedly
acknowledges "failure to include", "omission" or "oversight"
regarding language of the Collective Bargaining Agreement, and
specifically Article 21-g of the Collective Bargaining Agreement,
and that it was intended to deprive pedagogue teachers, such as
plaintiffs, of their right to a Three Person Panel of Arbitrators.

**Response # 3**

**REQUEST # 4**     Documents related to the empanelling of the permanent panel of
Arbitrators to conduct the 3020-a hearings and the vetting process
through which potential conflicts of interest of proposed individual
Arbitrators are disclosed to pedagogue teachers, such as Plaintiffs,
to challenge the permanent panel or the individual arbitrators.


**Response # 4**

**REQUEST # 5**       Documents between NYC Defendants, UFT, Weingarten and Combier regarding claims by pedagogue teachers, such as Plaintiffs, that the schools and/or Rubber Rooms constitute a Hostile Work Environment.

**Response # 5**

**REQUEST # 6**    Documents between NYC Defendants, UFT, Weingarten and/or Combier, regarding conditions in Rubber Rooms, health violations, safety violations and potential dangers (both physical and psychological) to persons in the Rubber Rooms.

**Response # 6**

**REQUEST # 7**     Documents between NYC Defendants, UFT, Weingarten and/or Combier, regarding targeting and/or discrimination of senior, tenured pedagogue teachers, including Plaintiffs.

**Response # 7**

**REQUEST # 8**    Documents between NYC Defendants, UFT, Weingarten and/or
Combier, regarding decision by NYSUT attorneys to withdraw as a
result of an alleged conflict of interest between Teachers4Action
and its individual members on the one hand and Defendant UFT on
the other hand.

**Response # 8**

**REQUEST # 9**    Documents between NYC Defendants, UFT and/or Weingarten on the one hand and Defendant Combier on the other hand between the period from January 2001 to October 2007 when Defendant Combier became an official representative of Defendant UFT.

**Response # 9**

**REQUEST # 10**     Documents exchanged between NYC Defendants, UFT, Weingarten and/or Combier related to defenses, strategies, claims and efforts, to be taken from January 15, 2008 to the present, related to Teachers4Action, its members or its counsel.

**Response # 10**

**REQUEST # 11**    Documents exchanged between NYC Defendants and the
Arbitrators related to Teachers4Action, its members or its counsel
during the period from January 15, 2008 to the present.

**Response # 11**

DATED:  May 8, 2008

By:_____/s/ Edward D. Fagan_____
Edward D. Fagan Esq (EF-4125)
5 Penn Plaza, 23rd Floor
New York, NY  10001
(646) 378-2225
e-mail:  faganlaw.teachers@gmail.com
**Attorney for Plaintiffs**

## CERTIFICATE OF SERVICE

A copy of this First Limited Request for Production of Documents has been provided to:

Blanche Greenfield Esq., Office of Corporation Counsel
100 Church Street, 4th Floor, New York, NY 10007, Via Fax # 212-788-8877 -
Attorneys for NYC Defendants
Bloomberg, NYC, Klein and NYC Department of Education

Charles Moerdler Esq., Stroock, Stroock & Lavan
180 Maiden Lane, New York, NY 10038, Via Fax # 212-806-6006
Attorneys for Defendants UFT, Weingarten and Combier

DATED: May 8, 2008

By: ___/s/ Edward D. Fagan___
Edward D. Fagan Esq (EF-4125)
5 Penn Plaza, 23rd Floor
New York, NY 10001
(646) 378-2225
e-mail: faganlaw.teachers@gmail.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Teachers4Action et al,                                  :
                                    **Plaintiffs**      :        **CIVIL ACTION #**
                                                        :        **08-CV-548 (VM) (AJP)**
      -   **vs** -                                      :
                                                        :
**Michael Bloomberg, et al,**                           :
                                    **Defendants.**     :
------------------------------------------------------------------X

========================================================================

## PLAINTIFFS' LIMITED FIRST SET OF INTERROGATORIES
## OF DEFENDANTS BLOOMBERG, NYC, KLEIN & DOE

========================================================================

TO:   Blanche Greenfield Esq.
      Office of Corporation Counsel
      100 Church Street, 4th Floor
      New York, NY  10007
      Via Fax # 212-788-8877
      Attorneys for NYC Defendants
            Bloomberg, NYC, Klein and NYC Department of Education

Cc:   Charles Moerdler Esq.
      Stroock, Stroock & Lavan
      180 Maiden Lane
      New York, NY 10038
      Via Fax # 212-806-6006
      Attorneys for Defendants UFT, Weingarten and Combier

      **PLEASE TAKE NOTICE** that pursuant to Rule 33 of the Federal Rules of Civil
Procedure as well as the Local Rules for the United States District Court for the Southern District
of New York, plaintiffs hereby demand that defendants Michael Bloomberg ("Bloomberg"),
New York City ("NYC"), Joel Klein ("Klein") and New York City Department of Education
("DOE") (hereinafter collective "NYC Defendants") answer and and/or respond, under oath, to
the Interrogatories set forth below.

      To the extent permitted by Rule 26 (e) of the Federal Rules of Civil Procedure, these
Interrogatories shall be deemed to be continuing interrogatories and the answer to them are to be
supplemented upon acquisition of further additional information.

----------------

# DEFINITIONS

A.    The term "you" or "your" shall refer to Bloomberg, NYC, Klein and/or DOE, as well as its/their present and former directors, offices, agents, employees and all persons acting or purporting to act on their behalf including all present or former directors, officers, agents, employees and all other persons exercising or purporting to exercise discretion, decisions, policy and/or in positions of authority through which to make such decisions and/or policies.

B.    The term "UFT" shall refer to Defendants United Federation of Teachers and/or Weingarten.

C.    The term "Weingarten" shall refer to Defendant Randi Weingarten.

D.    The term "Combier" shall refer to Defendant Betsy Combier.

E.    The term "NYSUT" shall refer to the New York State United Teachers.

F.    The term "Amended Complaint" shall refer to the plaintiffs' Amended Complaint dated February 22, 2008.

G.    The term "3020-a hearings" refers to administrative arbitration hearings pursuant to which Plaintiffs are subject to potential discipline.

H.    The term "Arbitrators" refers to the persons who are empanelled to conduct the 3020-a hearings.

I.    The term "Article 21-g" refers to the provisions in the Collective Bargaining Agreement pursuant to which the 3020-a hearings are being conducted.

J.    The term "Teachers4Action" or "Teachers4Action Plaintiffs" refer to the association of teachers and its member teachers in the above referenced case entitled Teachers4Action et al v Bloomberg et al 08-cv-548 (VM)(AJP).

K.    The term "pedagogue" shall refer to tenured teachers.

L.    The term "Relevant Period" shall mean January 2002 to present.

M.    The term "Rubber Room" shall refer to a location to which Plaintiffs have been assigned, also known as a "Temporary Reassignment Center".

N.    The term "document(s)" shall mean correspondence, letters, brochures, materials, communications, emails and all other documents and drafts thereof including those maintained and/or stored electronically.

O.    As used herein, the words "document" or "documents", "record" or "records" shall include any written, printed, typed, graphic matter of any kind or nature, including all drafts and/or copies thereof, however produced, reproduced, maintained and/or stored, including electronically generated and/or stored documents, now in the possession, custody or control of the present or former directors, officers, agents, representatives and/or employees of Defendants or any and all persons acting in its behalf, including documents at any time in the possession, custody or control of individuals or entities, or known by Defendants to exist or have existed.

P.    The words 'identify", "identity" and/or "identification" shall:

a.    when used in reference to a natural person shall require a response with the full name and present and/or last known address, present and/or last known position and/or business affiliation of such person; and

b.    when used in reference to a document or record shall require a response with the exact date, author, intended recipient, all persons or departments copied thereon and the exact type of document or record (such as a letter, memorandum, facsimile, telegram, wire, report, photograph, bond etc.) or if the above information is not available some other means by which the document or record and its present location and the name of its present custodian can be identified. Note: If any such document or record was but is no longer in your possession, custody and/or control, or subject to your control, or is no longer in existence, state with specificity whether it is:

1.    missing or lost;

2.    has been destroyed;

3.    has been transferred, voluntarily or involuntarily to others; or

4.    has otherwise been disposed of, and in each such instance explain the circumstances surrounding the authorization for such disposition, and state the exact and/or approximate date of such disposition.

# INSTRUCTIONS

A. To the extent that information sought by any Interrogatory can be furnished by reference to the Answer or Response provided to another Interrogatory, kindly give the exact reference to such other Interrogatory and the basis upon which you consider such a response to a different Interrogatory responsive to this interrogatory.

B. Each Interrogatory shall be answered separately and fully to the best of your ability.

C. No Interrogatory is intended to call for a response that would be deemed to be intrusive of the attorney-client privilege, attorney work product or other applicable privileges. If any Interrogatory is objected to by you as being potentially intrusive of such a privilege, you are required to set forth fully the basis upon which such Interrogatory is deemed to be objectionable, and the facts upon which you shall rely in support of your objection.

D. If the Interrogatory calls for identification of any document, report, study, memorandum or other written or electronically generated and/or stored materials to which you claim such material can be withheld and/or not identified under a claim of privilege, you are directed to provide a "privilege log" identifying each such document for which the privilege is being claimed, together with the following information:

      i. Date;
      ii. Author;
      iii. Sender;
      iv. Intended Recipients;
      v. Persons Copied or to whom copies were furnished;
      vi. Job titles of all intended recipients, persons copied or who received copies;
      vii. Subject matter of the document;
      viii. Basis on which the asserted privilege is claimed; and
      ix. Paragraph(s) or portion(s) of these Interrogatories to which the document is otherwise responsive.

# **INTERROGATORIES**

**Interrogatory 1.**    Identify each and every person, including job description(s), and the location of the office from or in which such person works, who participated in the preparation of the responses to these Interrogatories.

Response:

**Interrogatory 2.**    Describe the reasons, including incentives, promises and/or consideration
provided and/or offered by NYC Defendants to Defendants UFT and/or
Weingarten as part of the negotiations to changes in Article 21 g of the
Collective Bargaining Agreement regarding the 3020-a hearings for
pedagogues, such as Plaintiffs?

Response:

**Interrogatory 3.**    Describe the policies, both written and verbal, with regard to Defendant
DOE's policies of filing multiple charges and specifications against
pedagogues, specifically plaintiffs, in addition to allegations presented
when teachers are sent to the reassignment centers?

Response:

**Interrogatory 4.**  Describe the investigations, research, studies, statistics and/or inquiries made by NYC Defendants with regard to the percentage of pedagogue teachers, such as Plaintiffs who, at the end of the 3020-a hearings are exonerated of all charges, without the imposition of fines, suspensions, reprimand or any other form of discipline?

Response:

**Interrogatory 5.**    Describe the investigations, research, studies, statistics and/or inquiries made by NYC Defendants with regard to the percentage of pedagogue teachers, such as Plaintiffs who after having been charged with incompetence, have at the end of the 3020-a hearings been exonerated and/or cleared of incompetence charges, without fines, suspension, reprimand or any form of discipline?

Response:

**Interrogatory 6.**    Explain why, and on whose authority, NYC Defendants representatives and/or agents, including but not limited to Office of Special Investigations ("OSI") and Special Commissioner of Investigation ("SCI") investigators do not allow pedagogue teachers, such as Plaintiffs, to have counsel present, in addition to or in place of union representatives, when OSI or SCI investigate, interrogate, interview and/or question the teachers?

Response:

**Interrogatory 7.**    Describe the directions, protocols and/or procedures that are provided by
NYC Defendants with regard to the selection and pay scale of arbitrators,
and specifically the reasons for selecting arbitrators who live hundreds
of miles from New York City?

Response:

**Interrogatory 8.**    Describe the investigations, research, studies, statistics and/or inquiries made by NYC Defendants with regard to the charges made by Defendant DOE against pedagogue teachers, including Plaintiffs, leading to 3020-a hearings and the rulings by the Arbitrators, on an arbitrator by arbitrator basis.

Response:

**Interrogatory 9.**     Explain why NYC Defendants and the arbitrators do not comply with the time requirements within which the 3020-a hearings are to be commenced and concluded?

Response:

**Interrogatory 10.**   Explain why NYC Defendants do not return or restore pedagogue
teachers, including plaintiffs, to service in instances when charges are not
filed within six (6) months of their being removed from their schools?

Response:

**Interrogatory 11.**     Set forth the name, address and contact information for each arbitrator who was removed from the Permanent Panel, since the permanent panel was established, and provide an explanation of why they were removed, and whether their removal was requested by NYC Defendants and/or Defendants UFT and/or Weingarten.

Response:

**Interrogatory 12.**    Describe the investigations, research, studies, statistics and/or inquiries made by NYC Defendants with regard to the pedagogue teachers, including plaintiffs, who have been in the rubber rooms more than once, and why.

Response:

**Interrogatory 13.**    Describe the investigations, research, studies, statistics and/or inquiries made by NYC Defendants with regard to pedagogue teachers removed from payroll without 3020-a hearings after being judged to be "mentally unfit" by a doctor employed or appointed by Defendant DOE and, without identifying the name of the subject teacher, provide the name of each such DOE doctor who issued a ruling that a teacher was "mentally unfit".

Response

**Interrogatory 14.**     Describe the rules, regulations, restrictions, procedures and practices, and the objective to be achieved, for such rules, regulations, restrictions, procedures and practices, enacted by Defendant DOE regarding each "Rubber Room" since it was established, including but not limited to restrictions on teachers ability to use phones, communicate with one another, go into and/or out of the Rubber Room during the course of the day, and the reason for the use of security guards at such Rubber Rooms.

Response:

**Interrogatory 15.**    Describe the safety procedures, rules, regulations and procedures, in the Rubber Rooms, including but not limited to the physical conditions, air quality, occupancy, fire standards, emergency practices and compliance with NYC, NYS and Federal laws related to safety requirements in facilities owned and/or operated by federal, state and municipal entities and publicly owned properties.

Response:

**Interrogatory 16.**   Identify with specificity the document retention and/or destruction policies for documents related to the allegations of the Complaint *Note: In lieu of a written response, you may simply attach and incorporate herein the document retention and/or destruction policies applicable to the Relevant Time Period.*

Response:

DATED: May __ , 2008

By:___ /s/ Edward D. Fagan_____
Edward D. Fagan Esq (EF-4125)
5 Penn Plaza, 23rd Floor
New York, NY  10001
(646) 378-2225
e-mail:  faganlaw.teachers@gmail.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

A courtesy copy of this First Limited Interrogatories has been provided to:

Blanche Greenfield Esq., Office of Corporation Counsel
100 Church Street, 4th Floor, New York, NY 10007, Via Fax # 212-788-8877 - Attorneys for
NYC Defendants
Bloomberg, NYC, Klein and NYC Department of Education

Charles Moerdler Esq., Stroock, Stroock & Lavan
180 Maiden Lane, New York, NY 10038, Via Fax # 212-806-6006
Attorneys for Defendants UFT, Weingarten and Combier

DATED: May ___, 2008                     By:___ /s/ Edward D. Fagan_____
                                         Edward D. Fagan Esq (EF-4125)
                                         5 Penn Plaza, 23rd Floor
                                         New York, NY 10001
                                         (646) 378-2225
                                         e-mail: faganlaw.teachers@gmail.com
                                         Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Teachers4Action et al,                                         :
                                            **Plaintiffs**     :        **CIVIL ACTION #**
                                                              :        **08-CV-548 (VM) (AJP)**
        -   vs -                                               :
                                                              :
Michael Bloomberg, et al,                                      :
                                            **Defendants.**    :
------------------------------------------------------------------X


====================================================================
## PLAINTIFFS' LIMITED FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS UFT, WEINGARTEN & COMBIER
====================================================================

TO:     Charles Moerdler Esq.
        Stroock, Stroock & Lavan
        180 Maiden Lane
        New York, NY 10038
        Via Fax # 212-806-6006
                Attorneys for Defendants UFT, Weingarten and Combier

CC:     Blanche Greenfield Esq.
        Office of Corporation Counsel
        100 Church Street, 4th Floor
        New York, NY  10007
        Via Fax # 212-788-8877
        Attorneys for NYC Defendants
                Bloomberg, NYC, Klein and NYC Department of Education


        **PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal Rules of Civil Procedure as well as the Local Rules for the United States District Court for the Southern District of New York, plaintiffs hereby demand that defendants United Federation of Teachers ("UFT"), Randi Weingarten (Weingarten") and Betsy Combier ("Combier") answer and and/or respond, under oath, by producing the Requested Documents as set forth below.

        To the extent permitted by Rule 26 (e) of the Federal Rules of Civil Procedure, these Requests of Production of Documents shall be deemed to be continuing requests and the responses to them are to be supplemented upon acquisition or discovery of further additional and/or responsive documents.

# DEFINITIONS

A.    The term "you" or "your" shall refer to UFT, Weingarten and/or Combier, as well as its/their present and former directors, offices, agents, employees and all persons acting or purporting to act on their behalf including all present or former directors, officers, agents, employees and all other persons exercising or purporting to exercise discretion, decisions, policy and/or in positions of authority through which to make such decisions and/or policies.

B.    The term "UFT" shall refer to Defendants United Federation of Teachers and/or Weingarten.

C.    The term "Weingarten" shall refer to Defendant Randi Weingarten.

D.    The term "Combier" shall refer to Defendant Betsy Combier.

E.    The term "NYSUT" shall refer to the New York State United Teachers.

F.    The term "Amended Complaint" shall refer to the plaintiffs' Amended Complaint dated February 22, 2008.

G.    The term "3020-a hearings" refers to administrative arbitration hearings pursuant to which Plaintiffs are subject to potential discipline.

H.    The term "Arbitrators" refers to the persons who are empanelled to conduct the 3020-a hearings.

I.    The term "Article 21-g" refers to the provisions in the Collective Bargaining Agreement pursuant to which the 3020-a hearings are being conducted.

J.    The term "Teachers4Action" or "Teachers4Action Plaintiffs" refer to the association of teachers and its member teachers in the above referenced case entitled Teachers4Action et al v Bloomberg et al 08-cv-548 (VM)(AJP).

K.    The term "pedagogue" shall refer to tenured teachers.

L.    The term "Relevant Period" shall mean January 2002 to present.

M.    The term "Rubber Room" shall refer to a location to which Plaintiffs have been assigned, also known as a "Temporary Reassignment Center".

N.    The term "document(s)" shall mean correspondence, letters, brochures, materials, communications, emails and all other documents and drafts thereof including those maintained and/or stored electronically.

O.    As used herein, the words "document" or "documents", "record" or "records" shall include any written, printed, typed, graphic matter of any kind or nature, including all drafts and/or copies thereof, however produced, reproduced, maintained and/or stored, including electronically generated and/or stored documents, now in the possession, custody or control of the present or former directors, officers, agents, representatives and/or employees of Defendants or any and all persons acting in its behalf, including documents at any time in the possession, custody or control of individuals or entities, or known by Defendants to exist or have existed.

P.    The words 'identify", "identity" and/or "identification" shall:

a.    when used in reference to a natural person shall require a response with the full name and present and/or last known address, present and/or last known position and/or business affiliation of such person; and

b.    when used in reference to a document or record shall require a response with the exact date, author, intended recipient, all persons or departments copied thereon and the exact type of document or record (such as a letter, memorandum, facsimile, telegram, wire, report, photograph, bond etc.) or if the above information is not available some other means by which the document or record and its present location and the name of its present custodian can be identified. Note: If any such document or record was but is no longer in your possession, custody and/or control, or subject to your control, or is no longer in existence, state with specificity whether it is:

1.    missing or lost;

2.    has been destroyed;

3.    has been transferred, voluntarily or involuntarily to others; or

4.    has otherwise been disposed of, and in each such instance explain the circumstances surrounding the authorization for such disposition, and state the exact and/or approximate date of such disposition.

## DOCUMENTS REQUESTED

**REQUEST # 1**    Documents related to the negotiations and alleged agreements
between Defendants DOE and UFT related to the changes to
Article 21-g, as they related to the conduct of 3020-a hearings and
the rights in such hearings of pedagogue teachers, such as
Plaintiffs.

**Response # 1**

**REQUEST # 2**    Document identified by Defendant DOE representative Theresa
Europe at the May 5, 2008 3020-a hearing in the matter of Olga
Batyreva, before Arbitrator Jack Tillem, in which Defendant DOE
acknowledges that the language of the Collective Bargaining
Agreement, and specifically Article 21-g of the Collective
Bargaining Agreement, does not deprive pedagogue teachers, such
as plaintiffs, of their right to a Three Person Panel of Arbitrators.

**Response # 2**

**REQUEST # 3**      Document identified by Defendant DOE representative Theresa
Europe at the May 5, 2008 3020-a hearing in the matter of Olga
Batyreva, before Arbitrator Jack Tillem, which Defendant DOE
claims to have received from Defendants UFT and/or Weingarten,
in which Defendant UFT and/or Weingarten, allegedly
acknowledges "failure to include", "omission" or "oversight"
regarding language of the Collective Bargaining Agreement, and
specifically Article 21-g of the Collective Bargaining Agreement,
and that it was intended to deprive pedagogue teachers, such as
plaintiffs, of their right to a Three Person Panel of Arbitrators.

**Response # 3**

**REQUEST # 4**     Documents related to the empanelling of the permanent panel of
Arbitrators to conduct the 3020-a hearings, and the vetting process
through which potential conflicts of interest of proposed individual
Arbitrators are disclosed to pedagogue teachers, such as Plaintiffs,
to challenge the permanent panel or the individual arbitrators.

**Response # 4**

**REQUEST # 5**    Documents received by, sent from and/or internal documents of Defendants UFT, Weingarten and Combier regarding claims by pedagogue teachers, such as Plaintiffs, that the NYC public schools to which Plaintiffs were assigned and/or the Rubber Rooms to which Plaintiffs were assigned were Hostile Work Environments.

**Response # 5**

**REQUEST # 6**    Documents received by, sent from and/or internal documents of Defendants UFT, Weingarten and/or Combier, regarding conditions in Rubber Rooms, health violations, safety violations and potential dangers (both physical and psychological) to persons in the Rubber Rooms.

**Response # 6**

**REQUEST # 7**    Documents received by, sent from and/or internal documents of Defendants UFT, Weingarten and/or Combier, regarding alleged targeting, discrimination, retaliation, harassment, bringing of false charges and/or due process violations regarding tenured pedagogue teachers, including Plaintiffs.

**Response # 7**

**REQUEST # 8**     Documents received by, sent from and/or internal documents of Defendants UFT, Weingarten and/or Combier regarding the alleged conflict of interest between plaintiffs and their NYSUT attorneys, instructions given to and/or the decision that NYSUT attorneys should withdraw from representing teachers in ongoing 3020-a hearings if those teachers were named Plaintiffs in the instant action.

**Response # 8**

**REQUEST # 9**       Documents received by, sent from and/or internal documents of
Defendants UFT and Weingarten regarding Defendant Combier
between the period from January 2001 to October 2007, prior to
Defendant Combier becoming an official representative of
Defendant UFT.

**Response # 9**

**REQUEST # 10**    Documents received by, sent from and/or internal documents of Defendants UFT and Weingarten and/or its counsel Stroock, Stroock & Lavan, regarding Defendant Combier related to her individual actions as a "purported" journalist and/or in her capacity as one of the Directors of "The E-Accountability Foundation" and the articles that were written, published, or re-published and which started to appear on websites, including but not limited to www.parentadvocates.com , from February 8, 2008 to the present.

**Response # 10**

**REQUEST # 11**      Documents received by, sent from and/or internal documents of
Defendants UFT and Weingarten to, from or related to any third
party regarding Teachers4Action in response to and/or after the
January 15, 2008 letter by Florian Lewenstein, President of
Teachers4Action, to Defendants Bloomberg and Klein (See
Exhibit 1 attached).

**Response # 11**

**REQUEST # 12**    Documents received by, sent from and/or internal documents of
Defendants UFT, Weingarten and Combier to, from or related to
defenses, strategies, claims and efforts to be taken from January 15,
2008 to the present related to Teachers4Action, its members or its
counsel.


**Response # 12**

**REQUEST # 13**     Documents received by, sent from and/or internal documents of
Defendants UFT, Weingarten and Combier exchanged between
NYC Defendants and the Arbitrators related to Teachers4Action,
its members or its counsel during the period from January 15, 2008
to the present.


**Response # 13**

**REQUEST # 14**     Documents, memoranda, notes and/or other records related to
meetings conducted or to be conducted, at the direction of
Defendants UFT and/or Weingarten, and including Defendant
Combier or other representatives of Defendants UFT and/or
Weingarten at the Rubber Rooms with Teachers4Action members
from January 15, 2008 to the present, with regard to
Teachers4Action member claims in the present action, including
but not limited to claims against NYC Defendants and/or
Defendant UFT, Weingarten and Combier.


**Response # 14**

**REQUEST # 15**    Copy of conflicts waivers between Defendants UFT, Weingarten and Combier pursuant to which Stroock, Stroock and Lavan is allowed to represent Defendants UFT, Weingarten and Combier in relation to Plaintiffs claims against each defendant individually and in relation to the waiver of Cross Claims and other defenses and claims that exist as between each such Defendant.

**Response # 15**

**REQUEST # 16**       Copy of Retainer Agreement and/or any contracts between
                       NYSUT and Defendant UFT related to representation of teachers
                       in 3020-a hearings.

**Response # 16**

**REQUEST # 17**    Copy of Opinion Letters or other notifications received by and/or pursuant to which Defendant UFT, was informed or determined that the existence of the instant Amended Complaint, presented an unwaiveable conflict (such as was stated on the record by Charles Moerdler, counsel for UFT, in Court on May 1, 2008) which alleged that unwaiveable conflict required NYSUT to withdraw its representation of teachers in 3020-a hearings.

**Response # 17**

DATED: May ___ , 2008

By:___ /s/ Edward D. Fagan_____
Edward D. Fagan Esq (EF-4125)
5 Penn Plaza, 23rd Floor
New York, NY 10001
(646) 378-2225
e-mail:  faganlaw.teachers@gmail.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

A copy of this First Limited Request for Production of Documents to Defendants UFT, Weingarten and Combier has been provided to:

Charles Moerdler Esq., Stroock, Stroock & Lavan
180 Maiden Lane, New York, NY 10038, Via Fax # 212-806-6006
Attorneys for Defendants UFT, Weingarten and Combier

Blanche Greenfield Esq., Office of Corporation Counsel
100 Church Street, 4th Floor, New York, NY 10007, Via Fax # 212-788-8877 -
Attorneys for NYC Defendants
Bloomberg, NYC, Klein and NYC Department of Education

DATED: May ___, 2008                By:___/s/ Edward D. Fagan_____
                                    Edward D. Fagan Esq (EF-4125)
                                    5 Penn Plaza, 23rd Floor
                                    New York, NY 10001
                                    (646) 378-2225
                                    e-mail: faganlaw.teachers@gmail.com
                                    Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Teachers4Action et al,                              :

                   **Plaintiffs**  :      **CIVIL ACTION #**
                               :      **08-CV-548 (VM) (AJP)**

   -  **vs** -                              :

                               :
**Michael Bloomberg, et al,**                      :

                 **Defendants.**  :
------------------------------------------------------------------------X

==================================================================

## PLAINTIFFS' LIMITED FIRST SET OF INTERROGATORIES
## OF DEFENDANTS UFT, WEINGARTEN & COMBIER

==================================================================

TO:    Charles Moerdler Esq.
         Stroock, Stroock & Lavan
         180 Maiden Lane
         New York, NY 10038
         Via Fax # 212-806-6006
         Attorneys for Defendants UFT, Weingarten and Combier


Cc:    Blanche Greenfield Esq.
         Office of Corporation Counsel
         100 Church Street, 4th Floor
         New York, NY 10007
         Via Fax # 212-788-8877
         Attorneys for NYC Defendants
                Bloomberg, NYC, Klein and NYC Department of Education


     **PLEASE TAKE NOTICE** that pursuant to Rule 33 of the Federal Rules of Civil
Procedure as well as the Local Rules for the United States District Court for the Southern District
of New York, plaintiffs hereby demand that defendants United Federation of Teachers ("UFT"),
Randi Weingarten (Weingarten") and Betsy Combier ("Combier") answer and and/or respond,
under oath, to the Interrogatories as set forth below.

     To the extent permitted by Rule 26 (e) of the Federal Rules of Civil Procedure, these
Requests of Production of Documents shall be deemed to be continuing requests and the
responses to them are to be supplemented upon acquisition or discovery of further additional
and/or responsive documents.

---------------

# **DEFINITIONS**

A.   The term "you" or "your" shall refer to UFT, Weingarten and Combier, as well as its/their present and former directors, offices, agents, employees and all persons acting or purporting to act on their behalf including all present or former directors, officers, agents, employees and all other persons exercising or purporting to exercise discretion, decisions, policy and/or in positions of authority through which to make such decisions and/or policies.

B.   The term "UFT" shall refer to Defendants United Federation of Teachers and/or Weingarten.

C.   The term "Weingarten" shall refer to Defendant Randi Weingarten.

D.   The term "Combier" shall refer to Defendant Betsy Combier.

E.   The term "NYSUT" shall refer to the New York State United Teachers.

F.   The term "Amended Complaint" shall refer to the plaintiffs' Amended Complaint dated February 22, 2008.

G.   The term "3020-a hearings" refers to administrative arbitration hearings pursuant to which Plaintiffs are subject to potential discipline.

H.   The term "Arbitrators" refers to the persons who are empanelled to conduct the 3020-a hearings.

I.   The term "Article 21-g" refers to the provisions in the Collective Bargaining Agreement pursuant to which the 3020-a hearings are being conducted.

J.   The term "Teachers4Action" or "Teachers4Action Plaintiffs" refer to the association of teachers and its member teachers in the above referenced case entitled Teachers4Action et al v Bloomberg et al 08-cv-548 (VM)(AJP).

K.   The term "pedagogue" shall refer to tenured teachers.

L.   The term "Relevant Period" shall mean January 2002 to present.

M.   The term "Rubber Room" shall refer to a location to which Plaintiffs have been assigned, also known as a "Temporary Reassignment Center".

N.   The term "document(s)" shall mean correspondence, letters, brochures, materials, communications, emails and all other documents and drafts thereof including those maintained and/or stored electronically.

----------------

O.    As used herein, the words "document" or "documents", "record" or "records" shall include any written, printed, typed, graphic matter of any kind or nature, including all drafts and/or copies thereof, however produced, reproduced, maintained and/or stored, including electronically generated and/or stored documents, now in the possession, custody or control of the present or former directors, officers, agents, representatives and/or employees of Defendants or any and all persons acting in its behalf, including documents at any time in the possession, custody or control of individuals or entities, or known by Defendants to exist or have existed.

P.    The words 'identify", "identity" and/or "identification" shall:

a.    when used in reference to a natural person shall require a response with the full name and present and/or last known address, present and/or last known position and/or business affiliation of such person; and

b.    when used in reference to a document or record shall require a response with the exact date, author, intended recipient, all persons or departments copied thereon and the exact type of document or record (such as a letter, memorandum, facsimile, telegram, wire, report, photograph, bond etc.) or if the above information is not available some other means by which the document or record and its present location and the name of its present custodian can be identified.  Note: If any such document or record was but is no longer in your possession, custody and/or control, or subject to your control, or is no longer in existence, state with specificity whether it is:

1.    missing or lost;

2.    has been destroyed;

3.    has been transferred, voluntarily or involuntarily to others; or

4.    has otherwise been disposed of, and in each such instance explain the circumstances surrounding the authorization for such disposition, and state the exact and/or approximate date of such disposition.

--------------

# INSTRUCTIONS

A. To the extent that information sought by any Interrogatory can be furnished by reference to the Answer or Response provided to another Interrogatory, kindly give the exact reference to such other Interrogatory and the basis upon which you consider such a response to a different Interrogatory responsive to this interrogatory.

B. Each Interrogatory shall be answered separately and fully to the best of your ability.

C. No Interrogatory is intended to call for a response that would be deemed to be intrusive of the attorney-client privilege, attorney work product or other applicable privileges. If any Interrogatory is objected to by you as being potentially intrusive of such a privilege, you are required to set forth fully the basis upon which such Interrogatory is deemed to be objectionable, and the facts upon which you shall rely in support of your objection.

D. If the Interrogatory calls for identification of any document, report, study, memorandum or other written or electronically generated and/or stored materials to which you claim such material can be withheld and/or not identified under a claim of privilege, you are directed to provide a "privilege log" identifying each such document for which the privilege is being claimed, together with the following information:

   i. Date;
   ii. Author;
   iii. Sender;
   iv. Intended Recipients;
   v. Persons Copied or to whom copies were furnished;
   vi. Job titles of all intended recipients, persons copied or who received copies;
   vii. Subject matter of the document;
   viii. Basis on which the asserted privilege is claimed; and
   ix. Paragraph(s) or portion(s) of these Interrogatories to which the document is otherwise responsive.

# INTERROGATORIES

**Interrogatory 1.**     Identify each and every person, including job description(s), and the
location of the office from or in which such person works, who
participated in the preparation of the responses to these Interrogatories.

Response:

**Interrogatory 2.**    Describe the reasons, including incentives, promises and/or consideration provided and/or offered by Defendants UFT and/or Weingarten to NYC Defendants as part of the negotiations to changes in Article 21 g of the Collective Bargaining Agreement regarding the 3020-a hearings for pedagogues, such as Plaintiffs?

Response:

**Interrogatory 3.**     Describe the investigations, research, studies, statistics and/or inquiries made by Defendant UFT with regard to the percentage of pedagogue teachers, such as Plaintiffs who, at the end of the 3020-a hearings are exonerated of all charges, without the imposition of fines, suspensions, reprimand or any other form of discipline?

Response:

**Interrogatory 4.**     Describe the investigations, research, studies, statistics and/or inquiries made by Defendant UFT with regard to the percentage of pedagogue teachers, such as Plaintiffs who, after having been charged with incompetence, have at the end of the 3020-a hearings been exonerated and/or cleared of incompetence charges, without fines, suspension, reprimand or any form of discipline?

Response:

**Interrogatory 5.**    Describe the directions, protocols and/or procedures that are provided by
Defendant UFT with regard to the selection and pay scale of arbitrators,
and specifically the reasons for selecting arbitrators who live hundreds
of miles from New York City?

Response:

**Interrogatory 6.**    Describe the investigations, research, studies, statistics and/or inquiries made by Defendant UFT with regard to the charges made by Defendant DOE against pedagogue teachers, including Plaintiffs, leading to 3020-a hearings, and the rulings by the Arbitrators, on an arbitrator by arbitrator basis.

Response:

**Interrogatory 7.**     Explain what actions were taken by Defendant UFT with regard to the failure of the Arbitrators to comply with the time requirements within which the 3020-a hearings are to be commenced and concluded?

Response:

**Interrogatory 8.**    Explain what actions were taken by Defendant UFT with regard to the NYC Defendants failure to return or restore pedagogue teachers, including plaintiffs, to service in instances when charges are not filed within six (6) months of their being removed from their schools?

Response:

**Interrogatory 9.**    Set forth the name, address and contact information for each arbitrator who was removed from the Permanent Panel, since the permanent panel was established, and provide an explanation of why they were removed, and whether their removal was requested by NYC Defendants and/or Defendants UFT and/or Weingarten.

Response:

**Interrogatory 10.**    Describe the investigations, research, studies, statistics and/or inquiries made by NYC Defendants with regard to the pedagogue teachers, including plaintiffs, who have been in the rubber rooms more than once, and why.

Response:

**Interrogatory 11.**    Describe the investigations, research, studies, statistics and/or inquiries made by Defendant UFT with regard to pedagogue teachers removed from payroll without 3020-a hearings after being judged to be "mentally unfit" by a doctor employed or appointed by Defendant DOE and, without identifying the name of the subject teacher, provide the name of each such DOE doctor who issued a ruling that a teacher was "mentally unfit".

Response

**Interrogatory 12.**    Describe what if any actions were taken by Defendant UFT with regard to rules, regulations, restrictions, procedures and practices, and the objectives to be achieved, for rules, regulations, restrictions, procedures and practices, enacted by Defendant DOE regarding each "Rubber Room" since it was established, including but not limited to restrictions on teachers ability to use phones, communicate with one another, go into and/or out of the Rubber Room during the course of the day, and the reason for the use of security guards at such Rubber Rooms.

Response:

**Interrogatory 13.**    Describe what if any actions were taken by Defendant UFT with regard to the safety procedures, rules, regulations and procedures, in the Rubber Rooms, including but not limited to the physical conditions, air quality, occupancy, fire standards, emergency practices and compliance with NYC, NYS and Federal laws related to safety requirements in facilities owned and/or operated by federal, state and municipal entities and publicly owned properties.

Response:

**Interrogatory 14.**                What if any actions were taken by Defendant UFT to insure that
                              pedagogue teachers, such as plaintiffs, receive access to training,
                              educational or professional advancement seminars, rehabilitative
                              training or other opportunities for advancement while they are
                              confined to Rubber Rooms pending 3020-a hearings ?

Response

**Interrogatory 15.**              What actions were taken by Defendant UFT in response to and/or against Teachers4Action or its members after January 15, 2008 in response to the claims raised by Plaintiffs against NYC Defendants and Defendants UFT, Weingarten and Combier?

Response

**Interrogatory 16.**    Describe what instructions were given by Defendant UFT to its representatives, including Combier, who visited, and who did in fact convene meetings in, the Rubber Rooms during the period of February 2008 forward, and specifically what offers were made, or what warnings were made, and on what authority offers or warnings were made, as an effort to get Plaintiffs to withdraw their claims against Defendants UFT, Weingarten and/or Combier, or to allow Defendant UFT and its counsel to assume responsibility for the instant action against NYC Defendants.

Response

**Interrogatory 17.**       Describe the instructions, directions and/or notifications, including
                            notifications of unwaivable conflicts of interest, sent or given by
                            Defendant UFT to NYSUT attorneys, or agreements between
                            Defendant UFT and NYSUT attorneys, that led to NYSUT
                            attorneys withdrawal of NYSUT representation of
                            Teachers4Action member plaintiffs in the instant lawsuit in the
                            3020-a hearings?

Response

**Interrogatory 18.**    Identify with specificity the document retention and/or destruction policies for documents related to the allegations of the Complaint *Note: In lieu of a written response, you may simply attach and incorporate herein the document retention and/or destruction policies applicable to the Relevant Time Period.*

Response:

DATED:  May __ , 2008

By:___ /s/ Edward D. Fagan_____
Edward D. Fagan Esq (EF-4125)
5 Penn Plaza, 23rd Floor
New York, NY  10001
(646) 378-2225
e-mail:  faganlaw.teachers@gmail.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

A courtesy copy of this First Limited Interrogatories has been provided to:

Blanche Greenfield Esq., Office of Corporation Counsel
100 Church Street, 4th Floor, New York, NY 10007, Via Fax # 212-788-8877 - Attorneys for
NYC Defendants
Bloomberg, NYC, Klein and NYC Department of Education

Charles Moerdler Esq., Stroock, Stroock & Lavan
180 Maiden Lane, New York, NY 10038, Via Fax # 212-806-6006
Attorneys for Defendants UFT, Weingarten and Combier

DATED: May ___, 2008                    By:___/s/ Edward D. Fagan_____
                                        Edward D. Fagan Esq (EF-4125)
                                        5 Penn Plaza, 23rd Floor
                                        New York, NY 10001
                                        (646) 378-2225
                                        e-mail: faganlaw.teachers@gmail.com
                                        Attorney for Plaintiffs

# EDWARD D. FAGAN ESQ.

Five Penn Plaza, 23rd Floor, NY, NY 10001, Tel. (646) 378-2225
Email: faganlawintl@aim.com (Official Email Address for Court Documents)
Email : faganlaw.teachers@gmail.com (Email Address for *Teachers4Action* Case)

*Via Fax (212) 805-7933*                                                    *May 13, 2008*
Honorable Andrew J. Peck, USMJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers
New York, NY 10007

         *Re:*    *Teachers4Action et al v. Bloomberg et al, 08-cv-548 (VM)(AJP)*

Honorable Judge Peck:

As Your Honor knows, I am counsel for Plaintiffs in the above referenced matter.

I submit this letter in support of Plaintiffs' Motion for Permission to serve the Limited Requests
for Production of Documents and Interrogatories on Defendants Michael Bloomberg
("Bloomberg"), City of New York City ("NYC"), Joel Klein ("Klein") and New York City
Department of Education ("DOE") (hereinafter collectively referred to as "NYC Defendants") ,
and Defendants United Federation of Teachers ("UFT"), Randi Weingarten ("Weingarten") and
Betsy Combier ("Combier").[1]

### Relevant Facts

As explained in the accompanying Declaration of Florian Lewenstein, (i) as to NYC Defendants,
Plaintiffs seek permission to serve sixteen (16) Interrogatories and eleven (11) Requests for
Production of Documents; and (ii) as to Defendants UFT, Weingarten and Combier, Plaintiffs
seek permission to serve eighteen (18) Interrogatories and seventeen (17) Requests for
Production of Documents. *See Lewenstein Declaration ¶ 4.*

The limited Document Requests and Interrogatories were designed to help focus the factual and
legal issues upon which Plaintiffs have predicated their claims for, among other things (i) due
process violations related to the 3020-a hearings and Article 21-g of the Collective Bargaining
Agreement, (ii) harassment, (iii) retaliation, (iv) discrimination, (v) hostile work environment, (vi)
constructive discharge, (vii) breach of duty of fair representation and for other relief. *See
Lewenstein Declaration ¶ 5.*

Production of the documents requested and responses to the limited interrogatories at this time
will help reduce or at a minimum focus the issues in future Motions so that the Court can
expeditiously rule upon the upcoming motions to dismiss by Defendants and the motions for
partial Summary Judgment which Plaintiffs believe may be dispositive among others,
Plaintiffs claims for (i) Due Process Violations related to the conduct of the 3020-a hearings; (ii)
1st, 5th & 14th Amendment claims related to Article 21-g and Education Law 3020 and 3020-a as
relates to the rights of pedagogue tenured teachers; (iii) Discrimination, Retaliation and
Harassment claims; (iv) Hostile Work Environment claims related to the Rubber Rooms; and (v)

---

[1] These are the papers referred to in my May 8th letter to the Court. The papers have been dated to show the exact
date of submission to the Court.

# EDWARD D. FAGAN ESQ.

*Hon. Andrew J. Peck USMJ – May 13, 2008 Letter Memorandum – Page 2*
*Re:    Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*
-------------

Breach of Duty of Fair Representation claims against Defendant UFT for its actions related to Article 21-g, the withdrawal of NYSUT counsel from representing Plaintiffs in the ongoing 3020-a hearings based on alleged unwaivable conflict and/or refusal to waive the conflict so that Plaintiffs could be represented by NYSUT counsel. *See Lewenstein Declaration ¶ 6.*

Plaintiffs seek only documents or interrogatory responses on matters as to which Plaintiffs have knowledge from Defendants themselves, or their representatives, based on statements made by one or more of the Defendants during one or more 3020-a hearings, or in one or more of the proceedings in Federal Court or in State Court, since this action was commenced on January 21, 2008. *See Lewenstein Declaration ¶ 7.*

## Authority to Grant Request

FRCP Rule 26 (d) provides in pertinent part, that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except when authorized by court order which the Court may grant for the parties' and witnesses' convenience and in the interests of justice.

FRCP Rule 26 (a) provides in pertinent part, that a party must, without awaiting a discovery request, provide to the other parties, among other things,

    (i)      identities of witnesses likely to have discoverable information, along with subjects of that information, that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

    (ii)     documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

On May 1, 2008, the Court permitted Plaintiff to make this Motion for permission to serve limited discovery requests.

The discovery requests include requests that are consistent with the Defendants Rule 26 (a) initial disclosure requirements. Also, to the extent the documents and/or information would not otherwise be part of Rule 26 (a) disclosures, the discovery requests are directed at some of the threshold factual and legal issues in this case. The Limited Requests for Production of Documents and Interrogatories do not constitute a "fishing expedition." They will not unduly burden the Defendants. The limited discovery requests will promote the interests of justice and convenience to the parties and the Court by permitting the parties to avoid future potentially unnecessary and expensive discovery and motion practice.

Finally, the use of these limited and focused discovery requests will allow Plaintiffs to restore the case to a point where it can be moved consistent with Rule 4 of Magistrate Judge Peck's Individual Rules

# EDWARD D. FAGAN ESQ.

*Hon. Andrew J. Peck USMJ – May 13, 2008 Letter Memorandum – Page 3*
*Re:     Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*

-------------

## Conclusion

In view of the foregoing, Plaintiffs request the Court permit the service of the proposed Limited Requests for Production of Documents and Interrogatories. Plaintiffs request that the Court convene an Oral Argument on this Motion pursuant to Rule 3 E of the Court's Individual Rules.

Respectfully submitted,

Edward D. Fagan

EDF/lsf

Cc:     *Blanche Greenfield Esq. – For NYC Defendants - Fax # (212) 788-8877*
         *Charles Moerdler Esq. – For Defendants UFT, Weingarten & Combier – Fax # (212) 806-6006*