UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| TEACHERS4ACTION, et al., | : | Index No. 08 Civ. 548 (VM) (AJP) |
|  | : |  |
| Plaintiffs, | : |  |
| v. | : | **DECLARATION OF** |
|  | : | **CHARLES G. MOERDLER IN** |
| MICHAEL G. BLOOMBERG, et al., | : | **OPPOSITION TO PLAINTIFFS'** |
|  | : | **MOTION FOR LIMITED** |
| Defendants. | : | **DISCOVERY** |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHARLES G. MOERDLER, under penalty of perjury, declares:

I am a member of Stroock & Stroock & Lavan LLP ("Stroock"), counsel for defendants Randi Weingarten, President of the United Federation of Teachers ("UFT"), and the UFT, in the above-captioned action. I have personal knowledge of the facts set forth below.

1.      I submit this Declaration and the accompanying Memorandum of Law in opposition to Plaintiffs' Motion for Permission to Serve Limited Discovery Requests, received May 14, 2008.

2.      For the Court's convenience, annexed hereto as Exhibit A is a copy of Plaintiffs' proposed "Limited First Request for Production of Documents From Defendants UFT, Weingarten & Combier."

3.      Annexed as Exhibit B is a copy of Plaintiffs' proposed "Limited First Set of Interrogatories of Defendants UFT, Weingarten & Combier."

**WHEREFORE**, for the reasons set forth in the accompanying memorandum of law

Defendants UFT, Weingarten and Combier respectfully requests that

(1) Plaintiffs' motion be denied; and

(2) such other and further relief as the Court deems just and proper.

Dated: New York, New York
        May 30, 2008

_____
CHARLES G. MOERDLER

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Teachers4Action et al,

                                    Plaintiffs        :        CIVIL ACTION #
                                                               08-CV-548 (VM) (AJP)
        - vs -

Michael Bloomberg, et al,

-------------------------------------------------------X        Defendants.

PLAINTIFFS' LIMITED FIRST REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DEFENDANTS UFT, WEINGARTEN & COMBIER

TO:     Charles Moerdler Esq.
        Stroock, Stroock & Lavan
        180 Maiden Lane
        New York, NY 10038
        Via Fax # 212-806-6006
                Attorneys for Defendants UFT, Weingarten and Combier

CC:     Blanche Greenfield Esq.
        Office of Corporation Counsel
        100 Church Street, 4th Floor
        New York, NY 10007
        Via Fax # 212-788-8877
        Attorneys for NYC Defendants
                Bloomberg, NYC, Klein and NYC Department of Education

        **PLEASE TAKE NOTICE** that pursuant to Rule 34 of the Federal Rules of Civil
Procedure as well as the Local Rules for the United States District Court for the Southern
District of New York, plaintiffs hereby demand that defendants United Federation of
Teachers ("UFT"), Randi Weingarten ("Weingarten") and Betsy Combier ("Combier")
answer and and/or respond, under oath, by producing the Requested Documents as set
forth below.

        To the extent permitted by Rule 26 (e) of the Federal Rules of Civil Procedure,
these Requests of Production of Documents shall be deemed to be continuing requests
and the responses to them are to be supplemented upon acquisition or discovery of further
additional and/or responsive documents.

---------------------------------

# DEFINITIONS

**A.**     The term "you" or "your" shall refer to UFT, Weingarten and/or Combier, as well as its/their present and former directors, offices, agents, employees and all persons acting or purporting to act on their behalf including all present or former directors, officers, agents, employees and all other persons exercising or purporting to exercise discretion, decisions, policy and/or in positions of authority through which to make such decisions and/or policies.

**B.**     The term "UFT" shall refer to Defendants United Federation of Teachers and/or Weingarten.

**C.**     The term "Weingarten" shall refer to Defendant Randi Weingarten.

**D.**     The term "Combier" shall refer to Defendant Betsy Combier.

**E.**     The term "NYSUT" shall refer to the New York State United Teachers.

**F.**     The term "Amended Complaint" shall refer to the plaintiffs' Amended Complaint dated February 22, 2008.

**G.**     The term "3020-a hearings" refers to administrative arbitration hearings pursuant to which Plaintiffs are subject to potential discipline.

**H.**     The term "Arbitrators" refers to the persons who are empanelled to conduct the 3020-a hearings.

**I.**     The term "Article 21-g" refers to the provisions in the Collective Bargaining Agreement pursuant to which the 3020-a hearings are being conducted.

**J.**     The term "Teachers4Action" or "Teachers4Action Plaintiffs" refer to the association of teachers and its member teachers in the above referenced case entitled Teachers4Action et al v Bloomberg et al 08-cv-548 (VM)(AJP).

**K.**     The term "pedagogue" shall refer to tenured teachers.

**L.**     The term "Relevant Period" shall mean January 2002 to present.

**M.**     The term "Rubber Room" shall refer to a location to which Plaintiffs have been assigned, also known as a "Temporary Reassignment Center".

**N.**     The term "document(s)" shall mean correspondence, letters, brochures, materials, communications, emails and all other documents and drafts thereof including those maintained and/or stored electronically.

---

O.    As used herein, the words "document" or "documents", "record" or "records" shall include any written, printed, typed, graphic matter of any kind or nature, including all drafts and/or copies thereof, however produced, reproduced, maintained and/or stored, including electronically generated and/or stored documents, now in the possession, custody or control of the present or former directors, officers, agents, representatives and/or employees of Defendants or any and all persons acting in its behalf, including documents at any time in the possession, custody or control of individuals or entities, or known by Defendants to exist or have existed.

P.    The words 'identify', "identity" and/or "identification" shall:

a.    when used in reference to a natural person shall require a response with the full name and present and/or last known address, present and/or last known position and/or business affiliation of such person; and

b.    when used in reference to a document or record shall require a response with the exact date, author, intended recipient, all persons or departments copied thereon and the exact type of document or record (such as a letter, memorandum, facsimile, telegram, wire, report, photograph, bond etc.) or if the above information is not available some other means by which the document or record and its present location and the name of its present custodian can be identified. Note: If any such document or record was but is no longer in your possession, custody and/or control, or subject to your control, or is no longer in existence, state with specificity whether it is:

1.    missing or lost;

2.    has been destroyed;

3.    has been transferred, voluntarily or involuntarily to others; or

4.    has otherwise been disposed of, and in each such instance explain the circumstances surrounding the authorization for such disposition, and state the exact and/or approximate date of such disposition.

---

## DOCUMENTS REQUESTED

**REQUEST # 1**    Documents related to the negotiations and alleged agreements between Defendants DOE and UFT related to the changes to Article 21-g, as they related to the conduct of 3020-a hearings and the rights in such hearings of pedagogue teachers, such as Plaintiffs.

**Response # 1**

**REQUEST # 2**    Document identified by Defendant DOE representative Theresa
Europe at the May 5, 2008 3020-a hearing in the matter of Olga
Batyreva, before Arbitrator Jack Tillem, in which Defendant DOE
acknowledges that the language of the Collective Bargaining
Agreement, and specifically Article 21-g of the Collective
Bargaining Agreement, does not deprive pedagogue teachers, such
as plaintiffs, of their right to a Three Person Panel of Arbitrators.


**Response # 2**

**REQUEST # 3**    Document identified by Defendant DOE representative Theresa Europe at the May 5, 2008 3020-a hearing in the matter of Olga Batyreva, before Arbitrator Jack Tillem, which Defendant DOE claims to have received from Defendants UFT and/or Weingarten, in which Defendant UFT and/or Weingarten, allegedly acknowledges "failure to include", "omission" or "oversight" regarding language of the Collective Bargaining Agreement, and specifically Article 21-g of the Collective Bargaining Agreement, and that it was intended to deprive pedagogue teachers, such as plaintiffs, of their right to a Three Person Panel of Arbitrators.

**Response # 3**

**REQUEST # 4**    Documents related to the empanelling of the permanent panel of
Arbitrators to conduct the 3020-a hearings, and the vetting process
through which potential conflicts of interest of proposed individual
Arbitrators are disclosed to pedagogue teachers, such as Plaintiffs,
to challenge the permanent panel or the individual arbitrators.

**Response # 4**

**REQUEST # 5**        Documents received by, sent from and/or internal documents of
Defendants UFT, Weingarten and Combier regarding claims by
pedagogue teachers, such as Plaintiffs, that the NYC public
schools to which Plaintiffs were assigned and/or the Rubber
Rooms to which Plaintiffs were assigned were Hostile Work
Environments.

**Response # 5**

**REQUEST # 6**    Documents received by, sent from and/or internal documents of
Defendants UFT, Weingarten and/or Combier, regarding
conditions in Rubber Rooms, health violations, safety violations
and potential dangers (both physical and psychological) to persons
in the Rubber Rooms.

**Response # 6**

**REQUEST # 7**    Documents received by, sent from and/or internal documents of
Defendants UFT, Weingarten and/or Combier, regarding alleged
targeting, discrimination, retaliation, harassment, bringing of false
charges and/or due process violations regarding tenured pedagogue
teachers, including Plaintiffs.

**Response # 7**

**REQUEST # 8**        Documents received by, sent from and/or internal documents of
Defendants UFT, Weingarten and/or Combier regarding the
alleged conflict of interest between plaintiffs and their NYSUT
attorneys, instructions given to and/or the decision that NYSUT
attorneys should withdraw from representing teachers in ongoing
3020-a hearings if those teachers were named Plaintiffs in the
instant action.


**Response # 8**

------------------------------------

**REQUEST # 9**    Documents received by, sent from and/or internal documents of
Defendants UFT and Weingarten regarding Defendant Combier
between the period from January 2001 to October 2007, prior to
Defendant Combier becoming an official representative of
Defendant UFT.

**Response # 9**

**REQUEST # 10**    Documents received by, sent from and/or internal documents of Defendants UFT and Weingarten and/or its counsel Stroock, Stroock & Lavan, regarding Defendant Combier related to her individual actions as a "purported" journalist and/or in her capacity as one of the Directors of "The E-Accountability Foundation" and the articles that were written, published, or re-published and which started to appear on websites, including but not limited to www.parentadvocates.com , from February 8, 2008 to the present.

**Response # 10**

**REQUEST # 11**     Documents received by, sent from and/or internal documents of Defendants UFT and Weingarten to, from or related to any third party regarding Teachers4Action in response to and/or after the January 15, 2008 letter by Florian Lewenstein, President of Teachers4Action, to Defendants Bloomberg and Klein (See Exhibit 1 attached).

**Response # 11**

**REQUEST # 12**     Documents received by, sent from and/or internal documents of
Defendants UFT, Weingarten and Combier to, from or related to
defenses, strategies, claims and efforts to be taken from January 15,
2008 to the present related to Teachers4Action, its members or its
counsel.

**Response # 12**

**REQUEST # 13**    Documents received by, sent from and/or internal documents of
Defendants UFT, Weingarten and Combier exchanged between
NYC Defendants and the Arbitrators related to Teachers4Action,
its members or its counsel during the period from January 15, 2008
to the present.

**Response # 13**

**REQUEST # 14**     Documents, memoranda, notes and/or other records related to meetings conducted or to be conducted, at the direction of Defendants UFT and/or Weingarten, and including Defendant Combier or other representatives of Defendants UFT and/or Weingarten at the Rubber Rooms with Teachers4Action members from January 15, 2008 to the present, with regard to Teachers4Action member claims in the present action, including but not limited to claims against NYC Defendants and/or Defendant UFT, Weingarten and Combier.

**Response # 14**

**REQUEST # 15**    Copy of conflicts waivers between Defendants UFT, Weingarten and Combier pursuant to which Stroock, Stroock and Lavan is allowed to represent Defendants UFT, Weingarten and Combier in relation to Plaintiffs claims against each defendant individually and in relation to the waiver of Cross Claims and other defenses and claims that exist as between each such Defendant.

**Response # 15**

**REQUEST # 16**     Copy of Retainer Agreement and/or any contracts between
NYSUT and Defendant UFT related to representation of teachers
in 3020-a hearings.


**Response # 16**

**REQUEST # 17**    Copy of Opinion Letters or other notifications received by and/or pursuant to which Defendant UFT, was informed or determined that the existence of the instant Amended Complaint, presented an unwaiveable conflict (such as was stated on the record by Charles Moerdler, counsel for UFT, in Court on May 1, 2008) which alleged that unwaiveable conflict required NYSUT to withdraw its representation of teachers in 3020-a hearings.

**Response # 17**

DATED: May ___ , 2008

By: ___ /s/ Edward D. Fagan
Edward D. Fagan Esq (EF-4125)
5 Penn Plaza, 23rd Floor
New York, NY 10001
(646) 378-2225
e-mail: faganlaw.teachers@gmail.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

A copy of this First Limited Request for Production of Documents to Defendants UFT, Weingarten and Combier has been provided to:

Charles Moerdler Esq., Stroock, Stroock & Lavan
180 Maiden Lane, New York, NY 10038, Via Fax # 212-806-6006
Attorneys for Defendants UFT, Weingarten and Combier

Blanche Greenfield Esq., Office of Corporation Counsel
100 Church Street, 4th Floor, New York, NY 10007, Via Fax # 212-788-8877 -
Attorneys for NYC Defendants
Bloomberg, NYC, Klein and NYC Department of Education


DATED:  May ___, 2008                    By: ___ /s/ Edward D. Fagan _____
                                         Edward D. Fagan Esq (EF-4125)
                                         5 Penn Plaza, 23rd Floor
                                         New York, NY 10001
                                         (646) 378-2225
                                         e-mail: faganlaw.teachers@gmail.com
                                         Attorney for Plaintiffs

**Exhibit B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

Teachers4Action et al,

                               Plaintiffs  :      **CIVIL ACTION #**
                                       :      **08-CV-548 (VM) (AJP)**

        - vs -                        :

Michael Bloomberg, et al,

                              Defendants. :

------------------------------------------------------X

## PLAINTIFFS' LIMITED FIRST SET OF INTERROGATORIES
## OF DEFENDANTS UFT, WEINGARTEN & COMBIER

TO:    Charles Moerdler Esq.
        Stroock, Stroock & Lavan
        180 Maiden Lane
        New York, NY 10038
        Via Fax # 212-806-6006
        Attorneys for Defendants UFT, Weingarten and Combier

Cc:    Blanche Greenfield Esq.
        Office of Corporation Counsel
        100 Church Street, 4th Floor
        New York, NY 10007
        Via Fax # 212-788-8877
        Attorneys for NYC Defendants
            Bloomberg, NYC, Klein and NYC Department of Education

     **PLEASE TAKE NOTICE** that pursuant to Rule 33 of the Federal Rules of Civil
Procedure as well as the Local Rules for the United States District Court for the Southern District
of New York, plaintiffs hereby demand that defendants United Federation of Teachers ("UFT"),
Randi Weingarten (Weingarten") and Betsy Combier ("Combier") answer and and/or respond,
under oath, to the Interrogatories as set forth below.

     To the extent permitted by Rule 26 (e) of the Federal Rules of Civil Procedure, these
Requests of Production of Documents shall be deemed to be continuing requests and the
responses to them are to be supplemented upon acquisition or discovery of further additional
and/or responsive documents.

# DEFINITIONS

A.     The term "you" or "your" shall refer to UFT, Weingarten and Combier, as well as its/their present and former directors, offices, agents, employees and all persons acting or purporting to act on their behalf including all present or former directors, officers, agents, employees and all other persons exercising or purporting to exercise discretion, decisions, policy and/or in positions of authority through which to make such decisions and/or policies.

B.     The term "UFT" shall refer to Defendants United Federation of Teachers and/or Weingarten.

C.     The term "Weingarten" shall refer to Defendant Randi Weingarten.

D.     The term "Combier" shall refer to Defendant Betsy Combier.

E.     The term "NYSUT" shall refer to the New York State United Teachers.

F.     The term "Amended Complaint" shall refer to the plaintiffs' Amended Complaint dated February 22, 2008.

G.     The term "3020-a hearings" refers to administrative arbitration hearings pursuant to which Plaintiffs are subject to potential discipline.

H.     The term "Arbitrators" refers to the persons who are empanelled to conduct the 3020-a hearings.

I.     The term "Article 21-g" refers to the provisions in the Collective Bargaining Agreement pursuant to which the 3020-a hearings are being conducted.

J.     The term "Teachers4Action" or "Teachers4Action Plaintiffs" refer to the association of teachers and its member teachers in the above referenced case entitled Teachers4Action et al v Bloomberg et al 08-cv-548 (VM)(AJP).

K.     The term "pedagogue" shall refer to tenured teachers.

L.     The term "Relevant Period" shall mean January 2002 to present.

M.     The term "Rubber Room" shall refer to a location to which Plaintiffs have been assigned, also known as a "Temporary Reassignment Center".

N.     The term "document(s)" shall mean correspondence, letters, brochures, materials, communications, emails and all other documents and drafts thereof including those maintained and/or stored electronically.

---

O.    As used herein, the words "document" or "documents", "record" or "records" shall include any written, printed, typed, graphic matter of any kind or nature, including all drafts and/or copies thereof, however produced, reproduced, maintained and/or stored, including electronically generated and/or stored documents, now in the possession, custody or control of the present or former directors, officers, agents, representatives and/or employees of Defendants or any and all persons acting in its behalf, including documents at any time in the possession, custody or control of individuals or entities, or known by Defendants to exist or have existed.

P.    The words 'identify', "identity" and/or "identification" shall:

    a.    when used in reference to a natural person shall require a response with the full name and present and/or last known address, present and/or last known position and/or business affiliation of such person; and

    b.    when used in reference to a document or record shall require a response with the exact date, author, intended recipient, all persons or departments copied thereon and the exact type of document or record (such as a letter, memorandum, facsimile, telegram, wire, report, photograph, bond etc.) or if the above information is not available some other means by which the document or record and its present location and the name of its present custodian can be identified. Note: If any such document or record was but is no longer in your possession, custody and/or control, or subject to your control, or is no longer in existence, state with specificity whether it is:

        1.    missing or lost;

        2.    has been destroyed;

        3.    has been transferred, voluntarily or involuntarily to others; or

        4.    has otherwise been disposed of, and in each such instance explain the circumstances surrounding the authorization for such disposition, and state the exact and/or approximate date of such disposition.

# INSTRUCTIONS

A. To the extent that information sought by any Interrogatory can be furnished by reference to the Answer or Response provided to another Interrogatory, kindly give the exact reference to such other Interrogatory and the basis upon which you consider such a response to a different Interrogatory responsive to this interrogatory.

B. Each Interrogatory shall be answered separately and fully to the best of your ability.

C. No Interrogatory is intended to call for a response that would be deemed to be intrusive of the attorney-client privilege, attorney work product or other applicable privileges. If any Interrogatory is objected to by you as being potentially intrusive of such a privilege, you are required to set forth fully the basis upon which such Interrogatory is deemed to be objectionable, and the facts upon which you shall rely in support of your objection.

D. If the Interrogatory calls for identification of any document, report, study, memorandum or other written or electronically generated and/or stored materials to which you claim such material can be withheld and/or not identified under a claim of privilege, you are directed to provide a "privilege log" identifying each such document for which the privilege is being claimed, together with the following information:

    i. Date;
    ii. Author;
    iii. Sender;
    iv. Intended Recipients;
    v. Persons Copied or to whom copies were furnished;
    vi. Job titles of all intended recipients, persons copied or who received copies;
    vii. Subject matter of the document;
    viii. Basis on which the asserted privilege is claimed; and
    ix. Paragraph(s) or portion(s) of these Interrogatories to which the document is otherwise responsive.

# INTERROGATORIES

**Interrogatory 1:**     Identify each and every person, including job description(s), and the location of the office from or in which such person works, who participated in the preparation of the responses to these Interrogatories.

Response:

**Interrogatory 2.**     Describe the reasons, including incentives, promises and/or consideration provided and/or offered by Defendants UFT and/or Weingarten to NYC Defendants as part of the negotiations to changes in Article 21 g of the Collective Bargaining Agreement regarding the 3020-a hearings for pedagogues, such as Plaintiffs?

Response:

**Interrogatory 3.**    Describe the investigations, research, studies, statistics and/or inquiries made by Defendant UFT with regard to the percentage of pedagogue teachers, such as Plaintiffs who, at the end of the 3020-a hearings are exonerated of all charges, without the imposition of fines, suspensions, reprimand or any other form of discipline?

Response:

**Interrogatory 4.**    Describe the investigations, research, studies, statistics and/or inquiries made by Defendant UFT with regard to the percentage of pedagogue teachers, such as Plaintiffs who, after having been charged with incompetence, have at the end of the 3020-a hearings been exonerated and/or cleared of incompetence charges, without fines, suspension, reprimand or any form of discipline?

Response:

**Interrogatory 5.**    Describe the directions, protocols and/or procedures that are provided by Defendant UFT with regard to the selection and pay scale of arbitrators, and specifically the reasons for selecting arbitrators who live hundreds of miles from New York City?


Response:

**Interrogatory 6.**     Describe the investigations, research, studies, statistics and/or inquiries made by Defendant UFT with regard to the charges made by Defendant DOE against pedagogue teachers, including Plaintiffs, leading to 3020-a hearings, and the rulings by the Arbitrators, on an arbitrator by arbitrator basis.

Response:

**Interrogatory 7.**     Explain what actions were taken by Defendant UFT with regard to the failure of the Arbitrators to comply with the time requirements within which the 3020-a hearings are to be commenced and concluded?

Response:

**Interrogatory 8.**     Explain what actions were taken by Defendant UFT with regard to the
NYC Defendants failure to return or restore pedagogue teachers, including
plaintiffs, to service in instances when charges are not filed within six (6)
months of their being removed from their schools?

Response:

**Interrogatory 9.**    Set forth the name, address and contact information for each arbitrator who was removed from the Permanent Panel, since the permanent panel was established, and provide an explanation of why they were removed, and whether their removal was requested by NYC Defendants and/or Defendants UFT and/or Weingarten.

Response:

**Interrogatory 10.**    Describe the investigations, research, studies, statistics and/or inquiries made by NYC Defendants with regard to the pedagogue teachers, including plaintiffs, who have been in the rubber rooms more than once, and why.

Response:

**Interrogatory 11.**    Describe the investigations, research, studies, statistics and/or inquiries made by Defendant UFT with regard to pedagogue teachers removed from payroll without 3020-a hearings after being judged to be "mentally unfit" by a doctor employed or appointed by Defendant DOE and, without identifying the name of the subject teacher, provide the name of each such DOE doctor who issued a ruling that a teacher was "mentally unfit".

Response

**Interrogatory 12.**     Describe what if any actions were taken by Defendant UFT with regard to
rules, regulations, restrictions, procedures and practices, and
the objectives to be achieved, for rules, regulations, restrictions,
procedures and practices enacted by Defendant DOE regarding each
"Rubber Room" since it was established, including but not limited to
restrictions on teachers ability to use phones, communicate with one
another, go into and/or out of the Rubber Room during the course of the
day, and the reason for the use of security guards at such Rubber Rooms.

**Response:**

**Interrogatory 13.**     Describe what if any actions were taken by Defendant UFT with regard to
the safety procedures, rules, regulations and procedures, in the Rubber
Rooms, including but not limited to the physical conditions, air quality,
occupancy, fire standards, emergency practices and compliance with NYC,
NYS and Federal laws related to safety requirements in facilities owned
and/or operated by federal, state and municipal entities and publicly
owned properties.

Response:

**Interrogatory 14.**    What if any actions were taken by Defendant UFT to insure that pedagogue teachers, such as plaintiffs, receive access to training, educational or professional advancement seminars, rehabilitative training or other opportunities for advancement while they are confined to Rubber Rooms pending 3020-a hearings ?

Response

**Interrogatory 15.**

What actions were taken by Defendant UFT in response to and/or against Teachers4Action or its members after January 15, 2008 in response to the claims raised by Plaintiffs against NYC Defendants and Defendants UFT, Weingarten and Combier?

Response

**Interrogatory 16.**    Describe what instructions were given by Defendant UFT to its representatives, including Combier, who visited, and who did in fact convene meetings in the Rubber Rooms during the period of February 2008 forward, and specifically what offers were made, or what warnings were made, and on what authority offers or warnings were made, as an effort to get Plaintiffs to withdraw their claims against Defendants UFT, Weingarten and/or Combier, or to allow Defendant UFT and its counsel to assume responsibility for the instant action against NYC Defendants.

Response

**Interrogatory 17.**     Describe the instructions, directions and/or notifications, including notifications of unwaivable conflicts of interest, sent or given by Defendant UFT to NYSUT attorneys, or agreements between Defendant UFT and NYSUT attorneys, that led to NYSUT attorneys withdrawal of NYSUT representation of Teachers4Action member plaintiffs in the instant lawsuit in the 3020-a hearings?

Response

**Interrogatory 18.**   Identify with specificity the document retention and/or destruction policies for documents related to the allegations of the Complaint *Note: In lieu of a written response, you may simply attach and incorporate herein the document retention and/or destruction policies applicable to the Relevant Time Period.*

Response:

DATED: May __ , 2008

By: ___ /s/ Edward D. Fagan
Edward D. Fagan Esq (EF-4125)
5 Penn Plaza, 23rd Floor
New York, NY 10001
(646) 378-2225
e-mail: faganlaw.teachers@gmail.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

A courtesy copy of this First Limited Interrogatories has been provided to:

Blanche Greenfield Esq., Office of Corporation Counsel
100 Church Street, 4th Floor, New York, NY 10007, Via Fax # 212-788-8877 – Attorneys for
NYC Defendants
Bloomberg, NYC, Klein and NYC Department of Education

Charles Moerdler Esq., Stroock, Stroock & Lavan
180 Maiden Lane, New York, NY 10038, Via Fax # 212-806-6006
Attorneys for Defendants UFT, Weingarten and Combier

DATED: May ___, 2008

By: ___/s/ Edward D. Fagan___
Edward D. Fagan Esq (EF-4125)
5 Penn Plaza, 23rd Floor
New York, NY 10001
(646) 378-2225
e-mail: faganlaw.teachers@gmail.com
Attorney for Plaintiffs

------------------

*Index No.*  08 Civ. 548 (VM) (AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEACHERS4ACTION, et al.,

                              Plaintiffs,

  -against-

MICHAEL G. BLOOMBERG, et al.

                              Defendants.

DECLARATION OF CHARLES G. MOERDLER IN
OPPOSITION TO PLAINTIFFS' MOTION FOR LIMITED DISCOVERY

STROOCK & STROOCK & LAVAN LLP

*Attorneys for*  Defendants UFT, Weingarten and Combier

180 MAIDEN LANE
NEW YORK, NEW YORK 10038-4982
212 806 5400

*PLEASE TAKE NOTICE*

☐

Check Applicable Box

NOTICE OF
ENTRY

*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within named Court on*                              20

☐

NOTICE OF
SETTLEMENT

*that an Order of which the within is a true copy will be presented for settlement to the Hon.*
*one of the judges of the within named Court,*
*at*
*on*                              20        *, at*                    *M.*

*Dated:*

STROOCK & STROOCK & LAVAN LLP

*Attorneys for*

180 MAIDEN LANE