UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TEACHERS4ACTION, et al.,

                                          Plaintiffs,

                      -against-

MICHAEL G. BLOOMBERG, et al.,                08 civ. 548 (VM) (AJP)

                                         Defendants.

------------------------------------------------------------x

## CITY DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO SERVE LIMITED DISCOVERY

### PRELIMINARY STATEMENT

Defendants Mayor Michael Bloomberg, Chancellor Joel Klein, the City of New York, and the New York City Board of Education (sued herein as the "Department of Education") (hereinafter collectively referred to as "City defendants"), by their attorney, **MICHAEL A. CARDOZO**, Corporation Counsel of the City of New York, submit this memorandum of law in opposition to Plaintiffs' Motion for Permission to Serve Limited Discovery Requests. To support the alleged reasonableness of their requests, Plaintiffs assert that the information sought would otherwise be required to be produced and identified by City defendants in their Rule 26 disclosures. However, City defendants cannot reasonably identify those documents which support its defenses to the claims in this action due to plaintiffs' failure to file a final and comprehensible pleading that set forth the facts to support their asserted causes of action. Indeed, while plaintiffs have already filed two pleadings in this matter, City defendants are still unaware of the identifies of all of the parties in this action, the factual predicate for each of the plaintiffs claims, the timeframes involved and the relevant limitations period applicable to each of the plaintiffs claims, and the statutory basis for each of the federal claims asserted.

1

City defendants have previously advised the Court that, based on their review of the amended complaint, they intend to file a motion to dismiss. Because plaintiffs have not yet served a second amended complaint which at the very least identifies all of the parties and claims in this action, City defendants have not yet been able to determine if plaintiffs have pled any claim that will not be subject to a motion to dismiss. As of this writing, plaintiffs have failed do identify a single federal cause of action that will survive a motion to dismiss and be properly the subject of discovery. Plaintiffs' claim that discovery is needed in order to focus future partial summary judgment motions is patently disingenuous.

Moreover, plaintiffs' submission in support of their request for limited disclosure does not even attempt to describe to the Court how each of their discovery requests is related to any specific claims or allegations in the amended complaint, or the not yet served second amended complaint. Plaintiffs' application is made without an attempt to analyze the relevance of the discovery they seek within the legal framework for the establishment of the claims they intend to assert in this action. Instead, plaintiffs rely on the Declaration of plaintiff Florian Lewenstein, who asserts in a wholly conclusory fashion, that the discovery sought is related to plaintiffs' claims[1] of "Discrimination, Retaliation and Harassment," "Hostile Work Environment claims related to the Rubber Rooms", and "Due Process Violations related to the conduct of the 3020-a hearings."

However, as discussed herein, contrary to plaintiffs' assertions, City defendants submit that the discovery plaintiffs seek at this time is not relevant to the preparation of their second amended complaint or their response to defendants' impending motions to dismiss, but rather to their Article 78 petitions filed in Supreme Court New York County.

---

[1] Plaintiffs rely on the declaration of plaintiff Lewenstein to argue the relevance of their discovery requests. However, as plaintiff Lewenstein has not alleged that he is an attorney, it is inappropriate improper for plaintiffs' to put forward their legal arguments through his declaration.

2

Accordingly, for the reasons set forth herein, City defendants respectfully request that plaintiffs' motion for limited discovery as against City defendants be denied in its entirety and that discovery in this action remain stayed until the Court has ruled on the respective defendants' motions to dismiss the yet to be filed Second Amended Complaint.

## PROCEDURAL HISTORY

**The Federal Court Action**

On or about January 21, 2008 a complaint was filed by Teachers4action and Jon and Jane Doe Teachers 1-50 against defendant Mayor Bloomberg, Joel Klein, the City of New York and unidentified Superintendents and Principals. While the complaint asserted fourteen causes of action, it nonetheless failed to contain any factual allegations that allegedly gave rise to the causes of action asserted in the complaint.

At a conference held before the Court on January 28, 2008, plaintiffs' counsel requested limited discovery because plaintiffs were "not looking to create a complaint that has frivolous causes of action." See Exhibit "A[2]" at page 29. The Court granted plaintiffs' request to the extent that it directed that plaintiffs' "[s]erve a document demand simultaneous with the amended complaint on [counsel for City Defendants]." Id. at page 48  The Court further directed that the amended complaint be filed by February 4, 2008. Plaintiffs did not file the amended complaint by the date set by the Court.

On February 8, 2008 a conference was held before the Court. Although plaintiffs did not file their amended complaint, plaintiffs nonetheless continued to request discovery. In response to plaintiffs' request for discovery, the court stated as follows: "I am not prepared to start discovery in this case, which is why we had this conference for today, without knowing what the complaint is, what the claims are." Exhibit "B" at page 5. However, the Court advised plaintiffs' counsel that it would "reconsider" if counsel could articulate the basis for plaintiffs' claims in this action. Id. Following a discussion with plaintiffs' counsel, the Court ordered that discovery was stayed pending further order of the Court.   Exhibit "B" pages 5-10.

---

[2] References to all Exhibits are to those annexed to the Declaration of Blanche Greenfield, dated May 30, 2008, submitted by City defendants in opposition to Plaintiffs' Request to Limited Discovery.

On or about February 25, 2008 plaintiffs' served City defendants with their Amended Complaint. The Amended Complaint, which, excluding exhibits, is fifty eight pages in length, is comprised of two hundred and thirty three paragraphs, and purports to assert thirteen causes of action. However, the factual predicate of each of the plaintiffs' claim' are not addressed in the Amended Complaint. Instead, the Amended Complaint consists of conclusory allegations regarding alleged violations of law by City defendants without reference to the particular facts that allegedly support the plaintiffs' claims.

On May 1, 2008 another status conference was held before the Court. This time, Plaintiffs did not ask the Court for limited discovery in order to draft a complaint that would exclude "frivolous causes of action." Rather, plaintiffs asserted that they were requesting discovery "to assist in preparing for the motion to dismiss and [plaintiffs'] responses to the motion to dismiss" Exhibit "C" at page 14. The Court permitted plaintiffs' to make an application for limited disclosure. The Court further granted plaintiffs until June 2, 2008 to file their second amended complaint. Exhibit "C" at pages 13 -14.

On or about May 14, 2008, plaintiffs forwarded to counsel for City defendants via e-mail a courtesy copy of their Motion for Permission to Serve Limited Discovery Requests. Exhibit "D."

**Concurrent State Court Proceedings**

On or about April 15, 2008 plaintiff herein Teachers4action, on behalf of seven of its alleged members ("the Petitioners"), instituted an article 78 proceeding in New York State Supreme Court in the County of New York, via Order to Show Cause, seeking to enjoin the conduct of their disciplinary hearings until "they are represented by competent counsel paid for or arranged By the United Federation of Teachers." See Exhibit "E." By Declaration dated

5

April 23, 2008 submitted in furtherance of their Article 78 petition, the Petitioners asserted various claims of bias by the arbitrators who are assigned to preside over the disciplinary proceedings of Department of Education employees. See Exhibit "F" at pages 6-12.

On May 15, 2008, one day after plaintiffs served their motion for limited discovery herein, plaintiffs' counsel served a subpoena under the caption and index number of the April 15, 2008 Article 78 proceeding on one of the arbitrators, Randi Lowitt. See Exhibit "G." The subpoena sought to compel arbitrator Lowitt's appearance for a deposition and requested the production of certain documents. Specifically, the subpoena demanded production of:

> Exparte communications, documents (electronic of otherwise) including faxes and emails you received or sent to Respondent, other arbitrators, NYSUT counsel and/or any third part related to petitioners it its individuals members from the period of Jan. 15, 2008 to present.

By letter dated May 19, 2008 the Department of Education objected to the service of the subpoena on arbitrator Lowitt noting that petitioners are not entitled to disclosure in an Article 78 proceeding. Exhibit "H."

On May 15, 2008, the same date that the subpoena was served on arbitrator Lowitt, plaintiffs' counsel provided this office with a courtesy copy of an Article 78 proceeding instituted by Teachers4action against seventeen arbitrators. Exhibit "I." In this Article 78 proceeding petitioners allege that the arbitrators are biased and conduct the disciplinary hearings before them in a manner that violates the law and the provisions of the collective bargaining agreement applicable to teachers. Petitioners seek the following relief from the Supreme Court, New York County:

> "[an order] enjoin[ing] the arbitrators from continuing to sit in violation of the law and Collective Bargaining Agreement procedures, and who are otherwise biased, prejudiced and should not

6

> have accepted employment and should have recused themselves when Petitioners discovered the facts and promptly moved for disqualification."

Exhibit "I" at ¶ 15.

In addition to the two Article 78 proceedings described above, Teachers4action and their counsel, Edward Fagan, have served this office with a courtesy copy of an action allegedly filed in Supreme Court for the State Of New York against the Law Department and the Department of Education. Exhibit "J". In this state court action, Mr. Fagan asserts a charging lien against the proceeds of any monies received by Sidney Rubinfeld, a former plaintiff in the action pending before this Court, in settlement of his disciplinary charges with the Department of Education. In addition, Teachers4action seeks a declaratory Judgment that the settlement reached by the Department of Education with Mr. Rubinfeld is void. Id.

Mr. Fagan and Teachers4action have also filed an action against Denise Goebel, another former plaintiff in the action before this Court, and Richard Krinsky. Exhibit "K". In this action Mr. Fagan asserts a charging lien against the proceeds of any settlement reached by Ms. Goebel's with the Department of Education in connection with the settlement of her disciplinary charges. Teachers4action and Fagan also assert a claim against Goebel's for tortious interference and negligence arising out of the alleged disclosure of "confidential communications from Plaintiffs related to the litigation and other strategies ... that Plaintiffs were taking or contemplating to take on behalf of Teachers4action members, including Goebel."

## ARGUMENT

### POINT I

### PLAINTIFFS' APPLICATION FOR LIMITED DISCOVERY SHOULD BE DENIED IT ITS ENTIRETY.

As a threshold matter, plaintiffs have not made any argument to support their need for discovery while the impending motions to dismiss are decided. Since motions to dismiss are based on the legal sufficiency of the pleadings, discovery is not needed for plaintiffs to adequately prepare a response to the motions. Plaintiffs have failed to offer any justification to support the expenditure of time and money by the parties on discovery at this time. This is especially true where as here, the docket before this Court shows that an inordinate amount of time has been expended on this case notwithstanding the fact that four months after the first complaint in this action was filed, plaintiffs have not yet filed a final complaint. City defendants submit that they should not be required to devote additional time and resources to discovery in this action given plaintiffs failure to even allege that the discovery they seek is related to a claim that will not be disposed of by City defendants' motion to dismiss. Anti-Monopoly v. Hasbro, Inc., 1996 U.S. Dist. LEXIS 2684 * 7 (S.D.N.Y. March 7, 1996) (noting that the plaintiff's discovery requests would "be totally unnecessary if [defendant's] motion" is granted). Indeed, plaintiffs have not alleged that any efficiencies will be achieved by the grant of limited discovery at this time or that they will be prejudiced if their request for limited discovery is not granted. Gandler v. Nazarov, 1994 U.S. Dist. LEXIS 17885 *12 (S.D.N.Y. December 14, 1994).

The lack of a valid basis for plaintiffs' requests is underscored by their failure to argue the alleged relevance of each of their discovery requests within the context of the legal claims that they have asserted in the amended complaint. It is clear from a review of plaintiffs' proposed interrogatory and documents requests that they are propounded without regard to the legal standard applicable to each of the federal causes of action asserted in the amended complaint. In fact, City defendants submit that plaintiffs' discovery requests are related to their claims in their state court proceedings where discovery must be made on motion and will only be granted upon a showing of necessity. See Exhibits ""E", H" and "I." It appears that plaintiffs are attempting an end run around this requirement by pursuing discovery in this forum. For example, plaintiffs' Document Number 7 seeks production of the following:

> Documents related to the empanelling of the permanent panel of Arbitrators to conduct the 3020-a hearings and the vetting process through which potential conflicts of interest of proposed individual Arbitrators are disclosed to pedagogue teachers, such as Plaintiffs, to challenge the permanent panel or the individual arbitrators.

Plaintiffs' Interrogatory Number 7 requests that City defendants provide the following Information:

> Describe the directions, protocols and /or procedures that are provided by NYC Defendants with regard to the selection and pay scale of arbitrators, and specifically the reasons for selecting arbitrators who live hundreds of miles from New York City?

While the amended compliant does not set forth the factual predicate for each of the plaintiffs claims, it nonetheless alleges various violations of law and the provisions of the collective bargaining entered into by the United Federation of Teachers ("UFT") and City defendants. However, the information that plaintiffs seek in their interrogatory and document requests are not related to any of their allegations or claims in the amended complaint. For

example, the amended complaint does not contain a single allegation regarding the following: the filling of multiple charges as either a violation of law or the applicable collective bargaining agreement (Interrogatory Number 3); investigations by OSI and SCI (Interrogatory Number 6); the selection and pay scale of arbitrators (Interrogatory Number 7); and teachers removed from payroll after being found "mentally unfit" (Interrogatory Number 13); conflicts of interests by the arbitrators (Document Request Number 4); the withdrawal of NYSUT attorneys due to conflicts of interest (Document Request Number 8). Thus, it is clear that plaintiffs' discovery requests are intended to obtain information for use in their current and/or contemplated state court proceedings.

Moreover, not only do plaintiffs fail to establish the alleged relevance of each of their requests to the claims asserted in this action, plaintiffs have also failed to offer a basis for seeking discovery dating from January 2002 to the present, a six (6) year period, given that this action was filed on January 28, 2008. Johnson v. New York Univ. School of Educ., 2002 U.S. Dist. LEXIS 1435 (S.D.N.Y. January 31, 2002) (granting stay of discovery pending resolution of motion to dismiss finding that an extensive set of interrogatories seeking information for more than a five year period "burdensome discovery"). In addition to the requests being overbroad with respect to time, Plaintiffs' discovery requests are also overbroad with respect to scope. Although plaintiffs' denote that the discovery they seek is "limited," the requests seek information concerning all "pedagogue teachers" and are not tailored to the facts and circumstances regarding the claims of each of the plaintiffs.

In addition to the deficiencies noted above, Plaintiffs' Interrogatory Requests exceed the scope of Local Rule 33.3. Plaintiffs have not offered any basis for their need to serve a first set

of interrogatories beyond the scope permitted by the Local Rules. As such, the interrogatories as propounded are patently improper.

Plaintiffs' interrogatories also accept as a matter of undisputed fact that City defendants have acted inappropriately and/or in violation of law. For example, Interrogatory Number 9 requests that City defendants

> Explain why NYC Defendants and the arbitrators do not comply with the time requirements within which the 3020-a hearings are to be commenced and concluded?

Clearly, plaintiffs requests are not proper and serve no purpose other than to burden City Defendants.

In sum, plaintiffs' application is made without any basis in law or in fact to support their request for discovery[3] at this time. This Court ordered a stay of discovery, and continued the stay of discovery, based on the clear pleading deficiencies that existed in the complaint and which were not corrected in the amended complaint. Because Plaintiffs' request for discovery is based on the flawed amended complaint, the stay of discovery in this case should remain intact.

---

[3] Should this Court grant plaintiffs' permission to serve their Limited Discovery requests, City defendants respectfully reserve the right to object and respond to each of plaintiffs' interrogatory and document requests pursuant to Rules 33 and 34 of the Federal Rule of Civil Procedure to include all appropriate objections and assertions of privilege.

11

Dated:     New York, New York
           May 30, 2008

**MICHAEL A. CARDOZO**
Corporation Counsel of the
City of New York
Attorney for City Defendants
100 Church Street, Room 2-142
New York, N.Y. 10007-2601
212-788-0872

By: _____
          Blanche Greenfield
      Assistant Corporation Counsel

12