# EDWARD D. FAGAN ESQ.

Five Penn Plaza, 23rd Floor, NY, NY 10001, Tel. (646) 378-2225
Email: faganlawintl@aim.com (Official Email Address for Court Documents)
Email: faganlaw.teachers@gmail.com (Email Address for *Teachers4Action* Case)



May 30, 2008

*Via Hand Delivery*
Honorable Andrew J. Peck, USMJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers
New York, NY 10007

**MEMO ENDORSED**

Re:    *Teachers4Action et al v. Bloomberg et al, 08-cv-548 (VM)(AJP)*

Honorable Judge Peck:

This letter is to provide the Court with a brief update related to the deposition of Defendant NYC Department of Education representative Theresa Europe, taken on May 22, 2008, pursuant to Your Honor's May 2 & 8, 2008 Orders.

## Procedural & Discovery Issues Resulting from Europe's May 22nd Deposition

We are in the process of obtaining the transcript and will provide same to the Court at a later date. However for purposes of this letter update, I wish to point out the following:

### As to Compliance with Your Honor's Orders & Preservation of Evidence

1. Plaintiffs submit that Defendant failed to comply with Your Honor's May 8, 2008 Order. Among other things, (i) Europe failed to produce the original of The Alleged Anonymous Fax as Ordered by Your Honor on May 8, 2008 and (ii) Europe failed to produce relevant exemplars in accordance with Your Honor's May 8, 2008 Order, such as from April 3, 4, 5, 6, 7, 8, 9 or 10.

2. Europe admitted that – although she is Deputy Chief Counsel at the DOE - she herself did not even read the Notice of Deposition, that she had nothing to do with attempting to comply with Your Honor's May 8, 2008 Order, and that she left the matter entirely to her counsel, Blanche Greenfield.

3. Europe also testified that at no time prior to May 8th did she make any efforts to search for or preserve evidence related to The Alleged Anonymous Fax.

4. Europe testified that the closest thing to the original of the Alleged Anonymous Fax was "emailed" to Blanche Greenfield on April 4, 2008, that she has no idea where the original of The Alleged Anonymous Fax is, or who has or had custody of The Alleged Anonymous Fax.

# EDWARD D. FAGAN ESQ.

*Hon. Andrew J. Peck Esq. – May 30, 2008 Letter – Page 2*
*Re:     Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*

-------------

### As to Evidence Issues Resulting from Europe Deposition

With this letter, I am providing a Declaration from Plaintiff Florian Lewenstein, who was present at Europe's May 22nd deposition. Plaintiff Lewenstein describes some of the facts, and evidence that was developed at the May 22, 2008 deposition, and he outlines a factual basis for a few additional discovery requests that come as a result of the May 22nd deposition. A copy of the Lewenstein Declaration is attached for the Court's review.

In addition, I am submitting with this letter the one (1) additional request for production of documents and two (2) supplemental interrogatories that result from Ms. Europe's testimony.

### **Plaintiffs Belief that Spoliation Has Occurred**

Based on Ms. Europe's testimony, Plaintiffs anticipate a post-deposition Motion for alleged (i) violations of Your Honor's May 8, 2008 Order; (ii) violations of FRCP Rule 37 (a) (1), Rule 37 (a) (3) (A), (i), Rule 37 (4) (5) (A) (i), and Rule 37 (b) (1) and (2); and (iii) spoliation sanctions in accordance with *In Re: NTL Inc. Securities Litigation 02 Civ. 3013 (LAK) (AJP) and 02 Civ. 7377 (LAK) (AJP)* and *Zubulake v. UBS Warburg LLC, 229 F.R.D. 422 (S.D.N.Y. 2004)*.

Prior to making that Motion, Plaintiffs will communicate with Defendant DOE's counsel in an attempt to obtain Defendant DOE's compliance, resolution/clarification of outstanding issues or, at a minimum, agreement on a Motion schedule that can be submitted to the Court.

Plaintiffs also submit that with regard to the issues of spoliation, Defendant DOE's responses to the supplemental and/or additional requested discovery that is being submitted with this letter and for which Plaintiffs request the Court's permission to serve, are appropriate.

### FRCP 34 (a) (2) Request for Entry Upon Defendant DOE's
### Premises for Inspection before End of School Year

As noted at page 14, ¶ 78 of the Lewenstein Declaration, Plaintiffs request the Court's permission to enter upon Defendant DOE's premises to inspect, photograph and document the conditions in Temporary Reassignment Centers, a/k/a Rubber Rooms, where Plaintiffs have been and continue to be confined. The request is for the purpose of documenting and memorializing the conditions in the Rubbers Rooms to which Plaintiffs are subjected, and which contribute to the hostile work environment and other allegations related to Plaintiffs' claims.

Rule 34(a) of the Federal Rules of Civil Procedure provides in pertinent part that *„[a]ny party may request . . . entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspecting and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)."*

# EDWARD D. FAGAN ESQ.

*Hon. Andrew J. Peck Esq. – May 30, 2008 Letter – Page 3*
*Re:    Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*

-------------

A request for inspection should be granted unless it would otherwise support a Rule 26(c) protective order such as for alleged annoyance, embarrassment, oppression, or undue burden or expense. *See Minnesota Mining & Manufacturing Co., 171 F.R.D. at 248 (citing 8A Charles Alan Wright, Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 2213 at 428 (1994)*

When considering a request for entry onto premises, for purposes such as those which Plaintiffs here seek, the Court should balance the degree to which the proposed inspection will aid in the search for truth against the burdens and dangers created by the inspection. *See New York State Assoc. for Retarded Children, Inc. v. Carey, 706 F.2d 956, 960 (2nd Cir. 1983); Belcher v. Bassett Furniture Indus., Inc., 588 F.2d 904, 908 (4th Cir. 1978) (where entry onto land is sought, "the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection"); Minnesota Mining & Manufacturing Co., 171 F.R.D. at 248; 1970 Advisory Committee Note to Rule 34(a) of the Federal Rules of Civil Procedure ("an appraisal of 'undue' burden inevitably entails consideration of the party and reasons for seeking discovery").*

In this case, Plaintiffs' request is for legitimate reasons as contemplated by FRCP 34 (a) (2).

- Plaintiffs' request is not to harass Defendant DOE or disturb their places of „business".

- Plaintiffs' request can be conditioned upon a reasonable date and time for, and advance notice of, the inspections on mutually convenient dates between now and the end of the school year on June 26, 2008.

- Plaintiffs' request is to insure that conditions, including potential, health, fire, sanitation, PESH, other violations or unsafe conditions in the Rubber Rooms and other evidence relevant to Plaintiffs' causes of action can be accurately photographed, videotaped, recorded and documented so they are available for the Court's future consideration in consideration of the Motions and for trial.

- Plaintiffs will pay their own costs for the photography, videography, recordings, testing and documentation.

In view of foregoing, Plaintiffs pray the Court grants the request for entry onto the Defendants Premises so that their representatives can enter, inspect, photograph and document the conditions of their confinement and putative „work environment" at the six Rubber Rooms (i.e. Brooklyn, Queens, Staten Island, 333 Seventh Avenue, 125th Street and Washington Heights).

EDWARD D. FAGAN ESQ.

*Hon. Andrew J. Peck Esq. – May 30, 2008 Letter – Page 4*
*Re: Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*

-------------

## Conclusion

Depending on the Court's schedule, Plaintiffs respectfully submit that a Status Conference may be useful to address and expedite resolution of many of these issues. As the Court should note, Plaintiffs will be filing their Second Amended Complaint on Monday June 2, 2008 and will communicate with Defendants' counsel in an effort to agree upon a Proposed Scheduling Order that can be submitted for the Court's consideration and approval.

As always, thank you for Your Honor's continued consideration in this regard.

Respectfully submitted,

[signature]

Edward D. Fagan

EDF/lsf

*attachments*

*Cc: Blanche Greenfield Esq. – For NYC Defendants– Fax # (212) 788-8877*
*Charles Moerdler Esq. – For Defendants UFT, Weingarten & Combier – Fax # (212) 806-6006*

**MEMO ENDORSED** 6/2/08

1. Defendants are to respond to the issue of plaintiffs' investigation of the Temporary Reassignment Centers by 6/5, and plaintiffs reply by 6/6

2. The Court will hold a status conference on this issue – and Mr. Fagan's request to withdraw from representing certain named plaintiffs – on 6/10 at 2:30 PM. Mr. Fagan is to notify the 2 clients who must attend, and file an affidavit of service as to them.

3. The Court denies the request re Europe discovery without leave to re-[illegible] [illegible] your [illegible] of the depo transcript

SO ORDERED:

[signature]

Hon. Andrew Jay Peck
United States Magistrate Judge

Copy Fax'd All Counsel
Judge Marrero

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:       (212) 805-7933
Telephone No.: (212) 805-0036

**Dated:** June 2, 2008                              **Total Number of Pages:** 5

| TO | FAX NUMBER |
|---|---|
| Edward D. Fagan, Esq. | 646-304-6446 or 646-417-5558 |
| Blanche Greenfield, Esq. | 212-788-8877 |
| Charles G. Moerdler, Esq. | 212-806-2647 |

# TRANSCRIPTION:

**MEMO ENDORSED 6/2/08**

1. Defendants are to respond to the issue of plaintiff's inspection of the Temporary Reassignment Center by 6/5, and plaintiff's reply by 6/6.
2. The Court will hold a status conference on this issue - and on Mr. Fagan's request to withdraw from representing certain named plaintffs - on **6/10 at 2:30 PM**. Mr. Fagan is to notify the 2 clients, who must attend, and file an affidavit of service as to them.
3. The Court denies the request re Europe discovery with leave to re-request it upon submission of the depo transcript.

**Copy to:** Judge Victor Marrero