**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **Teachers4Action et al,** | : | |
| **Plaintiffs** | : | **CIVIL ACTION #** |
| | : | **08-CV-548 (VM)(AJP)** |
| **- vs -** | : | |
| | : | |
| **Michael Bloomberg, et al,** | : | |
| **Defendants.** | : | |

**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' REQUEST FOR LIMITED DISCOVERY OF NYC AND UNION DEFENDANTS**

## INTRODUCTION

Plaintiffs requested permission to serve (i) limited discovery of Defendants Michael Bloomberg, New York City, Joel Klein and NYC Department of Education (hereinafter "NYC Defendants") by way of sixteen (16) pointed Interrogatories and eleven (11) Requests for Production of Document and (ii) limited discovery of Defendants United Federation of Teachers, Randi Weingarten and Betsy Combier (hereinafter collectively "Union Defendants") by way of eighteen (18) Interrogatories and seventeen (17) Requests for Production of Documents. Plaintiffs' requests targeted specific documents and responses to interrogatories.

Plaintiffs requested discovery that is relevant to the claims and defenses in the case. They requested documents and information that are not otherwise available to Plaintiffs and cannot be discovered or obtained by Plaintiffs through other source or means. Plaintiffs

requested discovery that will not impose an unnecessary burden on Defendants as the documents and responses should already be easily accessible to Defendants as they have been on notice of Plaintiffs claims and have had more than 5 months to gather the documents and prepare responses to these requests. The potential prejudice to Plaintiffs if the Court were not to allow limited discovery is far outweighed by any minimal prejudice to Defendants.

Plaintiffs' discovery requests are not generalized or overbroad. Plaintiffs have not requested blanket production of documents or responses to interrogatories related to all claims or all defenses in relation to each of their denominated causes of action. Plaintiffs have not yet requested depositions of Defendant Bloomberg, Klein, Weingarten or any other Defendant or Defendant representative.

Instead, Plaintiffs' designed very specific requests for production and interrogatories that are targeted to produce documents and responses that will go to the heart of certain of Plaintiffs' claims and Defendants' defenses. Also, the requests are relevant to issues that will or should be raised in Plaintiffs' future anticipated Motion of Declaratory Judgment and whatever Motions to Dismiss Defendants may later file.

Plaintiffs' discovery requests were designed so that the parties and more importantly the Court can begin to gather documents that are in Defendants' exclusive possession and secure interrogatories responses sworn to by Defendants themselves.

Defendants' urge this Court to protect them from having to respond, protect them from having to produce limited documents and protect them from having to provide sworn interrogatory responses by parties, rather than counsel. Defendants' suggestion forces the Court to theorize about the facts, before it has available evidence. Such a proposal is illogical and

defeats the reasons why limited discovery was sought in the first place, as well as undermining the guiding principles of Rule 26 discovery and requests for protective orders

For the reasons set forth in Plaintiffs' original Motion and supporting documents *(Doc. # 42)*, as well as the attached Joint Declaration in this reply, Plaintiffs pray the Court grant our application and permit the limited discovery.

## FACTS

The facts upon which Plaintiffs rely in support of their Motion for limited Discovery are set forth in (i) the original Lewenstein Declaration dated March 13, 2008 and (ii) the contemporaneously filed supplemental Joint Declarations of Plaintiff Teachers4Action members, which are incorporated herein by reference, and which include additional specific support for the discovery sought.

Plaintiffs submit that when considering these issues, the Court should also consider the facts related to Plaintiffs May 30, 2008 request for permission to inspect, test and document the dangerous condition in the 7th Avenue, 125th Street, 174th Street, Brooklyn and Queens Rubber Rooms and Defendants recent efforts to prevent this from occurring. Plaintiffs respectfully submit that the Court should also consider Defendants June 9, 2008 letters, which Plaintiffs submit are replete with knowing or negligent misrepresentations as explained in Plaintiffs June 9, 2008 response. The depths to which Defendants and their counsel have recently stooped in their attempt to delay or interfere in discovery or to divert attention away from the real issues in the case are as stunning as they are incredible. They are also "red-herrings" and at this time, and with such important issues before the Court, Plaintiffs and counsel decline to indulge in such distractions . Plaintiffs simply submit that the issues as set forth in Plaintiffs June 9, 2008 letter underscore the need for the requested limited discovery which is the subject of this Motion.

Discovery in this case was stayed until all parties were served. On May 1, 2008, the Court permitted Plaintiffs to move for permission to serve limited discovery requests. On May 14, 2008 Plaintiffs' Motion was filed. Defendants requested an extension of time to respond, which Plaintiffs granted. After the hearing was scheduled on the Motion, Defendants requested that the matter be briefly adjourned and again Plaintiffs consented. The Motion is currently scheduled for Oral Argument on June 11, 2008, at which time Plaintiffs will be prepared to further support their requests and explain why the Court should disregard the Defendants continued attempts to divert the Court's attention to matters outside the Court and that are not relevant to the present Motion.[1]

Plaintiffs' discovery requests were directed at a few of the central issues in this case. These are issues and causes of action as to which Defendants have been on notice for weeks and months. The issues for which limited discovery is sought are:

- Due Process Violations related to the conduct of the 3020-a hearings;
- 1st, 5th & 14th Amendment claims related to Article 21-g and Education Law 3020 and 3020-a relating to the rights of pedagogue tenured teachers;
- Discrimination, Retaliation and Harassment claims;
- Hostile Work Environment claims related to the Rubber Rooms; and

---

[1] At the Oral Argument, Plaintiffs will be prepared to address and prays for the opportunity to respond to (i) issues before NYS Courts or in 3020a hearings that the NYC Defendants seem to believe are relevant to this application and which Plaintiffs submit are little more than attempts to distract the Court and (ii) the objections of the Union Defendants and the continuing attempts to engage in attacks on counsel or Plaintiffs' claims without addressing the merits of these claims or explaining why they have failed in their duty to Plaintiffs who have been left to rot in Rubber Rooms for years.

- Breach of Duty of Fair Representation claims against Defendant UFT for its actions related to Article 21-g, the withdrawal of NYSUT counsel from representing Plaintiffs in the ongoing 3020-a hearings based on alleged unwaivable conflict and/or refusal to waive the conflict so that Plaintiffs could be represented by NYSUT counsel.

Plaintiffs submit that the limited discovery will help the parties and the Court advance the issues in this case in an orderly and stepped fashion and should be granted.

## AUTHORITY

As Judge Marrero noted in Schaffer v. CC Investment LDC (S.D.N.Y. 2002) 99 Civ. 2821:

> *Magistrate judges have broad discretion to resolve the discovery disputes referred to them. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 524, 527 (1990); United States v. District Council, 782 F. Supp. 920, 922 (S.D.N Y 1992) . . . A party is entitled to discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party". Fed.R.Civ.P. 26(b) (1). Discovery may be limited by Court Order if it would be, inter alia, unreasonably cumulative or duplicative, unduly burdensome, or the party seeking the discovery had ample opportunity to obtain it previously. See Fed.R.Civ.P. 26(b)(2).*

Whether or not discovery should be stayed pending the outcome of dispositive motion depends on the circumstances of each case. *See Hachette Dist. Inc., v. Hudson County News Co., Inc., 136 F.R.D. 356 (E.D.N.Y. 1991).*

The factors to be considered in determining whether a stay is warranted include (1) whether there has been a strong showing that the claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay: (4) the nature and complexity of the action; and (5) the posture of the litigation. *See Hollins v. U.S. Tennis Assoc.*, 469 F. Supp. 2d 67, 78 (E.D.N.Y 2006); *Port Dock and Stone*, 2006 WL 897996 at *2.; and *Hachette*, 136 F.R.D. at 78.

As this Court has already recognized (i) discovery related to claims for violations of Labor Management Reporting and Disclosure Act should be permitted *[See Commer v McEntee (S.D.N.Y. 11-9-2006) (AJP)]* and (ii) discovery to develop the factual record or to seek production of relevant documents related to party's prior representations or to prevent a party from being allowed to speak out of both sides of its mouth, is appropriate. *See Marvello v Chemical Bank, 923 F. Supp. 487, 491 (S.D.N.Y. 1996), citing Harden v. Delta Air Lines, Inc., 900 F. Supp. 493, 497 (S.D. Ga. 1995).*

Finally, as this Court recently explained in In Re: Natural Gas Commodities Litigation 03 Civ. 6186 (VM)(AJP), Rule 26 (b) (1) provides that:

> *"[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party"... (and) Fed. R. Civ. P. 26 (b) (2) provides that a district court may limit discovery if:*
>
> *i.* *the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;*
>
> *ii.* *the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or*
>
> *iii.* *the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.*

Fed. R. Civ. P. 26 (c) provides that upon a showing of good cause, a protective order may be granted " to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense" and the party seeking the Protective Order must make "a particular and specific demonstration of fact, as distinguished from general, conclusory statements, revealing some injustice, prejudice or consequential harm that will result if protection is denied." *See Blum, 150 F.R.D. 38, 41 (WDNY 1993)*.

In this case, the Defendants' opposition to Plaintiffs' Motions for Limited Discovery *(Docs. 49 & 50 – Union Defendants Opposition and Docs 51 &52 – NYC Defendants' Opposition)* contains little more than generalized or conclusory statements, in support of their request that discovery be stayed. Defendants have submitted no Declarations or Affidavits from persons with knowledge or the parties or their representatives. Instead, Defendants rely upon Declarations from their respective counsel, each of whom claims to be knowledgeable of the relevant facts. However, as demonstrated in the June 9, 2008 letters by counselors Moerdler and Greenfield, they do not have knowledge of relevant facts and they act upon assumptions without having first conducted the necessary, prudent or reasonable investigation to determine if their factual contentions are accurate or have reasonable evidentiary support.

On the other hand, Plaintiffs have submitted limited requests for discovery that:

- target specific documents and responses to interrogatories;
- seek information that is relevant to the claims and defenses in the case;
- seek documents and information that are not otherwise available to Plaintiffs;
- seek documents and information that cannot discovered or obtained by Plaintiffs through other source or means;
- will not impose an unnecessary burden on Defendants; and

- if not permitted will cause greater prejudice to Plaintiffs than any minimal prejudice to Defendants.

*See Original Lewenstein Declaration (Doc. 42) and accompanying Plaintiffs' Joint Reply Declaration.*

Contemporaneous with this Memorandum, and in support of the arguments to be presented on June 11, 2008, Plaintiffs are submitting[2] a summary with further explanations / justifications for the limited discovery requested, what they believe the discovery responses will or should be and how the requested discovery responses are relevant to the issues in this case.

Plaintiffs' limited discovery requests are for directed at the central issues in this case of:

- Due Process Violations related to the conduct of the 3020-a hearings;
- 1st, 5th & 14th Amendment claims related to Article 21-g and Education Law 3020 and 3020-a as relates to the rights of pedagogue tenured teachers;
- Discrimination, Retaliation and Harassment claims;
- Hostile Work Environment claims related to the Rubber Rooms; and
- Breach of Duty of Fair Representation claims against Defendant UFT for its actions related to Article 21-g, the withdrawal of NYSUT counsel from representing Plaintiffs in the ongoing 3020-a hearings based on alleged unwaivable conflict and/or refusal to waive the conflict so that Plaintiffs could be represented by NYSUT counsel.

---

[2] This additional submission was briefly delayed due to the June 9, 2008 events caused by the letters and unfounded accusations by the NYC and Union counsel, and the unavailability of certain Plaintiffs who were working on these papers.

*See Original Lewenstein Declaration (Doc. 42) and accompanying Plaintiffs' Joint Reply Declaration.*

What is becoming abundantly clear in this case is that Defendants would have this Court believe, among other things, (i) that no due process violations of Plaintiffs' rights have occurred, (ii) that Article 21-G of the Collective Bargaining Agreement does not violate or improperly waive Plaintiffs' due process or other rights as guaranteed by NYS Education Law 3020 and 3020a, (iii) that there has been no discrimination of Plaintiffs, (iv) that there has been no harassment of Plaintiffs, (iv) there has been no retaliation against Plaintiffs, (v) there has been no violation of Plaintiffs' constitutionally protected freedoms of speech and association in an attempt to interfere with Plaintiffs' efforts to protect themselves or to speak out against the system, their employers or their Union, (vi) that there has been no breach of duty of fair representations by the Union Defendants, (vii) that there has been no Labor Management and Reporting Disclosure Action violations and retaliation against Plaintiffs when they sought to speak out against their Union, Union Management and Union policies, (viii) that there has been no improper withdrawal of Plaintiffs' counsel in the 3020a hearings, (ix) that there has been no improper refusal to waive conflicts so Plaintiffs could attempt to protect themselves in the allegedly flawed or improper 3020a hearings, (x) that Plaintiffs have not been subjected to hostile work environments and (xi) that the Rubber Rooms are safe, free from fire, health, safety and occupational hazards and are adequate alternate work environments at which Plaintiffs can be "kept" indefinitely pending disposition of hearings on charges that in many cases take years until completion.

Defendants' positions are incredible. If Defendants positions are true, this lawsuit should be thrown out immediately. However, Defendants positions are not true. Plaintiffs have

filed a complaint with detailed factual allegations, which should be addressed on the merits after discovery has been conducted.

The facts in this case *(many of which have already been documented in prior pleadings with the Court or admissions against interest of one or more of the parties)* confirm the seriousness, merits and important constitutional issues that are at the core of Plaintiffs' claims. This case raises issues that should be first and foremost in the minds of every citizen, parent and professional in New York City, to wit: the quality of education in the New York City Public School System, the treatment of tenured and dedicated teachers in the New York City Public School System and the treatment of "whistleblowers" who speak out about abuses, waste, improper, wrongful or potentially unlawful policies and acts of public and union officials.

As this Court noted in making its decision in *Marvello v Chemical Bank, 923 F. Supp. supra at 491, citing Harden v. Delta Air Lines, Inc., 900 F. Supp. supra at 497*, a party *"should not be permitted to speak out of both sides of its mouth".*

Consistent with that principal, Plaintiffs submit that the best way to move forward with this case at this time is to permit Plaintiffs the opportunity to engage in limited discovery of (i) targeted specific documents and responses to interrogatories, (ii) information that is relevant to the claims and defenses in the case, (iii) documents and information that are not otherwise available to Plaintiffs; (iv) documents and information that cannot discovered or obtained by Plaintiffs through other source or means; and (v) discovery that will not impose an unnecessary burden on Defendants. As noted in the accompanying declarations, the potential prejudice to Plaintiffs far outweighs any potential prejudice to the NYC Defendants or to the Union Defendants.

## Conclusion

In view of the foregoing, Plaintiffs request the Court grant their Motion for Limited Discovery in its entirety.

Dated: June 9, 2008  
      New York, NY

Edward D. Fagan Esq. (EF-4125)  
5 Penn Plaza, 23rd Floor  
New York, NY 10001  
(646) 378-2225  
Plaintiffs' Counsel