

# EDWARD D. FAGAN ESQ.
*Five Penn Plaza, 23rd Floor, NY, NY 10001, Tel. (620) 378-2225*
*Email: faganlawintl@aim.com (Official Email Address for Court Documents)*
*Email : faganlaw.teachers@gmail.com (Email Address for Teachers4Action Case)*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/19/08

<u>Via Fax (212) 805-7933</u>
Honorable Andrew J. Peck, USMJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers
New York, NY 10007

RECEIVED JUN 19 2008 CHAMBERS OF ANDREW J. PECK

June 19, 2008

**MEMO ENDORSED** /2

Re:   <u>Teachers4Action et al v. Bloomberg et al, 08-cv-548 (VM)(AJP)</u>

Honorable Judge Peck:

As Your Honor should recall, at the June 11, 2008 Conference, the Court indicated that it would consider revised Supplemental Limited Requests for specific documents but would not "parse" the requests. I am sending this letter electronically to expedite its transmission to Your Honor.

This was also memorialized in my June 12, 2008 letter to the Court, which was endorsed and "So-Ordered".

Immediately after the Conference, Plaintiffs revised their requests for limited discovery and provided Defendants with a courtesy copy of requests that had been cut back to only 6 requests for production of documents (and no interrogatories) to/from the NYC and Union Defendants. On June 12, 2008, Plaintiffs requested the NYC and Union Defendants cooperation and voluntarily agreement to the limited production so Plaintiffs could avoid having to make this renewed limited application and burdening Your Honor with this request.

The Union Defendants (via Counsel Moerdler) refused outright. To date despite reminders, Plaintiffs have yet to receive the courtesy of a response from the NYC Defendants (via Counsel Greenfield) to the request.

In an effort to reduce the number of motions on the docket, Plaintiffs are submitting this letter and a summary of the documents requested (which Plaintiffs have reduced even further so that they should not be objectionable). The documents will aid the parties and the Court in future motion practice.

The Court should note that the documents should in fact be produced in the normal course of business (such as the last draft of the Agreement between the Union & DOE to change Article 21-g of the Collective Bargaining Agreement or the PESH and Fire Marshall reports) or the documents were previously offered (such as the documents referenced by DOE Representative Europe at the May 5, 2008 Batyreva 3020a hearing). Unfortunately, the NYC and Union Defendants seek to withhold these documents from Plaintiffs.

Plaintiffs urge the Court to consider "So Ordering" the production of these limited requests, based on the June 11, 2008 Oral Argument or convene the parties for a telephonic or in-person conference so the NYC and Union Defendants can explain their reasons for seeking to withhold these limited documents.

# EDWARD D. FAGAN ESQ.

*Hon. Andrew J. Peck Esq. – June 19, 2008 Letter – Page 2*
*Re:    Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*

---------------

Finally, the Court should also note that the requested documents are readily available to NYC and Union Defendants and there is little, if any, burden in producing them documents.

As always, Plaintiffs thank the Court for its consideration in this regard.

Respectfully submitted,

*/s/ electronically signed*
Edward D. Fagan

EDF/lsf
Attachments –   1 Page – Description of Documents Requested of NYC Defendants
                1 Page – Description of Documents Requested of Union Defendants

*Cc: Blanche Greenfield Esq. – For NYC Defendants– Fax (212) 788-8877*
    *Charles Moerdler Esq. – For Defendants UFT, Weingarten & Combier – Fax (212) 806-6006*

**MEMO ENDORSED** 6/19/08

[Handwritten: Request DENIED except for the DOE to produce the one document [illegible] plaintiff alleges DOE somehow obtained [illegible] offered to produce at a hearing.]

SO ORDERED:
Hon. Andrew Jay Peck
United States Magistrate Judge

[Handwritten: Copy to ECF: pltf [illegible]]

**BY FAX**

| SPECIFIC DOCUMENTS REQUESTED FROM UNION | RELEVANCE |
|---|---|
| 1. The Notice of Proposed Changes to the Collective Bargaining Agreement and specifically the provisions related to 3020a disciplinary hearings, and teachers' rights in those disciplinary hearings, that was sent or published to inform and get teachers consent to the changes that were going to be made by Defendant UFT in the proposed 2007 – 2009 Contract. | Document should show Teachers not informed of due process changes and bona fides of all causes of action against NYC & Union defendants. |
| 2. The letter, memo or document sent by or on behalf of Defendant UFT and/or Weingarten to Defendant DOE in which Defendants UFT and/or Weingarten Agreement, and specifically Article 21-g, does not deprive pedagogue teachers of rights to a Three Person Panel of Arbitrators in certain 3020a hearings. | Document(s) admitted to exist by DOE Representative Europe during May 5, 2008 Batyreva 3020a Hearing. Europe offered and now DOE refuses to produce these two documents. The documents are admissions against interest by NYC and Union defendants related to and will confirm due process violations and other claims by Plaintiffs against NYC & Union defendants. Or, if there are no such documents, despite the representation on the record on May 5, 2008, then Plaintiffs will have additional claims against NYC Defendants and its agent Europe. |
| 3. The letter, memo or document sent by or on behalf of Defendant UFT to Defendant DOE in which Defendants UFT and/or Weingarten, acknowledge the "failure to include", "omission" or "oversight" regarding language of the 2007-2009 Collective Bargaining Agreement, and specifically Article 21-g, but state that the 2007-2009 Collective Bargaining Agreement was intended to deprive pedagogue teachers, such as plaintiffs, of their right to a Three Person Panel of Arbitrators in certain 3020a hearings. | |
| 4. 6 month PESH inspection reports for 2006 – 2007 and 2007 – 2008 school years (referred to by UFT Counsel Charles Moerdler on record at June 11, 2008 Conference) related to conditions in the Rubber Rooms. | Related to hostile work environment and other claims. Union counsel used alleged existence of these "reports" as basis to object to need for inspections of Rubbers Rooms and to refute allegations of dangerous/ hazardous and other improper conditions in the Rubber Rooms. |

| SPECIFIC DOCUMENTS REQUESTED FROM NYC / DOE | RELEVANCE |
|---|---|
| 1. The Notice of Proposed Changes to the Collective Bargaining Agreement and specifically the provisions related to 3020a disciplinary hearings, and teachers' rights in those disciplinary hearings, that was sent or published to inform and get teachers consent to the changes that were going to be made by Defendant UFT in the proposed 2007 – 2009 Contract. | Document should show Teachers not informed of due process changes and bona fides of all causes of action against NYC & Union defendants. |
| 2. The letter, memo or document sent by or on behalf of Defendant UFT and/or Weingarten to Defendant DOE in which Defendants UFT and/or Weingarten Agreement, and specifically Article 21-g, does not deprive pedagogue teachers of rights to a Three Person Panel of Arbitrators in certain 3020a hearings . | Document(s) admitted to exist by DOE Representative Europe during May 5, 2008 Batyreva 3020a Hearing. Europe offered and now DOE refuses to produce these two documents. The documents are admissions against interest by NYC and Union defendants related to and will confirm due process violations and other claims by Plaintiffs against NYC & Union defendants. Or, if there are no such documents, despite the representation on the record on May 5, 2008, then Plaintiffs will have additional claims against NYC Defendants and its agent Europe. |
| 3. The letter, memo or document sent by or on behalf of Defendant UFT to Defendant DOE in which Defendants UFT and/or Weingarten, acknowledge the "failure to include", "omission" or "oversight" regarding language of the 2007-2009 Collective Bargaining Agreement, and specifically Article 21-g, but state that the 2007-2009 Collective Bargaining Agreement was intended to deprive pedagogue teachers, such as plaintiffs, of their right to a Three Person Panel of Arbitrators in certain 3020a hearings. | |
| 4. 2006 - 2008 violations received by Defendant DOE from PESH for Bronx, Washington Heights, Manhattan, Queens & Brooklyn Rubber Rooms. | Related to hostile work environment and other claims. Union counsel used alleged existence of PESH "reports" and denial of building violations as basis to object to need for inspections of Rubbers Rooms and to refute allegations of dangerous/ hazardous and other improper conditions in the Rubber Rooms. |
| 5. 2006 - 2008 violations received by Defendant DOE from NYC Fire Marshall Bronx, Washington Heights, Manhattan, Queens & Brooklyn Rubber Rooms | |

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:  (212) 805-0036

**Dated:**  June 19, 2008                                  **Total Number of Pages:** 5

| TO | FAX NUMBER |
|---|---|
| Edward D. Fagan, Esq. | 646-304-6446 |
| Blanche Greenfield, Esq. | 212-788-8877 |
| Charles G. Moerdler, Esq. | 212-806-2647 |

# TRANSCRIPTION:

**MEMO ENDORSED 6/19/08**

Doc. request **DENIED** except for the DOE to produce the one document that plaintiff alleges DOE in-house counsel Europe offered to produce at a hearing.

**Copy to:**    Judge Victor Marrero