UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

| | | |
|---|---|---|
| **Teachers4Action et al,** | : | **Civil Action #** |
| Plaintiffs | : | **08-cv-548 (VM)(AJP)** |
| v. | : | |
| | : | |
| **Bloomberg et al,** | : | |
| Defendants. | : | |

---------------------------------------------------------------- X

================================================================

**MEMORANDUM IN SUPPORT OF MOTION FOR (i) ORDER SEALING CERTAIN DOCUMENTS, (ii) ORDER RELIEVING ED FAGAN AS COUNSEL FOR PLAINTIFF LEWENSTEIN, (iii) ORDER PURSUANT TO FRCP 42 (b) SEVERING CLAIMS, (iv) ORDER DIRECTING PLAINITFF LEWENSTEIN TO TURN OVER CLIENT DOCUMENTS, (v) ORDER GRANTING BRIEF ADJOURNMENT OF PRESENT MOTION SCHEDULE IN ACCORDANCE WITH AGREEMENTS BETWEEN COUNSEL AND (vi) FOR OTHER JUST & EQUITABLE RELIEF**

================================================================

## FACTS

The facts are more fully set forth in the accompanying Declaration of Edward D. Fagan ("Fagan") which statements are incorporated herein by reference. The facts upon which this Motion is premised are matters that are confidential and could be prejudicial to innocent clients claims and therefore the un-redacted Fagan Declaration with attachments should be sealed.

To the extent they are necessary to be set forth in this Memorandum, the facts upon which the Motion for Ed Fagan be relieved as counsel for Plaintiff Florian Lewenstein ("Lewenstein") are that irreconcilable differences have occurred that should be resolved at the Court's earliest convenience so as not to further prejudice these claims and Lewenstein's individual claims can continue.

1

## **AUTHORITY AS TO SEALING**

The right of public access to court records is firmly entrenched and well supported by policy and practical considerations, the right is not absolute. In limited circumstances, courts must deny access to judicial documents — generally where open inspection may be used as a vehicle for improper purposes. See, e.g., Nixon, 435 U.S. at 597, 98 S.Ct. at 1311-12 (citing to In re Caswell, 18 R.I. 835, 29 A. 259 (1893) (court can insure that its records are not used to promote public scandal), Schmedding v. May, 85 Mich. 1, 48 N.W. 201, 202 (1891) (court refused to permit its records to be used as sources of business information that might harm litigant's competitive standing).

The public's right of access is "not absolute" and must be weighed against the litigants interest in secrecy. Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993).

The Court must determine the nature of the materials at issue, the legitimate private or public interest which warrants sealing, the clearly defined and serious injury that would result if the materials were not sealed, and why any less restrictive alternative to sealing is not available. See Pansy v.Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994).

My ability to effectively represent the Teachers4Action plaintiffs and my obligations to Defendants and the Court have been impacted for reasons that can only be explained in and have been set forth in documents submitted to the Court for its in camera inspection.

The issues and facts related to this motion are extremely sensitive and should not be discussed in open court or in filings available to the public. Public access to this information would be detrimental to Plaintiffs' cases . This case is already a matter of intense public

2

scrutiny. The un-redacted Fagan Declaration should be sealed so as to protect innocent plaintiffs claims from prejudice.

## AUTHORITY AS TO SEVERING CLAIMS

Further FRCP 42 (b) provides the Court with authority to separate claims and issues related to certain Plaintiffs claims as the Court deems will be conducive to expedition and economy.

## AUTHORITY TO BE RELIEVED AS COUNSEL

"The unique relationship between an attorney and client, founded in principle upon the elements of trust and confidence on the part of the client and of undivided loyalty and devotion on the part of the attorney, remains one of the most sensitive and confidential relationships in our society. A relationship built upon a high degree of trust and confidence is obviously more susceptible to destructive forces than are other less sensitive ones. It follows, then, that an attorney cannot represent a client effectively and to the full extent of his or her professional capability unless the client maintains the utmost trust and confidence in the attorney". See Cuevas v Cuevas 110 AD 2d 873 (2d Dept 1985) citing Court of Appeals in Demov, Morris, Levin & Shein v. Glantz (53 N.Y.2d 553, 556).

Motion for leave to withdraw can be granted based upon, among other reasons: [1] irreconcilable differences on strategic decisions; [2] lack of cooperation by the cross-moving defendants in the prosecution of the action; and [3] destruction of reciprocal confidence between said defendants and counsel. See Miller v. Globan Jewish Assistance & Relief Network, 0112622/2005 (1-9-2008) 2008 NY Slip Op 30223(U).

As the facts set forth in the accompanying Fagan Declaration demonstrate, the relationship between him and Lewenstein had deteriorated to the point where Fagan should be

3

relieved as counsel.

## **CONCLUSION**

In view of the foregoing, Fagan prays his Motion is granted in its entirety.

Dated: August 1, 2008  
New York, NY

/s/ Edward D. Fagan (electronically signed)

Edward D. Fagan Esq.

5 Penn Plaza, 23rd Floor

New York, NY  10001

Tel. (646) 378-2225

Plaintiffs' Counsel

4