UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TEACHERS4ACTION, et al.,

                                   Plaintiffs,

                          08 Civ. 548 (VM) (AJP)

        -against-

MICHAEL G. BLOOMBERG, et al.,

                                 Defendants.

------------------------------------------------------------------------ x

**CITY DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**Preliminary Statement**

      Plaintiffs' have not opposed City defendants' motion to dismiss the following claims asserted in the Second Amended Complaint: § 1981, fourteenth amendment equal protection, fourteenth amendment liberty interest, and all of plaintiffs' pendent state law claims. In addition, plaintiffs have not offered any opposition to City defendants' contention that Teachers4Action lacks standing to pursue all of the claims asserted in this action.

      Moreover, to the extent that plaintiffs' have attempted to respond to City defendants' motion to dismiss directed at the remaining claims asserted in the Second Amended Complaint, their opposition papers fail to substantively address the legal arguments advanced by City defendants in support of their motion. Plaintiffs neither acknowledge nor attempt to distinguish the legal authority cited and relied upon by City defendants in their supporting memorandum of law. Accordingly, for the reasons set forth fully in City defendants moving papers, and as set forth herein, because the Second Amended Complaint's contains pleading and

jurisdictional infirmities, as well as its failure, as a matter of law, to state a cognizable federal claim, dismissal with prejudice is warranted. Plaintiffs' opposition papers do not compel a different result.

## ARGUMENT

**Pleading Requirement**

As an initial matter, Plaintiffs continue to fail to appreciate the distinction between a statement of fact and a conclusion of fact and law. Plaintiffs' Memorandum of Law In Opposition to Defendants' Motions to Dismiss ("Plaintiffs' Mem.") at pgs. 4-5. Further, Plaintiffs' attempt to overcome the pleading deficiencies of the Second Amended Complaint by relying on the allegations and exhibits of their previously filed amended complaint and their other submissions before the Court on matters unrelated to the instant motion to dismiss, should be rejected by this Court. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668-69 (2d Cir. 1977), cert. denied, 434 U.S. 1014 (1978). This is particularly true, where as here, plaintiffs' Second Amended Complaint is complete in and of itself and does not refer or adopt by reference the allegations or exhibits to the Amended Complaint or any other documents before the Court. See Exhibit "F".[1] Moreover, as plaintiffs are represented by counsel, they are not entitled to the consideration afforded to pro se litigants in deciding a motion to dismiss under Rule 12(b). Pagan v. New York State Div. Parole, 2002 U.S. Dist. LEXIS 4236 at * 8 (March 13, 2002).

---

[1] Unless otherwise noted, references to all Exhibits are to those annexed to the Declaration of Blanche Greenfield, dated July 7, 2008, submitted by City defendants in support of their motion to dismiss.

Although not specifically requested by plaintiffs, it appears from plaintiffs' joint declaration[2] and their reliance on the exhibits to the amended complaint, that they are seeking leave to file a third amended complaint[3] (which would be their fourth pleading in this action). While "leave shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), in view of the plaintiffs continued failure to correct the procedural and substantive deficiencies of their complaints despite the instructions and indulgence of this Court, as detailed by City defendants in their memorandum of law in support of their motion to dismiss, this Court should exercise its discretion and deny plaintiffs' leave to replead.

**First Amendment Retaliation Claim**

Plaintiffs' argue in their memorandum of law that they "have met the basic standards and Defendants are aware of how they violated Plaintiffs' 1st Amendment Rights." Plaintiffs' Mem. at pgs 14-15; see also Plaintiffs [sic] Joint Declaration In Opposition To Defendants' Motions To Dismiss And In Support of Plaintiffs' Notice of Cross Motion For

---

[2] At a conference held on June 11, 2008 this Court advised plaintiffs that "affidavits cannot be signed by somebody on behalf of the affiant." The Court further stated that in the event plaintiffs submitted such an affidavit in the future "it will not be considered." Exhibit "I" at pg. 10 to the supplemental declaration of Assistant Corporation Counsel Blanche Greenfield, dated August 21, 2008, submitted herewith in further support of City defendants motion. In disregard of the Court's instruction, plaintiffs have submitted a joint declaration that purports to speak on behalf of all fifty two of the plaintiffs but has been attested to by only nineteen plaintiffs. Further, while the joint declaration attempts to provide facts regarding the claims of twenty two identified plaintiffs, each of those plaintiffs have not provided an executed declaration attesting to the truth of the allegations.

[3] Plaintiffs' seek leave to file a third Amended Complaint in order to add allegations about "recent events." Plaintiffs' Mem. at page 16. Plaintiffs do not specifically request leave to file an amended complaint in order to remedy the pleading deficiencies of their Second Amended Complaint.

3

Injunctive and Other Relief[4] ("Plaintiffs' Joint Dec.") at ¶ 19 (a). Plaintiffs do not however allege that they engaged in either speech or associational conduct that was of public concern. Cobb v. Pozzi, 363 F.3d 89, 102 (2d Cir. 2004). Therefore, for all of the reasons discussed by City defendants in their motion papers, plaintiffs' first amendment claim must be dismissed.

**Title VII Retaliation**

Plaintiffs' opposition to City defendants motion to dismiss their Title VII retaliation claim illustrates plaintiffs' continuing failure to appreciate fully that legal standards govern their claims. Simply, plaintiffs' fail to recognize that in order to state a claim for retaliation under Title VII they must allege participation in a protected activity. Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 173 (2d Cir. 2005). However, in their opposition to City defendants' motion, plaintiffs allege:

> Defendants are on notice that they retaliated against (i) some Plaintiffs because of age, (ii) other Plaintiffs because of race, (iii) other Plaintiffs because of ethnic background, (iv) other Plaintiffs because of religious beliefs, (v) still others Plaintiffs because they spoke out against certain of Defendants' policies and practices and (iv) all Plaintiffs because they joined in this case."

Plaintiffs' Mem. at pgs. 8-9. Plaintiffs' submission utterly fails to allege that each of the plaintiffs' complained and/or supported, either formally or informally, a charge and/or allegations of discrimination. As such, the plaintiffs' fail to state a claim for Title VII retaliation.

**Hostile Work Environment[5]**

---

[4] Although plaintiffs' joint declaration references a "cross motion," plaintiffs did not file a notice of cross motion or memorandum of law in support of a "cross motion for injunctive and other relief."

[5] As set forth in City defendants moving papers, at this time, plaintiffs have not met their burden of establishing the jurisdiction of this Court over their Title VII claims, including their claim of hostile work environment.

Plaintiffs cite to the relevant authority for the proposition that harassment is actionable only "when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Plaintiffs' Mem. at pg. 10 quoting Quinn v. Green Tree Credit Corp., 159 F.3d 759 (2d Cir. 1998). Yet, notwithstanding their recognition of the applicable legal standard, Plaintiffs do not allege that the TRCS were hostile as a result of discriminatory conduct. Rather, it is plaintiffs' contention that the hostile work environment was created not by discriminatory actions on the part of the City defendants or its employees, but rather, by virtue of alleged poor physical conditions of the TRCs themselves. Of course, plaintiffs have not cited any authority to support their contention that assignment to a particular place without any affirmative discriminatory conduct can constitute a hostile work environment. City defendants submit that because plaintiffs do not allege that the TRC's were "intolerable" because of discriminatory intimidation, ridicule and insult, they fail to state a claim for Title VII hostile work environment.

**Fourteenth Amendment Due Process**

It appears that plaintiffs have abandoned their claim that the DOE procedures for the discipline of tenured pedagogues violate due process. Plaintiffs' Mem. at pgs.6-7. Instead, in their opposition, plaintiffs' assert that the arbitrators[6] who preside over their respective disciplinary hearings "systematically violate the 3020a hearing requirements." Plaintiffs' Mem.

---

[6] As Plaintiffs acknowledge, they have filed another action, Twana Adams v. State Education Department, 08 civ. 5996 (GEL) (AJP), against the State Education Department and seventeen arbitrators concerning the arbitrators alleged violation of the timing requirements for the conduct of disciplinary hearings in violation of due process. The Department of Education has a pending motion to intervene as a defendant in that action, and upon intervention, to dismiss this fourteenth amendment claim.

5

At pg. 7. Thus, plaintiffs allegations are not challenges to established state procedures, but rather, the arbitrators alleged failure to comply with those procedures. However, New York Civil Practice Law and Rules Article 75 affords plaintiffs the opportunity for judicial review of any alleged misconduct or errors that are alleged to have been conducted at the disciplinary hearings. See Whiting v. Old Brookville Bd. Of Police Commissioner, 2001 U.S. App. LEXIS 1690 at *3-4 (2d Cir. 2001)(holding that the plaintiff's challenge to the selection of the hearing officer and evidentiary rulings made by the officer are complaints regarding "the manner in which [the due process] rules were applied in his case" and as such "cannot themselves constitute a denial of due process since New York's Article 78 procedures provides [plaintiff] a further opportunity for judicial review of those errors." ); McDarby v. Dinkins, 907 F.2d 1334, 1337-38 (2d Cir. 1990) ("When minimal due process requirements of notice and hearing have been met, a claim that an agency's policies or regulations have not been adhered to does not sustain an action for redress of procedural due process violations"); Marino v. Ameruso, 837 F.2d 45, 47 (2d Cir. 1988) (holding that there was no due process violation where plaintiff attacked an "ALJs allegedly erroneous evidentiary ruling" but did not claim that the error was authorized by state law nor that "the state's procedures for correcting any such error after the fact were inadequate"); Hellenic American Neighborhood Action Comm. v. City of New York, 101, F.3d 877, 880-881 (2d Cir. 1996)(holding that plaintiff's claims, alleging that due process violations were caused by a state official's actions in violation of the City Charter and Rules and not by an established state procedures, could not survive because New York provided adequate post-deprivation procedures). As such, plaintiffs' fourteenth amendment due process claim must be dismissed.

**Title VII**

6

City defendants will address this claim in their supplemental reply papers to be filed on September 5, 2008 as granted by order of the Court dated August 13, 2008.

## CONCLUSION

For all of the reasons set forth herein and in City defendants' motion to dismiss, City defendants respectfully request that this Court grant their motion and issue an order dismissing the Second Amended Complaint in it entirety with prejudice, and for such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         August 21, 2008

                    **MICHAEL A. CARDOZO**
                    Corporation Counsel of the
                    City of New York
                    Attorney for City Defendants
                    100 Church Street, Room 2-142
                    New York, N.Y. 10007-2601
                    212-788-0872

By:   /s/
      Blanche Greenfield
      Assistant Corporation Counsel