UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

| | | |
|---|---|---|
| **Teachers4Action et al,** | : | **Civil Action #** |
| Plaintiffs | : | **08-cv-548 (VM)(AJP)** |
| v. | : | |
| | : | |
| **Bloomberg et al,** | : | |
| Defendants. | : | |

------------------------------------------------------------ X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR (i) ORDER RELIEVING ED FAGAN AS COUNSEL FOR MICHALE HOLLANDER AND (ii) FOR OTHER RELIEF**

## INTRODUCTION

This Motion is necessary because of certain actions by Plaintiff Michael Hollander, which actions were in breach of his obligations to other plaintiffs and to counsel. The Motion seeks to relieve Ed Fagan as counsel of record and for such other relief as is just and equitable.

## FACTS

The facts are more fully set forth in the accompanying Declaration of Edward Fagan, which statements are incorporated herein by reference. For ease of reference, the relevant facts are:

- Michael Hollander is an Executive Committee Member of Teachers4Action. *See Fagan Decl ¶ 3.*

- Hollander sought to benefit from my services related to, among other things (i) actions being taken by me on behalf of teachers in US Federal Courts, actions being taken by me on behalf of teachers in NY State Courts; and actions being taken by me on behalf of teachers in relation to 3020-a administrative / disciplinary hearings. *See Fagan Decl* ¶ 4.
- As part of his obligations, Hollander committed, among other things, to (i) cooperate with me in the prosecution of the instant case; (ii) maintain confidentiality related to strategies, litigation and activities; and (iii) refrain from taking and/or engaging in any actions that were detrimental to other teacher or their collective or individual claims. *See Fagan Decl* ¶ 5.
- Hollander breached his obligations to me by failing to cooperate, breaching confidentiality and taking or engaging in other actions detrimental to other teachers and/or me. *See Fagan Decl* ¶ 6.
- Prior to filing this Motion, I sought, to no avail, to resolve these differences and to get cooperation from and resolve breaches of obligations by Hollander. *See Fagan Decl* ¶ 7.

## **LEGAL STANDARDS**

"The unique relationship between an attorney and client, founded in principle upon the elements of trust and confidence on the part of the client and of undivided loyalty and devotion on the part of the attorney, remains one of the most sensitive and confidential relationships in our society. A relationship built upon a high degree of trust and confidence is obviously more susceptible to destructive forces than are other less sensitive ones. It follows, then, that an attorney cannot represent a client effectively and to the full extent of his or her professional

capability unless the client maintains the utmost trust and confidence in the attorney". See Cuevas v Cuevas 110 AD 2d 873 (2d Dept 1985) citing Court of Appeals in Demov, Morris, Levin & Shein v. Glantz (53 N.Y.2d 553, 556).

Motion for leave to withdraw can be granted based upon, among other reasons: [1] irreconcilable differences on strategic decisions; [2] lack of cooperation by the cross-moving defendants in the prosecution of the action; and [3] destruction of reciprocal confidence between said defendants and counsel. See Miller v. Globan Jewish Assistance & Relief Network, 0112622/2005 (1-9-2008) 2008 NY Slip Op 30223(U).

Hollander's actions are detrimental to other Plaintiffs and to me and perhaps to himself.

Hollander's actions have created an irreconcilable conflict with counsel that undermines the fundamental principals between attorneys and clients.

## CONCLUSION

In view of the foregoing, I pray the Motion is granted in its entirety.

Dated: August 24, 2008  /s/ Edward D. Fagan (electronically signed)

New York, NY

Edward D. Fagan Esq.

5 Penn Plaza, 23rd Floor

New York, NY 10001

Tel. (646) 378-2225

Plaintiffs' Counsel