UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TEACHERS4ACTION, et al.,

                                                          Plaintiffs,

                            08 Civ. 548 (VM) (AJP)

                   -against-

MICHAEL G. BLOOMBERG, et al.,

                                                           Defendants.

------------------------------------------------------------------------ x

                             **CITY DEFENDANTS' SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' TITLE VII CLAIMS**

        By memo endorsed order dated August 13, 2008 this Court granted City defendants' request for an extension of time, until September 5, 2008, to address the documentation submitted by plaintiffs in an attempt to establish the jurisdiction of this Court over their Title VII claims of discrimination and hostile work environment.  As the UFT defendants have concisely and accurately summarized the factual posture and legal ramifications of plaintiffs' submissions in their "Table of Right-to-Sue Submissions," an appendix to the UFT's Reply Memorandum of Law, City defendants will not repeat those arguments herein.

        However, in addition to the arguments made by the UFT defendants, City defendants note that while two of the plaintiffs, Eleanor Johnson and Michael Westbay, have provided the Court with timely right to sue letters, they have failed to provide the Court with copies of their respective charges of discrimination.  Thus, the record before the Court is devoid of any documentation or even a single factual allegation regarding the basis of  discrimination identified by these plaintiffs in their respective charges of discrimination, i.e  discrimination

based on age, race, color, national origin, gender, sex, disability, retaliation. Neither have these plaintiffs provided any details of the conduct allegedly complained of in their charges. This Court only has jurisdiction over those claims asserted in the charge of discrimination or that is reasonably related to the conduct described in the charge. 42 U.S.C. §§ 2000e-5(e)(1). "A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2d Cir. 2001). In this inquiry, "the focus should be 'on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving.'" Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003) quoting Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 637 (9th Cir. 2002). Where, as here, plaintiffs Johnson and Westbay have not provided a copy of their respective charges, and the Second Amended Complaint is devoid of any allegation concerning the conduct complained of in their charges, it is not possible to determine if this Court has jurisdiction over their Title VII claims as asserted in the Second Amended Complaint.[1]

## CONCLUSION

For all of the reasons set forth herein, City defendants' motion to dismiss and City defendants rely memorandum of law, City defendants respectfully request that the Court grant their motion and issue an order dismissing the Second Amended Complaint in it entirety

---

[1] The Second Amended Complaint alleges that the plaintiffs were targeted for reassignment to Temporary Reassignment Centers ("TRC"), harassed and subjected to hostile work environments at the TRC as a result of their status as "tenured teachers" who had "achieved a high pay level." Second Amended Complaint at ¶¶ 18, 19, 58. Neither tenure nor high pay levels come within the definition of a protected status under Title VII.

with prejudice, and for such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	September 5, 2008

                                          **MICHAEL A. CARDOZO**
Corporation Counsel of the
City of New York
Attorney for City Defendants
100 Church Street, Room 2-142
New York, N.Y. 10007-2601
212-788-0872


By:	       /s/
	Blanche Greenfield
	Assistant Corporation Counsel

3