# EDWARD D. FAGAN ESQ.
*Five Penn Plaza, 23rd Floor, NY, NY 10001, Tel. (646) 378-2225*
*Email: faganlawintl@aim.com (Official Email Address for Court Documents)*



September 3, 2008

Honorable Andrew J. Peck, USMJ
United States District Court
Southern District of New York
500 Pearl Street, Chambers
New York, NY 10007

Re:   *Teachers4Action et al v. Bloomberg et al, 08-cv-548 (VM)(AJP)*

Honorable Judge Peck:                    **MEMO ENDORSED**

As the Court knows, I am Plaintiffs' counsel of record.

## Introduction

I write to request an emergent Rule 16 Conference for consideration of Plaintiffs' renewed request for immediate access to, testing and photography at the Temporary Reassignment Center located at 333 7th Avenue, New York, NY ("The 7th Avenue Rubber Room"). As explained below, Plaintiffs submit this is not a request that should go through normal Motion procedures. This letter is also submitted, in accordance with Your Honor's Individual Rule 2.A. & Local Rule 37.2, as a *"Pre-Motion Conference"* letter.

Plaintiffs are mindful that the Court is presently addressing Defendants' Motions to Dismiss, the entry of the Rule 41 Voluntary Dismissals and other ancillary matters in this case.

Plaintiffs would not make this application if they did not believe there is credible evidence to support their claim that the Rubber Rooms are dangerous and are a "hostile work environment" and their reasonable belief that The 7th Avenue Rubber Room in particular presents a risk of imminent danger to Plaintiffs and other NYC teachers confined there. Allow me to explain.

## Summary of Relevant Facts

Plaintiff Gilda Teel *(See Exhibit 1)* was hospitalized for pneumonia and other pulmonary related conditions and died on Aug. 30th, 2008. Deceased Plaintiff Teel was a confinee at The 7th Avenue Rubber Room in 2007 and 2008. Deceased Plaintiff Teel was confined because she allegedly stole and cashed a check. The charges were frivolous and Deceased Plaintiff Teel retained the original check, non-negotiated check, she allegedly stole and cashed, as evidence to be used in the 3020a Hearing, that were never timely scheduled. Prior to confinement in The 7th Avenue Rubber Room, deceased Plaintiff Teel had no known pulmonary conditions.

Two other Plaintiffs confined at The 7th Avenue Rubber Room have been diagnosed with pulmonary diseases. Other Plaintiffs confined at The 7th Avenue Rubber Room have manifested pulmonary related symptoms. The only common factor amongst these persons is that they were all confinees at The 7th Avenue Rubber Room at the same time.

There is credible evidence that The 7th Avenue Rubber Room is dangerous and presents a serious risk to persons confined there for extended periods of time. There is credible evidence that The 7th Avenue Rubber Room is more than just a hostile work environment – it is a dangerous environment and something in The 7th Avenue Rubber Room caused or is causing and/or contributed or is contributing to serious physical injuries, and perhaps even death.

# EDWARD D. FAGAN ESQ.

*Hon. Andrew J. Peck USMJ – September 3, 2008 Letter – Page 2*
*Re:   Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*
--------------

Plaintiffs urge the Court to grant the requested inspection, testing and documentation of the conditions at The 7th Avenue Rubber Room so they and other confinees can obtain immediate medical consultations/treatment for dangerous mold, spores, mildew, viral, bacterial and other pathogens they believe cause/contribute to progressive illnesses and death.

Plaintiffs also incorporate the facts set forth in the accompanying Sept. 3, 2008 Joint Declaration.

### Plaintiffs Prior Complaints Related to The 7th Avenue Rubber Room Ignored

Confinee Plaintiffs Olga Batyreva, Jaime Castro, Gloria Chavez, Judith Cohen, Josefina Cruz, Diane Daniels, Michael Ebewo, Joan Hart, Roselyne Gisors, Jane Levine, Thomasina Robinson, Paul Santucci, Jennifer Saunders and Gilda Teel (deceased) (individually and/or on behalf of other fellow confinees and/or Plaintiffs) made repeated complaints to NYC Defendants and UFT Defendants about the dangerous conditions, including air quality in The 7th Avenue Rubber Room. *See Exhibit 2 - June 6, 2008 Joint Declaration excerpts.* Defendants did nothing.

Confinee Plaintiffs Josephina Cruz and Judith Cohen made additional complaints to NYC Defendants and UFT Defendants about pulmonary conditions and symptoms from which they were suffering, diagnosed and treated, as a result of and/or exacerbated by the dangerous conditions, including air quality conditions in The 7th Avenue Rubber Room. *See Exhibit 3 – Sept. 3, 2008 Joint Declaration.* Defendants did nothing.

Confinee Plaintiffs at The 7th Avenue Rubber Room requested NYC Defendants provide medical examinations and treatment, including preventative care and treatment. *See Exhibit 3 – Sept. 3, 2008 Joint Declaration.* Again, NYC Defendants did nothing.

Confinee Plaintiffs at The 7th Avenue Rubber Room complained to and implored the UFT Defendants to support their request for medical examinations and treatment, including preventative care and treatment. *See Exhibit 3 – Sept. 3, 2008 Joint Declaration.* UFT Defendants did nothing.

### Position of NYC & UFT Defendants is: *"The 7th Avenue Rubber Room is Safe"*

The Court may recall that when the issue of Rubber Room inspections came up at the June 11, 2008 Hearing, it was that position of Charles Moerdler (Counsel to UFT Defendants UFT and Former NYC Building Commissioner) and Blanche Greenfield (Counsel to NYC Defendants) that the 7th Avenue Rubber Room is safe and neither it nor any other Rubber Room is dangerous.

The Court may also recall, that the UFT Defendants suggested that they "arranged for" periodic testing, through PESH, of the Rubber Rooms. If that is the case, the test protocols and results should be immediately produced in light of the objective facts, confirmed illnesses and death, as they will be important in Plaintiffs' care and treatment. *Note: The tests allegedly performed at the Rubber Rooms may not have been designed to screen for and/or detect the specific types of viruses, bacteria, mold, spores, mildew and other airborne pathogens that appear to have caused, contributed to or exacerbated the diseases, including but not limited to chronic obstructive pulmonary disease, emphysema and pneumonia, that have infected or afflicted and/or which may be incubating in persons at The 7th Avenue Rubber Room.*

# EDWARD D. FAGAN ESQ.

*Hon. Andrew J. Peck USMJ – September 3, 2008 Letter – Page 3*
*Re:   Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*
------------

### Facts and Credible Evidence Suggest The 7th Avenue Rubber Room Is Making Plaintiffs and Others Sick, Sicker or Perhaps is Contributing to Their Deaths

Credible evidence suggests that (i) something in The 7th Avenue Rubber Room is causing, contributing to and/or exacerbating pulmonary conditions and diseases to those confined at the location and (ii) Defendants' actions/refusal to act in response to reported conditions in The 7th Avenue Rubber Room is causing Plaintiffs to become sick and die.

The dangerous conditions from The 7th Avenue Rubber Room affect every Plaintiff and others (i) who continue to be confined at The 7th Avenue Rubber Room and (ii) who have been confined in The 7th Avenue Rubber Room.

It should be noted that the dangerous conditions at The 7th Avenue Rubber Room have not changed since June 27, 2008 (the last day Plaintiffs were required to present themselves at The 7th Avenue Rubber Room).

Confinee Plaintiffs report that conditions are the same. In fact, NYC Defendants enacted further restrictions on freedoms and ability for Confinee Plaintiffs to try to protect themselves from dangerous conditions presently existing at The 7th Avenue Rubber Room and other Rubber Rooms. These issues and other unhealthy conditions will be documented in separate further submission.

### Plaintiffs' Renewed Request for 7th Avenue Rubber Room Inspection Should be Granted

Plaintiffs incorporate herein by reference the prior submissions and arguments made in their May 30, 2008 letter and June 6, 2008 Reply Declarations in support of their Request for Rule 34(a) inspection. With this Declaration, Plaintiffs are attaching – for the Court's ease of reference - the June 6, 2008 Declaration by Plaintiffs related to conditions in The 7th Avenue Rubber Room.

FRCP 34 (a) provides in pertinent part that *"[a]ny party may request . . . entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspecting and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)."*

A request for inspection should be granted unless it would otherwise support a Rule 26(c) protective order such as for alleged annoyance, embarrassment, oppression, or undue burden or expense. *See Minnesota Mining & Manufacturing Co., 171 F.R.D. at 248 (citing 8A Charles Alan Wright, Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 2213 at 428 (1994)*

When considering a request for entry onto premises, the Court should balance the degree to which proposed inspection will aid in the search for truth against burdens and dangers created by the inspection. *See New York State Assoc. for Retarded Children, Inc. v. Carey, 706 F.2d 956, 960 (2nd Cir. 1983); Belcher v. Bassett Furniture Indus., Inc., 588 F.2d 904, 908 (4th Cir. 1978) (where entry onto land is sought, "the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection"); Minnesota Mining & Manufacturing Co., 171 F.R.D. at 248; 1970 Advisory Committee Note to Rule 34(a) of the Federal Rules of Civil Procedure ("an appraisal of 'undue' burden inevitably entails consideration of the party and reasons for seeking discovery").*

# EDWARD D. FAGAN ESQ.

*Hon. Andrew J. Peck USMJ – September 3, 2008 Letter – Page 4*
*Re:   Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)*
-------------

In addition, this evidence, conditions and dangers at The 7th Avenue Rubber Room relates to Plaintiffs' 1st Cause of Action – 14th Amendment Violations *(See Pl. 2nd Am. Comp., pp. 26 – 32, ¶¶ 94 – 116)* - 2nd Cause of Action – Hostile Work Environment *(See Pl. 2nd Am. Comp., pp. 32 – 36, ¶¶ 119 – 135)*, 11th Cause of Action – False Confinement and Resulting Physical & Emotional Injuries *(See Pl. 2nd Am. Comp., pp. 60-61, ¶¶ 242 – 250)*, based on 42 USC § 1983.

The continuing discoveries and credible facts, and dependent upon the results of Plaintiffs tests at The 7th Avenue Rubber Room, will also support (i) a request by Plaintiffs for leave to further Amendment to the Complaint, pursuant to FRCP 15, so that the facts conform to the discovered evidence (the amendment would include a Plaintiff Name Change to „Estate of Gilda Teel" and would relate to what now appears to be knowledge of, deliberate indifference to and/or disregard of an excessive risk to Plaintiffs' health or safety while confined to The 7th Avenue Rubber Room and perhaps other Rubber Rooms) and (ii) a potential independent or new action against the owner and/or management company that is also responsible for The 7th Avenue Rubber Room location, which based on the existing credible evidence is unsafe and has led to documented injuries and damage to some Plaintiffs.

For analogous situations and potentially applicable precedent and standards relevant to claims for such deliberate indifference and/or disregard for excessive risks to health and safety, Plaintiffs respectfully refer the Court to its *Doe v Goord 04-cv-0570, WL 2829876 (SDNY 2004)* decision and Nov. 22, 2005 Report and Recommendation. The Doe v Goord Case, involved an action by inmate in custody of NYS Department of Corrections and the Court explained „the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists to support claim related to medical needs, *(Doe v Goord, supra, citing Helling v. McKinney; 509 U.S. 25, 32, 113 S. Ct. 2475, 2480 (1993))* and the deliberate indifference objective and subjective standards through which the the alleged deprivation must be sufficiently serious and the defendant must have acted with sufficiently „culpable state of mind" which is that the official "'knows of and disregards an excessive risk to health or safety, was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and disregarded the facts to the detriment of the inmate. *See Doe v Goord, supra, citing/quoting Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996), Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998), Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994)*

Plaintiffs submit that – at a minimum - they should have the same rights and protections during their „confinement" to the Rubber Rooms – as are afforded to persons who are in the custody of the NYS Department of Corrections or similar other custodial facilities.

## Conclusion
Plaintiffs respectfully pray the Court grant their request for an emergent Conference at which Plaintiffs' renewed request, and any opposition thereto by Defendants, related to inspection, testing and documentation of The 7th Avenue Rubber Room so they can get immediate medical consultations/treatment for dangerous viral, bacteria, mold, spores, mildew and other pathogens they believe have caused, contributed to or exacerbated progressive illnesses and death of their colleagues and which threaten them.

# EDWARD D. FAGAN ESQ.

Hon. Andrew J. Peck USMJ – September 3, 2008 Letter – Page 5
Re:   Teachers4Action et al v. Bloomberg et al, 08-CV-548 (VM)(AJP)
-------------

As always, Plaintiffs thank the Court for its time and consideration in this case.

Respectfully submitted,

*[signature]*

Edward D. Fagan

EDF/lsf
Attachments – Exhibits 1-3

Cc:   Blanche Greenfield Esq. – NYC Defendants– Fax (212) 788-8877
      Charles Moerdler Esq. – Defendants UFT, Weingarten & Combier – Fax (212) 806-6006
      Florian Lewenstein - Via Email - florianjl@gmail.com
      Michael Hollander - Via Email   michaelhollander@rcn.com

---

**MEMO ENDORSED** 9/4/08

1. REQUEST DENIED, AT THIS TIME.
2. THE COURT WILL NOT CONSIDER THIS REPEATED, PIECE-MEAL APPROACH TO DISCOVERY IN THIS CASE. ABSENT SOME PROOF, NOT GUESSES, ABSENT SOME EXPERT MEDICAL OPINION, THIS IS PURE GUESSWORK.
3. FINALLY, THE COURT NOTES THAT HAD A REASONABLE COMPLAINT BEEN FILED IN JANUARY, DISCOVERY IN THIS CASE LIKELY WOULD BE SIGNIFICANTLY COMPLETED BY NOW. THE FACT THAT THE SEVERAL COMPLAINTS TO DATE HAVE INCLUDED FRIVOLOUS CLAIMS, INCLUDING TITLE VII & OTHER NOW WITHDRAWN CLAIMS, HAS BOGGED THE CASE DOWN. UNTIL THE COURT CAN DETERMINE IF THERE IS ANY VIABLE PENDING CLAIM, IT WILL NOT ALLOW DISCOVERY.
4. IF PLAINTIFFS BELIEVE CONDITIONS ARE SO INTOLERABLE,

THEY CAN ALWAYS "QUIT" & HOPE THAT THEY WILL PREVAIL WITH A CONSTRUCTIVE DISCHARGE CLAIM. OBVIOUSLY, THAT HAS FINANCIAL RISK.
5. IF PLAINTIFFS WITHDRAW MORE CLAIMS THAT HAVE NO CHANCE OF SURVIVING, THE COURT WILL BE ABLE TO MORE QUICKLY RULE ON THE MOTIONS TO DISMISS.

SO ORDERED:
*[signature]*
Hon. Andrew Jay Peck
United States Magistrate Judge

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT

Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:        (212) 805-7933
Telephone No.:  (212) 805-0036

**Dated:** September 7, 2008                **Total Number of Pages:** 6

| TO | FAX NUMBER |
|---|---|
| Edward D. Fagan, Esq. | 646-304-6446 or 646-417-5558 |
| Blanche Greenfield, Esq. | 212-788-8877 |
| Charles G. Moerdler, Esq. | 212-806-2647 |
| Dina Kolker, Esq. | 212-806-2606 |
| Alan M. Klinger, Esq. | 212-806-7818 |

# TRANSCRIPTION:

**MEMO ENDORSED 9/4/08**

1. Request denied, at this time.
2. The Court will not consider this repeated, piece-meal approach to discovery in this case, absent some proof, not guesses. Absent some expert medical opinion, this is pure guesswork.
3. Finally, the Court notes that had a <u>reasonable</u> complaint been filed in January, discovery in this case likely would be significantly completed by now. The fact that the several complaints to date have included frivolous claims, including Title VII and other now withdrawn claims, has bogged the case down. Until the Court can determine if there is <u>any</u> viable federal claim, it will not allow discovery.
4. If plaintiffs believe conditions are so intolerable, they can always "Quit" and hope that they will prevail with a constructive discharge claim. Obviously, that has financial risk.
5. If plaintiffs withdraw more claims that have no chance of surviving, the Court will be able to more quickly rule on the motions to dismiss.

Copy to:    Judge Victor Marrero